Paul J. Keenan Jr. (admitted *pro hac vice*)
Reginald Sainvil (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
　　　　reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) ENFORCING THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541; (II) APPROVING THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**") hereby files this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief requested herein. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Jaime Francisco Buriticá Leal (I) in Support of the Chapter 11 Petition and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2*

1

(the "**First Day Declaration**"), filed concurrently herewith. In further support of the Motion, the Debtor respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory and other legal predicates for the relief requested herein are sections 362, 365, 525, and 541 of the Bankruptcy Code, Bankruptcy Rule 7008, and the *Amended Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York*, effective February 1, 2024 (the "**Guidelines**").

## BACKGROUND

5. On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code with the Court. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States

Trustee for the Southern District of New York (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in the Chapter 11 Case.

6. The Debtor is a non-bank financial institution in Colombia offering a variety of flexible, specialized, and tailored credit and financing alternatives, including payroll deduction loans and insurance premium financing, to low- and middle-income segments of the Colombian population. Initially operating locally in Cali, Colombia, the Debtor steadily grew into other geographic regions throughout Colombia.

7. The Debtor has historically funded costs and expenditures through a combination of cash generated from operations, equity issuances, and borrowing funded indebtedness. The Debtor recently experienced difficulty in raising sufficient cash to meet its obligations as they become due and has faced pressure with respect to its coupon and principal payments on its borrowings. Chief among the Debtor's obligations are notes (the "**Old Notes**") issued under that certain Indenture, dated February 7, 2020, between the Debtor and the Bank of New York Mellon.

8. While the Debtor's business operations are strong, the Debtor has faced numerous headwinds in its efforts to raise the necessary funds in order to repay the Old Notes, and as a result, determined to improve its liquidity position through a refinancing of the Old Notes.

9. Prior to the Petition Date, the Debtor commenced discussions with several holders of the Old Notes regarding a restructuring of the Old Notes that would extend the maturity of the Old Notes, reduce the Debtor's overall debt and interest burden, and strengthen the Debtor's capital by significantly reducing its refinancing requirements.

10. On March 7, 2024, the Debtor launched an exchange offer and solicited votes from all holders of the Old Notes to exchange the Old Notes (the "**Exchange Offer**") for newly issued Senior Secured Step-up Notes due 2029 (the "**New Notes**"), and on its Prepackaged Chapter 11

Plan (as may be amended, the "**Plan**") that would effectuate the financial restructuring, *i.e.*, the exchange of the Old Notes for the New Notes, on essentially the same terms as the Exchange Offer.

11. The Plan consists of a plan of reorganization under Chapter 11 of the Bankruptcy Code that would result in the same transactions contemplated by the Exchange Offer, *i.e.*, the extension of the maturity of the Old Notes through the issuance of New Notes in order to reduce the Debtor's overall debt burden and interest expense burden.

12. The voting deadline on the Plan was April 3, 2024 at 5:00 p.m. New York City time. As shown in the related declaration of the Debtor's solicitation agent, 81.25% in amount and 96.09% in number of the holders of the Old Notes that cast ballots on the Plan voted to accept the Plan.

13. On the Petition Date, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code to effectuate the Plan, enhance liquidity, and solidify its long-term growth prospects and operating performance. The Plan provides that all claims other than those of the holders of the Old Notes are unimpaired.

14. A detailed factual background of the Debtor's business and operations, as well as the events precipitating the commencement of this Chapter 11 Case, is more fully set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

15. By this Motion, the Debtor seeks entry of the Proposed Orders enforcing the protections of the automatic stay, pursuant to sections 362, 365, 525, and 541(c) of the Bankruptcy Code and the *Amended Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York*, effective February 1, 2024 (the "**Guidelines**").

## Basis for Relief Requested

16. As a result of the commencement of this Chapter 11 Case, pursuant to section 362 of the Bankruptcy Code, all entities are enjoined from, among other things: (i) commencing or continuing any judicial, administrative, or other action or proceeding against any of the Debtor that was or could have been initiated before the Petition Date; (ii) recovering a claim against any of the Debtor that arose before the Petition Date; (iii) enforcing against the Debtor or property of its estate a judgment that was obtained before the Petition Date; or (iv) taking any action to collect, assess, or recover a claim against the Debtor that arose before the Petition Date. *See* 11 U.S.C. § 362(a).

