Paul J. Keenan Jr. (*pro hac vice*)
Reginald Sainvil (*pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
        reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |
| _____/ | |

**NOTICE OF FILING REVISED PROPOSED ORDER**
**(I) SCHEDULING A COMBINED HEARING TO CONSIDER**
**THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION**
**OF THE JOINT PLAN; (II) APPROVING  FORM AND MANNER OF NOTICE**
**OF COMBINED HEARING; (III) APPROVING SOLICITATION PROCEDURES;**
**(IV) WAIVING REQUIREMENT FOR MEETING OF CREDITORS**
**OR EQUITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT**, on May 16, 2024, Credivalores – Crediservicios S.A. ("**Credivalores**"), the above-captioned debtor and debtor in possession (the "**Debtor**") filed the *Debtor's Motion For Entry of an Order (I) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (II) Approving the Form and Manner of Notice of the Combined Hearing; (III) Approving the Solicitation Procedures; (IV) Directing That a Meeting of Creditors not be Convened; and (V) Granting Related Relief* [Doc.

No. 19] (the "**Scheduling Motion**")[1] with a proposed order granting the relief requested in the Scheduling Motion attached thereto as Exhibit A (the "**Initial Proposed Order**")

      **PLEASE TAKE FURTHER NOTICE** that since filing the Scheduling Motion, the Debtors made certain revisions to the Initial Proposed Order approving the Scheduling Motion. The current version of the proposed order is attached hereto as Exhibit A (the "**Revised Proposed Order**"). For the convenience of the Court and all parties in interest, a redline comparison of the Revised Proposed Order marked against the Initial Proposed Order is attached hereto as Exhibit B.

Dated: May 20, 2024

**BAKER & McKENZIE LLP**

By: */s/ Reginald Sainvil*
    Paul J. Keenan Jr. (*pro hac vice*)
    Reginald Sainvil (*pro hac vice*)
    1111 Brickell Avenue, 10th Floor
    Miami, FL 33131
    Telephone: 305-789-8900
    Facsimile: 305-789-8953
    Email: paul.keenan@bakermckenzie.com
          reginald.sainvil@bakermckenzie.com

    Blaire Cahn
    452 Fifth Avenue
    New York, NY 10018
    Telephone: 212-626-4875
    Facsimile: 212-310-1695
    Email: blaire.cahn@bakermckenzie.com

    *Proposed Counsel for the Debtor and Debtor-in-Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
|     Debtor. | |

_____/

### ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE JOINT PLAN; (II) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING; (III) WAIVING REQUIREMENT FOR MEETING OF CREDITORS OR EQUITY HOLDERS; AND (IV) GRANTING RELATED RELIEF

Upon the motion, (the "**Motion**")[1] of Credivalores – Crediservicios S.A., the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order, pursuant to sections 105, 363, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, 9006, 9013, and 9021 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1, 3018-1, 3018-2, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), (i) scheduling a combined hearing (the "**Confirmation Hearing**") to consider the adequacy of the *Solicitation and Disclosure Statement Relating to the Prepackaged Plan of Reorganization* of the Debtor (as modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and confirmation of the *Prepackaged Chapter 11 Plan* of the Debtor (as modified, amended, or supplemented from time to time, the "**Plan**"); (ii) approving the form and manner of notice of Confirmation Hearing; (iii) waiving the requirement for meeting of creditors or equity holders; and (iv) granting related relief; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and upon the Court's

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

consideration of the First Day Declaration and the Motion and all objections and pleadings filed with respect to the Motion; the Court hereby FINDS AND DETERMINES that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated as of January 31, 2012; (ii) consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) due and proper notice of the Motion has been provided under the particular circumstances, and no other or further notice need be provided; (v) the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; (vi) the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003; and (vii) good cause exists for waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h); and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any and all objections to the Motion not otherwise settled or withdrawn as set forth in this Order are hereby overruled.

3.      The Confirmation Hearing, at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall commence **at  _:__  __.m. (prevailing Eastern Time) on June 27, 2024**; *provided, however*, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice, including any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court.

4.      The notice of (i) the time fixed for filing objections to confirmation of the Plan, and

(ii) the time, date, and place of the Confirmation Hearing, substantially in the form annexed hereto as **Exhibit 1** (the "**Confirmation Hearing Notice**"), complies with the requirements of Bankruptcy Rules 2002 and 3017 and is approved.

5.    The Debtor shall serve the Confirmation Hearing Notice on all known holders of Claims and Interests and all other entities entitled to notice in the Chapter 11 Case (regardless of whether such entities are entitled to vote to accept or reject the Plan) by May 20, 2024.

6.    The Debtor is authorized to cause the service of the Confirmation Hearing Notice on all known holders of Claims and Interests and all other entities entitled to notice in the Chapter 11 Case, which is deemed sufficient and appropriate under the circumstances.

7.    Objections to confirmation of the Plan, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, and shall be (i) filed with the Court on the docket of *In re Credivalores – Crediservicios S.A.*, Case No. 24-10837 (DSJ), and (ii) served upon (a) the Clerk of the Bankruptcy Court for the Southern District of New York; (b) counsel for the Debtor, Baker & McKenzie LLP, 1111 Brickell Avenue, 10th Floor, Miami, FL 33130; Attn: Paul J. Keenan Jr. and Reginald Sainvil; and Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018; Attn: Blaire Cahn; (c) counsel to the Trustee under the Old Notes; and (d) counsel to the United States Trustee, Attn: Rachael E. Siegel and Greg Zipes, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, New York 10004, so as to be received no later than **June 17, 2024 at 4:30 p.m. (prevailing Eastern Time)**. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth herein shall not be considered and shall be deemed overruled.

