UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

## ORDER (I) ENFORCING THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541; (II) APPROVING THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated May 16, 2024 [Doc. No. 15] (the "**Motion**"),[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), for entry of an order enforcing the protections of sections 362, 365, 525, and 541 of the Bankruptcy Code, as more fully described in the Motion; and upon consideration of the *Declaration of Jaime Francisco Buriticá Leal, Chief Executive Officer, (I) in Support of the Debtor's Chapter 11 Petition and Requests for First Day Relief and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Doc. No. 4] dated May 16, 2024; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having conducted a hearing on the motion on May 20, 2024 (the "**Hearing**"); and the Court having reviewed the Motion; and it appearing that (a) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (b) the Debtor has provided due and proper notice of the Motion, and no further notice is necessary, and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

(c) nothing in the Motion requests, and nothing in the Order grants, a waiver, termination, or modification of the automatic stay; and upon all of the proceedings had before the Court, including the record of the Hearing; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 362 of the Bankruptcy Code, the commencement of this Chapter 11 Case shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) of:

   a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Debtor's Chapter 11 Case, or an act to recover a claim against the Debtor that arose before the commencement of the Debtor's Chapter 11 Case;

   b. the enforcement, against the Debtor or against property of its estate, of a judgment obtained before the commencement of the Debtor's Chapter 11 Case;

   c. any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the Debtor's estate;

   d. any act to create, perfect, or enforce any lien against property of the Debtor's estate;

   e. any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the Debtor's Chapter 11 Case;

   f. any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the Debtor's Chapter 11 Case;

   g. the setoff of any debt owing to the Debtor that arose before the commencement of this Chapter 11 Case; and

   h. the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtor for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who

is an individual for a taxable period ending before the date of the order for relief under this title.

3. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4. Pursuant to section 365 of the Bankruptcy Code, and notwithstanding any contract or lease provision or applicable law, an executory contract or unexpired lease of the Debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the Debtor's Chapter 11 Case solely because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of the Debtor or (ii) the commencement of the Debtor's Chapter 11 Case.

5. Pursuant to section 541 of the Bankruptcy Code, any interest of the Debtor in property becomes property of its chapter 11 estate, notwithstanding any provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that (i) restricts or conditions transfer of such interest by the Debtor or (ii) is conditioned on the insolvency or financial condition of the Debtor or on the commencement of the Debtor's Chapter 11 Case, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtor's interest in property. Any purported restriction, condition, forfeiture, modification, or termination is void ab initio.

6. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under sections 362, 365, 525, and 541 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) an agreement or obligation to pay any claims, (iii) a

waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, (iv) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (v) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

8. The form of notice, substantially in the form attached as **Exhibit 1** hereto, is approved. The Debtor is authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located. The Debtor is further authorized, but not directed, to translate the Notice as needed.

9. Under the circumstances of the Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. The Debtor is authorized to take all actions necessary to implement the relief granted in this Order.

11. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied.

12. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: New York, New York
      May 21, 2024

                                      *s/ David S. Jones*
                                  HONORABLE DAVID S. JONES
                                  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# Form of Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |
| _____/ | |

## NOTICE OF ENTRY OF AN ORDER ENFORCING
## THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541

**PLEASE TAKE NOTICE** that on March 13, 2024, the above-captioned debtor and debtor in possession (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtor's chapter 11 case (the "**Chapter 11 Case**") is pending before the Honorable David S. Jones, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtor's filing of its voluntary petition operates as a self-effectuating, statutory stay or injunction, applicable to and protecting the Debtor from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtor (i) that was or could have been commenced before the commencement of the Chapter 11 Case, or (ii) to recover a claim against the Debtor that arose before the commencement of the Chapter 11 Case; (b) the enforcement, against the Debtor or against any property of the Debtor's bankruptcy estate, of a judgment obtained before the commencement of the Chapter 11 Case; or (c) any act to obtain possession of property of or from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Enforcing the Protections of 11 U.S.C. §§ 362, 365, 525, and 541* (the "**Order**") [Docket No. [●]], entered on [●], 2024, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtor, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seeks or asserts causes of action or other legal or equitable remedies against, or otherwise exercises any rights in law or equity against the Debtor or its estate must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtor; (b) placing conditions upon such a grant to the Debtor; or (c) discriminating against the Debtor with respect to such a grant, solely because the Debtor is a debtor under the Bankruptcy Code, may have been insolvent before the commencement of this Chapter 11 Case, or is insolvent during the pendency of this Chapter 11 Case as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtor are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing — except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law — including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Case, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Chapter 11 Case at either http://www.nysb.uscourts.gov/ (PACER login and password required), or (b) accessing the website of the Debtor's proposed claims and noticing agent https://dm.epiq11.com/case/credivalores/info/