17. The injunction contained in section 362(a) is self-executing. This "automatic stay" constitutes a fundamental protection that, together with other provisions of the Bankruptcy Code, provides a debtor with a "breathing spell" that is essential to a successful reorganization. *See, e.g., Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996) ("[Section] 362 is meant to give 'the debtor a breathing spell from his creditors [and] . . . permit[] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'") (quoting S. Rep. No. 95-989, at 54-55 (1978), U.S. Code Cong. & Admin. News 1978, at 5787, 5840-41); *see also Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir. 1990) (explaining that the automatic stay promotes "principal purposes of the Bankruptcy Code," including providing the debtor with "a breathing spell from his creditors") (citations omitted).

18. The protections of the automatic stay apply to the property of a debtor's "estate," which consists of all of the debtor's property "wherever located and by whomever held." *See* 11 U.S.C. § 541(a). The automatic stay applies extraterritorially. *See Nakash v. Zur (In re Nakash)*,

190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections, other indicia of congressional intent and case law in this district, the automatic stay applies extraterritorially."). The automatic stay therefore applies to all of the properties and assets throughout the world in which the Debtor has an interest. Furthermore, an interest of a debtor in property becomes property of the estate notwithstanding any provision in an agreement, transfer instrument, or applicable non-bankruptcy law "that restricts or conditions transfer of such interest by the debtor" or "that is conditioned on the insolvency or financial condition of the debtor [or] on the commencement of a case under this title, . . . and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." 11 U.S.C. §§ 541(c)(1)(A)-(B).

19. Similarly, section 365(e)(1) of the Bankruptcy Code renders insolvency termination provisions in contracts unenforceable against a chapter 11 debtor. Courts apply section 365(e)(1) liberally, such that any provisions that modify the relationships of the contracting parties due to one of the counterparties filing for bankruptcy protection are "expressly denounced and [are] unenforceable." *In re Texaco, Inc.*, 73 B.R. 960, 965 (Bankr. S.D.N.Y. 1987). Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984). Therefore, third parties must continue to perform under executory contracts until they are assumed or rejected. *Leslie Fay Cos. v. Corp. Prop. Assocs. 3 (In re Leslie Fay Cos.)*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994) (noting that before the debtor must assume or reject an executory contract, "the executory contract remains in effect and creditors are bound to honor it"); *Gwinnett Prado, L.P. v. Rhodes, Inc. (In re Rhodes, Inc.)*, 321 B.R. 80, 91 (Bankr. N.D. Ga. 2005) ("As a general

proposition, the non-debtor party to an unexpired lease or other executory contract is obliged to perform it until it is assumed or rejected.").

20. Moreover, pursuant to section 525(a) of the Bankruptcy Code, "governmental units" are prohibited from, among other things, denying, revoking, suspending, or refusing to renew licenses, permits, charters, franchises, or other similar grants held by a chapter 11 debtor (or persons with whom the debtor is associated, including affiliates) on the basis that the debtor has failed to pay a dischargeable debt, commenced a chapter 11 case, or was insolvent prior to the commencement of such case. *See* 11 U.S.C. § 525(a). The Bankruptcy Code defines "governmental unit" as the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; *or other foreign or domestic government*." 11 U.S.C. § 101(27) (emphasis added). Thus, the protections of section 525(a) apply broadly to all local, state, and foreign governmental units.

21. Notwithstanding the self-executing and global nature of sections 362, 365, 525, and 541 of the Bankruptcy Code, not all parties affected, or potentially affected, by the commencement of this Chapter 11 Case are aware of these statutory provisions or their significance and impact. Therefore, it is prudent to obtain an order confirming and reinforcing the relevant provisions of the aforementioned sections of the Bankruptcy Code.

22. The requested relief is particularly appropriate here because the Debtor operates in and is incorporated under the laws of a country with a legal system that differ from the United States, Colombia. In addition, the Debtor conducts business with parties in other foreign jurisdictions and engages with foreign regulators and other governmental units. Notwithstanding

the fundamental nature of the automatic stay and *ipso facto* protections – and the fact that they arise as a matter of law upon the commencement of a chapter 11 case – not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of these Bankruptcy Code provisions and of their significance and impact. Experience has shown that it is often necessary to advise third parties of the existence and effect of the automatic stay and the invalidation of *ipso facto* provisions, particularly in cases in which the debtor conducts significant business in foreign jurisdictions. Occasionally, it is necessary to commence proceedings in the bankruptcy court to enforce these provisions.