8.    The Debtor and other parties in interest may file and serve (i) as appropriate, replies or omnibus replies to objections that may be filed and served, and (ii) a memorandum in support

of confirmation of the Plan, no later than **12:00 p.m. (prevailing Eastern Time) on June 24, 2024**.  The Debtor shall file its Plan Supplement also no later than **4:30 p.m. (prevailing Eastern Time) June 14, 2024.**

9.       The schedule of events set forth below relating to confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Proposed Solicitation and Confirmation Schedule | |
|---|---|
| Voting Record Date | March 7, 2024 |
| Distribution of Solicitation Package | March 7, 2024 |
| Voting Deadline | April 3, 2024 |
| Petition Date | May 16, 2024 |
| Distribution of Confirmation Hearing Notice | May 20, 2024 |
| Plan Supplement Deadline | June 14, 2024, at 4:30 pm (prevailing Eastern Time) |
| Plan Confirmation Brief and Plan Objection Deadline | June 17, 2024 |
| Reply Deadline | June 24, 2024, at 12:00 pm (prevailing Eastern Time) |
| Confirmation Hearing | June 27, 2024 |

10.      The Debtor is not required to mail a copy of the Plan or Disclosure Statement to holders of Claims or Interests that are unimpaired and conclusively presumed to accept the Plan.

11.      The meeting pursuant to section 341(a) and (b) of the Bankruptcy Code shall not be convened; *provided* that the 341 Meeting may be held if the Plan is not confirmed within 60 days after the Petition Date.

12.      All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

13.     The Debtor and its advisors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Date: _____, 2024
         New York, New York

                                        _____
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

Confirmation Hearing Notice

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                                      Chapter 11

CREDIVALORES – CREDISERVICIOS S.A.                    Case No. 24-10837 (DSJ)

      Debtor.

_____/

**SUMMARY OF CHAPTER 11 PLAN AND**
**NOTICE OF HEARING TO CONSIDER (I) DEBTOR'S**
**COMPLIANCE WITH DISCLOSURE REQUIREMENT**
**AND (II) CONFIRMATION OF PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

1.      On May 16, 2024 (the "**Petition Date**"), Credivalores – Crediservicios S.A., the above-captioned debtor (the "**Debtor**"), filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a proposed prepackaged plan of reorganization (the "**Plan**")[1] and a proposed disclosure statement (the "**Disclosure Statement**") [Doc. No. 18] pursuant to §§ 1125 and 1126(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). Copies of the Plan and the Disclosure Statement may be obtained upon request to Debtor's counsel. The Plan and Disclosure Statement also are available for inspection on the PACER (Public Access to Court Electronic Records) website at https://pacer.uscourts.gov/ and the website of the claims and noticing agent at https://dm.epiq11.com/Credivalores.

      This notice sets forth information regarding the Plan, key dates and deadlines regarding the Plan and the Disclosure Statement, and certain other relevant information. Any information set forth herein is qualified in its entirety by the terms of the Plan. In the event of any inconsistency or conflict between this summary and the terms of the Plan, the terms of the Plan shall control and govern. ***You are receiving this notice because your rights may be affected by the Plan and other actions in the bankruptcy case. You should carefully read this notice and discuss it with your attorney, if you have one. (If you do not have an attorney, you may wish to consult with one in connection with the Debtor's chapter 11 case).***

**SUMMARY OF PREPACKAGED PLAN OF REORGANIZATION**

2.      The Plan agreed to by the Debtor and holders of Old Notes will achieve the Debtor's restructuring goals by reducing the Debtor's total indebtedness. The Plan is a "balance sheet" restructuring and is not intended to affect the Debtor's day-to-day operations. The Debtor believes that the restructuring will ensure that, for the foreseeable future, cash generated from operations will be sufficient to allow the Debtor to fund its operations and to increase working capital as necessary to support the Debtor's long-term business plan. ***The holders of Old Notes Claims voted to accept the Plan prior to the Petition Date.*** The Debtor believes that any valid

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs and, ultimately, would jeopardize recoveries for holders of allowed Claims and Interests. Of note, the Plan renders all Other Secured Claims, General Unsecured Claims, Intercompany Claims, and Interests unimpaired and contemplates that such Claims will be paid in full in Cash in the ordinary course of business or on the effective date of the Plan.

3.    The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests and indicates the acceptance or rejections of the Plan by each class entitled to vote.

| Class | Claim/Equity Interest | Treatment of Claim/Interest | Impaired or Unimpaired | Entitlement to Vote on the Plan | Projected Recovery under the Plan |
|-------|----------------------|-----------------------------|------------------------|--------------------------------|-----------------------------------|
| A | Old Notes Claims | On the Effective Date or as soon as reasonably practicable thereafter in full and final satisfaction, settlement, release, and discharge of and exchange for each Allowed Old Notes Claim, each holder of an Allowed Old Notes Claim shall receive (a) US$ 750 principal amount of the New Notes for each US$ 1,000 principal amount of Old Notes validly tendered, and (b) additional New Notes that will be issued and delivered to capitalize the accrued and unpaid interest in respect of the Old Notes up to the Effective Date of the Plan | Impaired | Yes | 75% |
| B | Other Secured Claims | Each holder of an Allowed Other Secured Claim shall, at the election of the Debtor, (i) have the legal, equitable and contractual rights of such Holder Reinstated, or (ii) receive, at the option of the Debtor, (A) Cash in an amount equal to such Allowed Other Secured Claim, (B) the property of the Debtor that constitutes the collateral securing such Allowed Other Secured Claim, or (C) such other treatment as renders its Allowed Other Secured Claim Unimpaired. | Unimpaired | No (Deemed to accept) | 100% |

| Class | Claim/Equity Interest | Treatment of Claim/Interest | Impaired or Unimpaired | Entitlement to Vote on the Plan | Projected Recovery under the Plan |
|---|---|---|---|---|---|
| C | General Unsecured Claims | Holders of Allowed Unsecured Claims shall receive Cash in an amount equal to such Allowed General Unsecured Claims on the later of the Effective Date or in the ordinary course of business of the Debtor in accordance with the terms of the particular transaction giving rise to such Allowed General Unsecured Claim. | Unimpaired | No (Deemed to accept) | 100% |
| D | Interests | The Interests in the Debtor shall be Reinstated. | Unimpaired | No (Deemed to accept) | 100% |