23. An order restating the safeguards in sections 362, 365, and 525 of the Bankruptcy Code would help protect the Debtor from parties that might otherwise attempt to take improper actions against the Debtor and/or property of its estate. Granting the relief requested in this Motion is fully consistent with the terms of the Bankruptcy Code, will facilitate a smooth and orderly transition of the Debtor's operations into chapter 11, and will help ensure that the Debtor's global business operations are not disrupted.

24. Similar relief has been granted by courts in this District. *See, e.g.*, *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) [Docket No. 60] (enforcing the worldwide automatic stay); *LATAM Airlines Group S.A., et al.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 28, 2020) [Docket No. 50] (same); *In re Aegean Marine Petroleum Network, Inc., et al.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 16, 2018) [Docket No. 88] (enforcing and restating the provisions of sections 362 and 365 of the Bankruptcy Code); *In re Int'l Shipholding Corp.*, Case No. 16-12220 (SMB) (Bankr. S.D.N.Y. Aug. 4, 2016) [Docket No. 40] (same); *In re China Fishery Grp. Ltd.*, Case No. 16-11895 (JLG) (Bankr. S.D.N.Y. July 14, 2016) [Docket No. 26] (same). The Debtor submits that the same relief is warranted here.

## RESERVATION OF RIGHTS

25. Nothing contained herein is intended or should be construed as or deemed to constitute an agreement or admission as to the validity of any claim against the Debtor on any grounds, a waiver or impairment of the Debtor's rights to dispute any claim on any grounds or an assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be, and should not be construed as, an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## NOTICE

26. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Southern District of New York and any other states in which the Debtor operates; (e) the Securities and Exchange Commission; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; (g) Counsel to the Indenture Trustee for the Old Notes, Norton Rose Fulbright (Attn: Marian Baldwin, marian.baldwin@nortonrosefulbright.com), and (h) any other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

27. No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit A,** granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: May 16, 2024                       **BAKER & McKENZIE LLP**

By: */s/ Paul J. Keenan Jr.*
    Paul J. Keenan Jr. (admitted *pro hac vice*)
    Reginald Sainvil (admitted *pro hac vice*)
    1111 Brickell Avenue, 10th Floor
    Miami, FL 33131
    Telephone: 305-789-8900
    Facsimile: 305-789-8953
    Email: paul.keenan@bakermckenzie.com
           reginald.sainvil@bakermckenzie.com

    Blaire Cahn
    452 Fifth Avenue
    New York, NY 10018
    Telephone: 212-626-4100
    Facsimile: 212-310-1600
    Email: blaire.cahn@bakermckenzie.com

    *Proposed Counsel for the Debtor and Debtor-in-Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                            Chapter 11

CREDIVALORES – CREDISERVICIOS S.A.,      Case No. 24-10837 (DSJ)

        Debtor.

_____/

**ORDER (I) ENFORCING THE PROTECTIONS OF
11 U.S.C. §§ 362, 365, 525, AND 541; (II) APPROVING THE FORM
AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated May 16, 2024 [Doc. No. [●]] (the "**Motion**"), [1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), for entry of an order enforcing the protections of sections 362, 365, 525, and 541 of the Bankruptcy Code, as more fully described in the Motion; and upon consideration of the *Declaration of Jaime Francisco Buriticá Leal, Chief Executive Officer, (I) in Support of the Debtor's Chapter 11 Petition and Requests for First Day Relief and (II) Pursuant to Local Bankruptcy Rule 1007-2* dated May 16, 2024; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having conducted a hearing on the motion on [●], 2024 (the "**Hearing**"); and the Court having reviewed the Motion; and it appearing that (a) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (b) the Debtor has provided due and proper notice of the Motion, and no further notice is necessary, and (c) nothing in the Motion requests,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