## DISCHARGE, INJUNCTIONS, EXCULPATION, AND RELEASES

4.     **Discharge of Claims and Termination of Interests.** Except as otherwise provided for in the Plan and effective as of the Effective Date: (a) the rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (b) the Plan shall bind all Holders of Claims and Interests, notwithstanding whether any such Holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims and Interests shall be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtor, the Debtor's Estate, its successors and assigns, and its assets and properties any other Claims or Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

5.     **Exculpation.** No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud, gross negligence, or willful misconduct; provided, further, that in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection with, the Plan. The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith

and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of acceptances and rejections of the Plan and the making of distributions pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan**.**

      6.      **Releases Under the Plan. THE PLAN CONTAINS RELEASES. PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in Section 1.1.73 of the Plan and as reproduced below, will be receiving releases and certain parties will be giving releases and be bound by injunctions as set forth in Article VIII of the Plan, and with respect to the releases described in Article VIII of the Plan and reproduced below, they are automatically deemed to have consented to the release provisions of the Plan, if either vote to accept the Plan. For the avoidance of doubt, a Holder of a Claim or Interest that votes to accept the Plan shall be automatically deemed to have given the releases irrespective of whether such Holder elects to opt into the Third-Party Release.**

To provide additional information regarding the Third-Party Release, the following Sections of the Plan have been copied immediately below: Section 1.1.38 (Exculpated Claim); Section 1.1.39 (Exculpated Party); Section 1.1.73 (Released Party); Section 1.1.74 (Releasing Party); Section 8.2 (Discharge of Claims and Termination of Interests); Section 8.3 (Releases by the Debtor); Section 8.4 (Releases by the Releasing Parties); Section 8.5 (Exculpation); and Section 8.6 (Injunction). To the extent of any discrepancy between the following and the corresponding sections in the Plan, including any modifications or amendments thereto, the sections in the Plan control. Please carefully review the following.

**<u>Relevant Definitions:</u>**

"***Exculpated Claim***" means any Claim related to any act or omission in connection with, relating to, or arising out of the Debtor's in-court or out-of-court efforts to negotiate, enter into or implement the Chapter 11 Case, the formulation, preparation, solicitation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with or pursuant to the Disclosure Statement or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the administration and implementation of the Plan, or the distribution of property under the Plan.

"***Exculpated Party***" means each of the following in its capacity as such: (a) the Debtor; (b) the Reorganized Debtor; (c) the Trustee; (d) the Holders of Interests; and (e) with respect to each of the foregoing Entities in clauses (a) through (d) such Entity's predecessors, successors and assigns and current and former Affiliates, subsidiaries, officers, directors, members, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals.

"***Released Party***" means each of the following: (a) the Debtor; (b) the Trustee; (c) the Holders of Interests; and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's successors and assigns, and current and former Affiliates, subsidiaries, officers, directors, members, stockholders, partners, principals, employees, agents, financial advisors, attorneys,

accountants, investment bankers, consultants, representatives, and other Professionals, solely in their respective capacities as such.

"***Releasing Party***" means each of the following: (a) the Holders of Impaired Claims or Interests that (i) affirmatively vote to accept the Plan or (ii) abstain from voting on the Plan; (b) to the fullest extent permissible under applicable law, the Holders of Unimpaired Claims or Interests; (c) the Trustee; and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's successors and assigns, and current and former Affiliates, subsidiaries, officers, directors, members, stockholders, partners, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, solely in their respective capacities as such.

**Relevant Provisions:**

Section 8.2 of the Plan provides for the discharge of Claims (the "**Discharge**"):

**Except as otherwise provided for herein and effective as of the Effective Date: (a) the rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (b) the Plan shall bind all Holders of Claims and Interests, notwithstanding whether any such Holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims and Interests shall be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtor, the Debtor's Estate, the Reorganized Debtor, their successors and assigns, and their assets and properties any other Claims or Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.**

Section 8.3 of the Plan provides for the Debtor's release of the Released Parties (the "**Debtor Release**"):

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise expressly provided herein, for good and valuable consideration, as of the Effective Date, to the extent permitted by applicable laws, the Released Parties are conclusively, absolutely, unconditionally, irrevocably, and forever deemed released and discharged by the Debtor, the Reorganized Debtor, and the Debtor's Estate from any and all actions, Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether for tort, contract, violations of federal or state securities laws and Avoidance Actions, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, asserted or that could possibly have been asserted on behalf of the Debtor, that the Debtor, Reorganized Debtor, or the Debtor's Estate, would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from,**

in, or under, in whole or in part, the Debtor, the Chapter 11 Case, the Old Notes, the Old Notes Indenture, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Case, the negotiation, formulation, solicitation, or preparation of the Disclosure Statement, the Plan, the Plan Supplement, or related agreements, instruments or other documents, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing provisions of this Section 8.3 shall have no effect on the liability of any of the Released Parties for gross negligence, willful misconduct, fraud, or criminal conduct as determined by a Final Order entered by a court of competent jurisdiction; provided further that nothing in this Section 8.3 shall release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement, or otherwise given effect under, the Plan, including the New Notes and any other agreement or document related thereto or entered into in connection therewith, as applicable.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the release set forth in this Section 8.3, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that such release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by this Section 8.3; (c) in the best interests of the Debtor and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to the Debtor asserting any Claim or Cause of Action released by this Section 8.3.