and nothing in the Order grants, a waiver, termination, or modification of the automatic stay; and upon all of the proceedings had before the Court, including the record of the Hearing; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 362 of the Bankruptcy Code, the commencement of this Chapter 11 Case shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) of:

   a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Debtor's Chapter 11 Case, or an act to recover a claim against the Debtor that arose before the commencement of the Debtor's Chapter 11 Case;

   b. the enforcement, against the Debtor or against property of its estate, of a judgment obtained before the commencement of the Debtor's Chapter 11 Case;

   c. any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the Debtor's estate;

   d. any act to create, perfect, or enforce any lien against property of the Debtor's estate;

   e. any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the Debtor's Chapter 11 Case;

   f. any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the Debtor's Chapter 11 Case;

   g. the setoff of any debt owing to the Debtor that arose before the commencement of this Chapter 11 Case; and

   h. the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtor for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who

is an individual for a taxable period ending before the date of the order for relief under this title.

3. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4. Pursuant to section 365 of the Bankruptcy Code, and notwithstanding any contract or lease provision or applicable law, an executory contract or unexpired lease of the Debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the Debtor's Chapter 11 Case solely because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of the Debtor or (ii) the commencement of the Debtor's Chapter 11 Case.

5. Pursuant to section 525 of the Bankruptcy Code, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, the Debtor on account of (i) the commencement of the Debtor's Chapter 11 Case, (ii) the Debtor's insolvency, or (iii) the fact that the Debtor has not paid a debt that is dischargeable in a chapter 11 case.

6. Pursuant to section 541 of the Bankruptcy Code, any interest of the Debtor in property becomes property of its chapter 11 estate, notwithstanding any provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that (i) restricts or conditions transfer of such interest by the Debtor or (ii) is conditioned on the insolvency or financial condition of the Debtor or on the commencement of the Debtor's Chapter 11 Case, and that effects or gives

an option to effect a forfeiture, modification, or termination of the Debtor's interest in property. Any purported restriction, condition, forfeiture, modification, or termination is void ab initio.

7. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under sections 362, 365, 525, and 541 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

8. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) an agreement or obligation to pay any claims, (iii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, (iv) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (v) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

9. The form of notice, substantially in the form attached as **Exhibit 1** hereto, is approved. The Debtor is authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located. The Debtor is further authorized, but not directed, to translate the Notice as needed.

10. Under the circumstances of the Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. The Debtor is authorized to take all actions necessary to implement the relief granted in this Order.

12. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied.

13. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: May ___, 2024
       New York, New York

                                                                  _____
                                                                  HONORABLE DAVID S. JONES
                                                                  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# Form of Notice

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |
| _____/ | |

**NOTICE OF ENTRY OF AN ORDER ENFORCING
THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541**

**PLEASE TAKE NOTICE** that on March 13, 2024, the above-captioned debtor and debtor in possession (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtor's chapter 11 case (the "**Chapter 11 Case**") is pending before the Honorable David S. Jones, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtor's filing of its voluntary petition operates as a self-effectuating, statutory stay or injunction, applicable to and protecting the Debtor from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtor (i) that was or could have been commenced before the commencement of the Chapter 11 Case, or (ii) to recover a claim against the Debtor that arose before the commencement of the Chapter 11 Case; (b) the enforcement, against the Debtor or against any property of the Debtor's bankruptcy estate, of a judgment obtained before the commencement of the Chapter 11 Case; or (c) any act to obtain possession of property of or from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Enforcing the Protections of 11 U.S.C. §§ 362, 365, 525, and 541* (the "**Order**") [Docket No. [●]], entered on [●], 2024, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtor, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seeks or asserts causes of action or other legal or equitable remedies against, or otherwise exercises any rights in law or equity against the Debtor or its estate must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtor; (b) placing conditions upon such a grant to the Debtor; or (c) discriminating against the Debtor with respect to such a grant, solely because the Debtor is a debtor under the Bankruptcy Code, may have been insolvent before the commencement of this Chapter 11 Case, or is insolvent during the pendency of this Chapter 11 Case as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtor are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing — except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law — including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Case, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Chapter 11 Case at either http://www.nysb.uscourts.gov/ (PACER login and password required), or (b) accessing the website of the Debtor's proposed claims and noticing agent https://dm.epiq11.com/case/credivalores/info/