Section 8.4 of the Plan provides for the Releases by the Releasing Parties (the "**Third-Party Release**"):

As of the Effective Date, to the extent permitted by applicable law, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtor, the Reorganized Debtor, the Estate, the Released Parties and each such Entity's successors and assigns, current and former affiliates, subsidiaries, officers, directors, members, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, solely in their respective capacities as such, and only if such Persons occupied any such positions at any time on or after the Petition Date, from any and all Claims, Interests, obligations, rights, liabilities, actions, causes of action, choses in action, suits, debts, demands, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and crossclaims (including all claims and actions against any Entities under the Bankruptcy Code) whatsoever, whether for tort, contract, violations of federal or state securities laws and Avoidance Actions, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or

unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity asserted or that could possibly have been asserted, or would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the Old Notes, the Old Notes Indenture, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Releasing Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Case, the negotiation, formulation, solicitation, or preparation of the Disclosure Statement, the Plan, the Plan Supplement, or related agreements, instruments or other documents, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing provisions of this Section 8.4 shall have no effect on the liability of any of the Released Parties for gross negligence, willful misconduct, fraud, or criminal conduct as determined by a Final Order entered by a court of competent jurisdiction; provided further that nothing in this Section 8.4 shall release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement, or otherwise given effect under, the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the release set forth in this Section 8.4, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that such release is: (a) important to the Plan; (b) in exchange for the good and valuable consideration provided by the Debtor, the Reorganized Debtor, the Estate and the Released Parties; (c) a good faith settlement and compromise of the Claims released by this Section 8.4; (d) in the best interests of the Debtor and all Holders of Claims and Interests; (e) fair, equitable, and reasonable; (f) given and made after due notice and opportunity for hearing; and (g) a bar to any Entity granting a release under this Section 8.4 from asserting any Claim or Cause of Action released by this Section 8.4.

Section 8.5 of the Plan provides for the exculpation of Exculpated Parties (the "**Exculpation**"):

No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud, gross negligence, or willful misconduct; provided, further, that in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection with, the Plan. The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of acceptances and rejections of the Plan and the making of distributions pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Section 8.6 of the Plan provides for a permanent injunction with respect to actions against the Released Parties and the Exculpated Parties (the "**Injunction**"):

**Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to Section 8.3 or Section 8.4, discharged pursuant to Section 8.2, or are subject to exculpation pursuant to Section 8.5 are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor, the Reorganized Debtor, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estate of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estate of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has filed a motion requesting the right to perform such setoff on or before the Confirmation Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, exculpated, or settled pursuant to the Plan.**

### HEARING ON CONFIRMATION OF THE PLAN
### AND ADEQUACY OF THE DISCLOSURE STATEMENT

7.      The hearing to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Court shall be held before the Honorable David S. Jones, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court, on **June 27, 2024 at __:__ __.m.** or as soon thereafter as counsel may be heard (the "**Confirmation Hearing**"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing or at an adjourned Confirmation Hearing and will be available on the electronic case filing docket.

8.      The time fixed for the Confirmation Hearing and objections to confirmation of the Plan may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not find compliance with the disclosure requirements. Notice of the rescheduled date or dates, if any, will be available on the electronic case filing docket.

9.      Any objections (each, an "**Objection**") to the Disclosure Statement and the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, (c) set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtor, the basis for the objection, and the specific grounds therefor, and (d) be filed with the Bankruptcy Court, with a copy delivered directly to

Chambers, together with proof of service thereof, and served upon the following persons so as to be **actually received** on or before **June 17, 2024, at 4:30 p.m. (Eastern Time)**: (a) proposed counsel for the Debtor, Baker & McKenzie LLP, 1111 Brickell Avenue, 10th Floor, Miami, FL 33131; Attn: Paul J. Keenan Jr. and Reginald Sainvil; and Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018; Attn: Blaire Cahn (b) counsel to the Trustee under the Old Notes, Marian Baldwin Fuerst, Norton Rose Fulbright, 1301 Avenue of the Americas, New York, NY 10019-6022; (c) counsel to the United States Trustee, Attn: Rachael E. Siegel and Greg Zipes, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, New York 10004; and (d) those entities who have filed a notice of appearance in the Chapter 11 Case. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

## SECTION 341(A) MEETING

10.     As part of the relief requested by the Debtor in connection with the filing of the Chapter 11 Case, the Debtor will request that the U.S. Trustee **NOT** be required to convene a meeting of creditors pursuant to section 341 of the Bankruptcy Code. In the event that the Plan is not confirmed on or before 60 days form the Petition Date and the Bankruptcy Court determines that a meeting pursuant to Section 341(a) of the Bankruptcy Code (the "**Creditors' Meeting**") is warranted, the Debtor, after consultation with the Court and the Office of the United States Trustee, shall file and serve a notice of the date, time and place of the Creditors' Meeting.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, EXCULPATION, RELEASE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: May ___, 2024
        New York.  New York                    **BY ORDER OF THE COURT**

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |
| _____/ | |

**ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER
THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION
OF THE JOINT PLAN; (II) APPROVING  FORM AND MANNER OF NOTICE
~~OF COMBINED HEARING; (III) APPROVING SOLICITATION PROCEDURES;~~
OF COMBINED HEARING; (~~IV~~III) WAIVING REQUIREMENT FOR MEETING OF
CREDITORS OR EQUITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion, (the "**Motion**")[1] of Credivalores – Crediservicios S.A., the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order, pursuant to sections 105, 363, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, 9006, 9013, and 9021 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1, 3018-1, 3018-2, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York  (the "**Local Rules**"), (i) scheduling a combined hearing (the "**Confirmation Hearing**") to consider the adequacy of the *Solicitation and Disclosure Statement Relating to the Prepackaged Plan of Reorganization* of the Debtor (as modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and confirmation of the *Prepackaged Chapter 11 Plan* of the Debtor (as modified, amended, or supplemented from time to time, the "**Plan**"); (ii) approving the form and manner of notice of Confirmation Hearing; (iii) ~~approving solicitation procedures used in connection with the Debtor's prepetition solicitation of the Plan described herein and further discussed in the Disclosure Statement (the "Solicitation Procedures"); (iv)~~ waiving the

---
[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requirement for meeting of creditors or equity holders; and (~iv) granting related relief; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and upon the Court's consideration of the First Day Declaration and the Motion and all objections and pleadings filed with respect to the Motion; the Court hereby FINDS AND DETERMINES that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated as of January 31, 2012; (ii) consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) due and proper notice of the Motion has been provided under the particular circumstances, and no other or further notice need be provided; (v) the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors; (vi) the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003; and (vii) good cause exists for waiver of the 14 day stay imposed by Bankruptcy Rule 6004(h); and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     Any and all objections to the Motion not otherwise settled or withdrawn as set forth in this Order are hereby overruled.

3.     The Confirmation Hearing, at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall commence **at _:____–____.m. (prevailing Eastern Time) on June ——27, 2024**; *provided, however*, that the Confirmation Hearing may be adjourned or continued from time to time by the

Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice, including any notice of agenda of matters scheduled for hearing filed by the Debtor with the Court.

4.       The notice of (i) the time fixed for filing objections to confirmation of the Plan, and (ii) the time, date, and place of the Confirmation Hearing, substantially in the form annexed hereto as **Exhibit 1** (the "**Confirmation Hearing Notice**"), complies with the requirements of Bankruptcy Rules 2002 and 3017 and is approved.

5.       The Debtor shall serve the Confirmation Hearing Notice on all known holders of Claims and Interests and all other entities entitled to notice in the Chapter 11 Case (regardless of whether such entities are entitled to vote to accept or reject the Plan) by May 20, 2024.

6.       The Debtor is authorized to cause the service of the Confirmation Hearing Notice on all known holders of Claims and Interests and all other entities entitled to notice in the Chapter 11 Case, which is deemed sufficient and appropriate under the circumstances.

7.       Objections to confirmation of the Plan, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules, and shall be (i) filed with the Court on the docket of *In re Credivalores – Crediservicios S.A.*, Case No. 24-10837 (DSJ), and (ii) served upon (a) the Clerk of the Bankruptcy Court for the Southern District of New York; (b) counsel for the Debtor, Baker & McKenzie LLP, 1111 Brickell Avenue, 10th Floor, Miami, FL 33130; Attn: Paul J. Keenan Jr. and Reginald Sainvil; and Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018; Attn: Blaire Cahn; (c) counsel to the Trustee under the Old Notes; and (d) counsel to the United States Trustee, Attn: Rachael E. Siegel and Greg Zipes, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, New York 10004, so as to be received no later than **June 17, 2024 at**

3

**4:30 p.m. (prevailing Eastern Time)**. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth herein shall not be considered and shall be deemed overruled.

8.     The Debtor and other parties in interest may file and serve (i) as appropriate, replies or omnibus replies to objections that may be filed and served, and (ii) a memorandum in support of confirmation of the Plan, no later than ~~4:30 p.m~~**12:00 p.m. (prevailing Eastern Time) on** ~~————~~**June 24, 2024**. The Debtor shall file its Plan Supplement also no later than **4:30 p.m. (prevailing Eastern Time)** ~~on~~ ~~—————~~**June 14, 2024.**

9.     The schedule of events set forth below relating to confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Proposed Solicitation and Confirmation Schedule | |
|---|---|
| Voting Record Date | March 7, 2024 |
| Distribution of Solicitation Package | March 7, 2024 |
| Voting Deadline | April 3, 2024 |
| Petition Date | May 16, 2024 |
| Distribution of Confirmation Hearing Notice | May ~~[23]~~20, 2024 |
| ~~Plan Confirmation Brief and Plan Objection Deadline~~ | ~~June [7], 2024~~ |
| ~~Reply~~Plan Supplement Deadline | June ~~[14]~~, 2024, at 4:30 pm (prevailing Eastern Time) |
| Plan Confirmation Brief and Plan Objection Deadline | June 17, 2024 |
| ~~Plan Supplement~~Reply Deadline | June ~~[21]~~24, 2024, at ~~4:30 pm~~12:00 pm (prevailing Eastern Time) |
| Confirmation Hearing | June ~~[25]~~27, 2024 |

10. For the purposes of determining holders of Claims and Interests entitled to vote to accept or reject the Plan, the Voting Record Date (the "**Voting Record Date**") is **March 7, 2024**, with respect to holders of Claims in Class A (the "**Voting Class**").

11. To be counted as a vote to accept or reject the Plan, all Ballots and Master Ballots must have been properly executed, completed, and delivered to the Solicitation Agent by mail, courier, email, or hand delivery, in each case so as to be actually received by no later than **April 3, 2024 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). The Debtor is authorized, in its sole discretion, to extend the Voting Deadline at any time in respect of any particular voter or the Voting Class, as facts and circumstances may require.

12. Subject to confirmation of the Plan, the Voting Record Date and the Voting Deadline are approved.

13. Subject to confirmation of the Plan, the Solicitation Procedures utilized by the Debtor for distribution of the Solicitation Package as set forth and described in the Motion and the Disclosure Statement in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

14. Subject to confirmation of the Plan, the Solicitation Package, including the Ballots and Master Ballots.

15. Subject to confirmation of the Plan, the procedures used for collection, acceptance, and tabulations of votes to accept or reject the Plan as set forth and described in the Motion and the Disclosure Statement and as provided in the Ballots and Master Ballots are approved.

10. 16. The Debtor is not required to mail a copy of the Plan or Disclosure Statement to holders of Claims or Interests that are unimpaired and conclusively presumed to accept the Plan.

11. 17. The meeting pursuant to section 341(a) and (b) of the Bankruptcy Code shall

not be convened; *provided* that the 341 Meeting may be held if the Plan is not confirmed within 60 days after the Petition Date.

12.    ~~18.~~ All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13.    ~~19.~~ The Debtor and its advisors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.    ~~20.~~ Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    ~~21.~~ This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Date: _____, 2024
       New York, New York

                                        _____
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

<u>Confirmation Hearing Notice</u>

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                              Chapter 11

CREDIVALORES – CREDISERVICIOS S.A.                                  Case No. 24-10837 (DSJ)

      Debtor.

_____/

**SUMMARY OF CHAPTER 11 PLAN AND**
**NOTICE OF HEARING TO CONSIDER (I) DEBTOR'S**
**COMPLIANCE WITH DISCLOSURE REQUIREMENT**
**AND (II) CONFIRMATION OF PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN** as follows:

    1.    On May 16, 2024 (the "**Petition Date**"), Credivalores – Crediservicios S.A., the above-captioned debtor (the "**Debtor**"), filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a proposed prepackaged plan of reorganization (the "**Plan**")[1] and a proposed disclosure statement (the "**Disclosure Statement**") [Doc. No. 18] pursuant to §§ 1125 and 1126(b) of title 11 of the United States Code (the "**Bankruptcy Code**"). Copies of the Plan and the Disclosure Statement may be obtained upon request to Debtor's counsel. The Plan and Disclosure Statement also are available for inspection on the PACER (Public Access to Court Electronic Records) website at https://pacer.uscourts.gov/ and the website of the claims and noticing agent at https://dm.epiq11.com/Credivalores.

        This notice sets forth information regarding the Plan, key dates and deadlines regarding the Plan and the Disclosure Statement, and certain other relevant information. Any information set forth herein is qualified in its entirety by the terms of the Plan. In the event of any inconsistency or conflict between this summary and the terms of the Plan, the terms of the Plan shall control and govern. ***You are receiving this notice because your rights may be affected by the Plan and other actions in the bankruptcy case. You should carefully read this notice and discuss it with your attorney, if you have one. (If you do not have an attorney, you may wish to consult with one in connection with the Debtor's chapter 11 case).***

**SUMMARY OF PREPACKAGED PLAN OF REORGANIZATION**

    2.    The Plan agreed to by the Debtor and holders of Old Notes will achieve the Debtor's restructuring goals by reducing the Debtor's total indebtedness. The Plan is a "balance sheet" restructuring and is not intended to affect the Debtor's day-to-day operations. The Debtor believes that the restructuring will ensure that, for the foreseeable future, cash generated from operations will be sufficient to allow the Debtor to fund its operations and to increase working capital as necessary to support the Debtor's long-term business plan. ***The***

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

*holders of Old Notes Claims voted to accept the Plan prior to the Petition Date.* The Debtor believes that any valid alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs and, ultimately, would jeopardize recoveries for holders of allowed Claims and Interests. Of note, the Plan renders all Other Secured Claims, General Unsecured Claims, Intercompany Claims, and Interests unimpaired and contemplates that such Claims will be paid in full in Cash in the ordinary course of business or on the effective date of the Plan.

3.      The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests and indicates the acceptance or rejections of the Plan by each class entitled to vote.

| Class | Claim/Equity Interest | Treatment of Claim/Interest | Impaired or Unimpaired | Entitlement to Vote on the Plan | Projected Recovery under the Plan |
|---|---|---|---|---|---|
| A | Old Notes Claims | On the Effective Date or as soon as reasonably practicable thereafter in full and final satisfaction, settlement, release, and discharge of and exchange for each Allowed Old Notes Claim, each holder of an Allowed Old Notes Claim shall receive (a) US$ 750 principal amount of the New Notes for each US$ 1,000 principal amount of Old Notes validly tendered, and (b) additional New Notes that will be issued and delivered to capitalize the accrued and unpaid interest in respect of the Old Notes up to the Effective Date of the Plan | Impaired | Yes | 75% |
| B | Other Secured Claims | Each holder of an Allowed Other Secured Claim shall, at the election of the Debtor, (i) have the legal, equitable and contractual rights of such Holder Reinstated, or (ii) receive, at the option of the Debtor, (A) Cash in an amount equal to such Allowed Other Secured Claim, (B) the property of the Debtor that constitutes the collateral securing such Allowed Other Secured Claim, or (C) such other treatment as renders its Allowed Other Secured Claim Unimpaired. | Unimpaired | No (Deemed to accept) | 100% |

| Class | Claim/Equity Interest | Treatment of Claim/Interest | Impaired or Unimpaired | Entitlement to Vote on the Plan | Projected Recovery under the Plan |
|---|---|---|---|---|---|
| C | General Unsecured Claims | Holders of Allowed Unsecured Claims shall receive Cash in an amount equal to such Allowed General Unsecured Claims on the later of the Effective Date or in the ordinary course of business of the Debtor in accordance with the terms of the particular transaction giving rise to such Allowed General Unsecured Claim. | Unimpaired | No (Deemed to accept) | 100% |
| D | Interests | The Interests in the Debtor shall be Reinstated. | Unimpaired | No (Deemed to accept) | 100% |

## DISCHARGE, INJUNCTIONS, EXCULPATION, AND RELEASES

4.      **Discharge of Claims and Termination of Interests.** Except as otherwise provided for in the Plan and effective as of the Effective Date: (a) the rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (b) the Plan shall bind all Holders of Claims and Interests, notwithstanding whether any such Holders failed to vote to accept the Plan or voted to reject the Plan; (c) all Claims and Interests shall be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtor, the Debtor's Estate, its successors and assigns, and its assets and properties any other Claims or Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

5.      **Exculpation.** No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud, gross negligence, or willful misconduct; provided, further, that in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection

with, the Plan. The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of acceptances and rejections of the Plan and the making of distributions pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

6.      **Releases Under the Plan. THE PLAN CONTAINS RELEASES. PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED and if the Effective Date occurs, the Released Parties, as defined in Section 1.1.73 of the Plan and as reproduced below, will be receiving releases and certain parties will be giving releases and be bound by injunctions as set forth in Article VIII of the Plan, and with respect to the releases described in Article VIII of the Plan and reproduced below, they are automatically deemed to have consented to the release provisions of the Plan, if either vote to accept the Plan. For the avoidance of doubt, a Holder of a Claim or Interest that votes to accept the Plan shall be automatically deemed to have given the releases irrespective of whether such Holder elects to opt ~~in to~~into the Third-Party Release.**

To provide additional information regarding the Third-Party Release, the following Sections of the Plan have been copied immediately below: Section 1.1.38 (Exculpated Claim); Section 1.1.39 (Exculpated Party); Section 1.1.73 (Released Party); Section 1.1.74 (Releasing Party); Section 8.2 (Discharge of Claims and Termination of Interests); Section 8.3 (Releases by the Debtor); Section 8.4 (Releases by the Releasing Parties); Section 8.5 (Exculpation); and Section 8.6 (Injunction). To the extent of any discrepancy between the following and the corresponding sections in the Plan, including any modifications or amendments thereto, the sections in the Plan control. Please carefully review the following.

**<u>Relevant Definitions:</u>**

"***Exculpated Claim***" means any Claim related to any act or omission in connection with, relating to, or arising out of the Debtor's in-court or out-of-court efforts to negotiate, enter into or implement the Chapter 11 Case, the formulation, preparation, solicitation, dissemination, negotiation, or filing of the Disclosure Statement, the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with or pursuant to the Disclosure Statement or the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the administration and implementation of the Plan, or the distribution of property under the Plan.

"***Exculpated Party***" means each of the following in its capacity as such: (a) the Debtor; (b) the Reorganized Debtor; (c) the Trustee; (d) the Holders of Interests; and (e) with respect to each of the foregoing Entities in clauses (a) through (d) such Entity's predecessors, successors and assigns and current and former Affiliates, subsidiaries, officers, directors, members, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals.

"***Released Party***" means each of the following: (a) the Debtor; (b) the Trustee; (c) the Holders of Interests; and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's successors and assigns, and current and former Affiliates, subsidiaries, officers,

directors, members, stockholders, partners, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, solely in their respective capacities as such.

"**Releasing Party**" means each of the following: (a) the Holders of Impaired Claims or Interests that (i) affirmatively vote to accept the Plan or (ii) abstain from voting on the Plan; (b) to the fullest extent permissible under applicable law, the Holders of Unimpaired Claims or Interests; (c) the Trustee; and (d) with respect to each of the foregoing Entities in clauses (a) through (c), such Entity's successors and assigns, and current and former Affiliates, subsidiaries, officers, directors, members, stockholders, partners, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, solely in their respective capacities as such.

**Relevant Provisions:**

Section 8.2 of the Plan provides for the discharge of Claims (the "**Discharge**"):

> **Except as otherwise provided for herein and effective as of the Effective Date: (a) the rights afforded in the Plan and the treatment of all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtor or any of its assets, property, or Estate; (b) the Plan shall bind all Holders of Claims and Interests, notwithstanding whether any such Holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims and Interests shall be satisfied, discharged, and released in full, and the Debtor's liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtor, the Debtor's Estate, the Reorganized Debtor, their successors and assigns, and their assets and properties any other Claims or Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.**

Section 8.3 of the Plan provides for the Debtor's release of the Released Parties (the "**Debtor Release**"):

> **Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise expressly provided herein, for good and valuable consideration, as of the Effective Date, to the extent permitted by applicable laws, the Released Parties are conclusively, absolutely, unconditionally, irrevocably, and forever deemed released and discharged by the Debtor, the Reorganized Debtor, and the Debtor's Estate from any and all actions, Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether for tort, contract, violations of federal or state securities laws and Avoidance Actions, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, asserted or that could possibly have been asserted on behalf of the Debtor, that the Debtor, Reorganized Debtor, or the Debtor's Estate, would have been legally entitled to assert in their own right (whether individually or collectively) or on**

**behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in, or under, in whole or in part, the Debtor, the Chapter 11 Case, the Old Notes, the Old Notes Indenture, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Case, the negotiation, formulation, solicitation, or preparation of the Disclosure Statement, the Plan, the Plan Supplement, or related agreements, instruments or other documents, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing provisions of this Section 8.3 shall have no effect on the liability of any of the Released Parties for gross negligence, willful misconduct, fraud, or criminal conduct as determined by a Final Order entered by a court of competent jurisdiction; provided further that nothing in this Section 8.3 shall release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement, or otherwise given effect under, the Plan, including the New Notes and any other agreement or document related thereto or entered into in connection therewith, as applicable.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the release set forth in this Section 8.3, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that such release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by this Section 8.3; (c) in the best interests of the Debtor and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to the Debtor asserting any Claim or Cause of Action released by this Section 8.3.**

Section 8.4 of the Plan provides for the Releases by the Releasing Parties (the "**Third-Party Release**"):

**As of the Effective Date, to the extent permitted by applicable law, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtor, the Reorganized Debtor, the Estate, the Released Parties and each such Entity's successors and assigns, current and former affiliates, subsidiaries, officers, directors, members, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other Professionals, solely in their respective capacities as such, and only if such Persons occupied any such positions at any time on or after the Petition Date, from any and all Claims, Interests, obligations, rights, liabilities, actions, causes of action, choses in action, suits, debts, demands, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and crossclaims (including all claims and actions against any Entities under the Bankruptcy**

Code) whatsoever, whether for tort, contract, violations of federal or state securities laws and Avoidance Actions, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity asserted or that could possibly have been asserted, or would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the Old Notes, the Old Notes Indenture, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Releasing Party, the restructuring of Claims and Interests prior to or during the Chapter 11 Case, the negotiation, formulation, solicitation, or preparation of the Disclosure Statement, the Plan, the Plan Supplement, or related agreements, instruments or other documents, based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing provisions of this Section 8.4 shall have no effect on the liability of any of the Released Parties for gross negligence, willful misconduct, fraud, or criminal conduct as determined by a Final Order entered by a court of competent jurisdiction; provided further that nothing in this Section 8.4 shall release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement, or otherwise given effect under, the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the release set forth in this Section 8.4, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that such release is: (a) important to the Plan; (b) in exchange for the good and valuable consideration provided by the Debtor, the Reorganized Debtor, the Estate and the Released Parties; (c) a good faith settlement and compromise of the Claims released by this Section 8.4; (d) in the best interests of the Debtor and all Holders of Claims and Interests; (e) fair, equitable, and reasonable; (f) given and made after due notice and opportunity for hearing; and (g) a bar to any Entity granting a release under this Section 8.4 from asserting any Claim or Cause of Action released by this Section 8.4.

Section 8.5 of the Plan provides for the exculpation of Exculpated Parties (the "**Exculpation**"):

No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted fraud, gross negligence, or willful misconduct; provided, further, that in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection with, the Plan. The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of acceptances and rejections of the Plan and the making of distributions pursuant to the Plan

**and, therefore, are not and shall not be liable at any time for the violation of any applicable, law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

Section 8.6 of the Plan provides for a permanent injunction with respect to actions against the Released Parties and the Exculpated Parties (the "**Injunction**"):

**Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to Section 8.3 or Section 8.4, discharged pursuant to Section 8.2, or are subject to exculpation pursuant to Section 8.5 are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor, the Reorganized Debtor, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estate of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estate of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has filed a motion requesting the right to perform such setoff on or before the Confirmation Date; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, exculpated, or settled pursuant to the Plan.**

## HEARING ON CONFIRMATION OF THE PLAN
## AND ADEQUACY OF THE DISCLOSURE STATEMENT

7.      The hearing to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Court shall be held before the Honorable David S. Jones, United States Bankruptcy Judge, in ~~Room~~_____ Courtroom 701 of the United States Bankruptcy Court, on **June 27, 2024** at __:___.m. or as soon thereafter as counsel may be heard (the "**Confirmation Hearing**").  The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing or at an adjourned Confirmation Hearing and will be available on the electronic case filing docket.

8.      The time fixed for the Confirmation Hearing and objections to confirmation of the Plan may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not find compliance with the disclosure requirements. Notice of the rescheduled date or dates, if any, will be available on the electronic case filing docket.

9.      Any objections (each, an "**Objection**") to the Disclosure Statement and the Plan

must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, (c) set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtor, the basis for the objection, and the specific grounds therefor, and (d) be filed with the Bankruptcy Court, with a copy delivered directly to Chambers, together with proof of service thereof, and served upon the following persons so as to be **actually received** on or before **June 17, 2024, at 4:30 p.m. (Eastern Time)**: (a) proposed counsel for the Debtor, Baker & McKenzie LLP, 1111 Brickell Avenue, 10th Floor, Miami, FL 33131; Attn: Paul J. Keenan Jr. and Reginald Sainvil; and Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018; Attn: Blaire Cahn (b) counsel to the Trustee under the Old Notes, Marian Baldwin Fuerst, Norton Rose Fulbright, 1301 Avenue of the Americas, New York, NY 10019-6022; (c) ~~the Office of~~counsel to the United States Trustee ~~for Region 2~~, Attn: Rachael E. Siegel and Greg Zipes, Alexander Hamilton Custom House, One Bowling Green, Suite 534, New York, New York ~~10004-1408~~10004; and (d) those entities who have filed a notice of appearance in the Chapter 11 Case. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

## SECTION 341(A) MEETING

10.     As part of the relief requested by the Debtor in connection with the filing of the Chapter 11 Case, the Debtor will request that the U.S. Trustee **NOT** be required to convene a meeting of creditors pursuant to section 341 of the Bankruptcy Code. In the event that the Plan is not confirmed on or before 60 days form the Petition Date and the Bankruptcy Court determines that a meeting pursuant to Section 341(a) of the Bankruptcy Code (the "**Creditors' Meeting**") is warranted, the Debtor, after consultation with the Court and the Office of the United States Trustee, shall file and serve a notice of the date, time and place of the Creditors' Meeting.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, EXCULPATION, RELEASE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: _____ May ___ , 2024
         New York. New York                         **BY ORDER OF THE COURT**

_____

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 5/20/2024 10:54:14 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://americas-bm.imanage.work/NA_DMS/426999001/1 | |
| **Modified DMS:** iw://americas-bm.imanage.work/NA_DMS/426999001/3 | |
| **Changes:** | |
| Add | 45 |
| Delete | 49 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 1 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 96 |