**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

**INTERIM ORDER (A) AUTHORIZING (i) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (ii) MAINTENANCE OF EXISTING BANK ACCOUNTS, AND (iii) CONTINUED USE OF EXISTING BUSINESS FORMS, (B) AUTHORIZING CONTINUED PERFORMANCE UNDER RELATED PARTY TRANSACTIONS AND HISTORICAL PRACTICES, AND (C) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE**

Upon the motion, dated May 16, 2024 [Doc. No. 6] (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to sections 105(a), 363, 364, 553, 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004(h), Local Bankruptcy Rule 9013-1(a), and the *Amended Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York*, effective February 1, 2024, to (A) authorize, but not direct, (i) the continued use of existing cash management system(s), (ii) maintenance of bank accounts, and (iii) continued use of existing business forms and checks; (B) authorize, but not direct, continued performance under related party transactions and historical practices; and (C) waive the requirements of section 345(B) of the Bankruptcy Code; and upon consideration of the *Declaration of Jaime Francisco Buritica Leal (I) in Support of the Chapter 11 Petition and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2* dated May 16, 2024 [Doc. No. 4]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having conducted a hearing on the motion on May 20, 2024 (the "**Hearing**"); and the Court having reviewed the Motion; and it appearing that (a) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (b) the Debtor has provided due and proper notice of the Motion, and no further notice is necessary, (c) the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and (d) nothing in the Motion requests, and nothing in the Order grants, a waiver, termination, or modification of the automatic stay; and upon all of the proceedings had before the Court, including the record of the Hearing; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. The hearing (the "**Final Hearing**") on the Motion shall be held on **June 13, 2024, at 2:00 p.m**., prevailing Eastern Time. Any objections or responses to the relief sought shall (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and (iii) be filed with the Bankruptcy Court by attorneys electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov); and shall be served on (a) counsel to the Debtor, Baker & McKenzie LLP (Attn: Blaire Cahn) 452 Fifth Avenue, New York, New York 10018, blaire.cahn@bakermckenzie.com, and Baker & McKenzie LLP (Attn: Paul J. Keenan Jr. and Reginald Sainvil) 1111 Brickell Avenue, Suite 1000, Miami, Florida 33131, paul.keenan@bakermckenzie.com and reginald.sainvil@bakermckenzie.com, (b) counsel to the Trustee for the Old Notes, Norton Rose Fulbright  (Attn: Marian Baldwin), 1301 6th Ave, New

York, New York 10019, marian.baldwin@nortonrosefulbright.com, and (c) counsel to the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, NY 1004 (Attn: Andrew D. Velez-Rivera), In the event no objections to entry of a final order are timely received, this Court may enter a final order without need for the Final Hearing.

3. The Debtor is authorized, but not directed, to maintain and use its Cash Management System, solely on the terms set forth in this Order.

4. The Debtor is authorized, but not directed, to maintain and use the existing Bank Accounts listed on **Exhibit C** to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

5. To the extent that the Debtors are not in compliance with the requirements of section 345(b) of the Bankruptcy Code and of the UST Guidelines, the Debtors are granted a sixty day extension of time to come into compliance with such requirements pending the final disposition of the Motion. This Interim Order is entered without prejudice to seek further extensions of the time to come into compliance with the requirements of section 345(b) of the Bankruptcy Code and of the UST Guidelines as necessary.

6. The Debtor is authorized, but not directed, to deposit funds in and withdraw funds from its Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

7. The Debtor is authorized, but not directed, to continue to use its checks, correspondence and Business Forms including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing

immediately prior to the Petition Date, without reference to the Debtor's debtor-in-possession status.

8. The banks listed on **Exhibit C** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtor are hereby authorized and directed to continue to service and administer the Bank Accounts of the relevant Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof. In no event shall any of the banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

9. For banks at which the Debtor holds Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the Southern District of New York, within ten (10) days of the date of entry of this Order, the Debtor shall (a) contact each bank; (b) provide the bank with the Debtor's employer identification number; and (c) identify each of its Bank Accounts held at such banks as being held by a debtor-in-possession in a bankruptcy case.

10. Subject to section 553 of the Bankruptcy Code, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing or otherwise impeding the Debtor's use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of this Court.

11. In connection with the ongoing utilization of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions

(including Related Party Transactions) may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

12.     The Debtor is authorized, but not directed, to pay or reimburse any bank fees, claims, costs, expenses or charges associated with the Bank Accounts and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited with the banks which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the terms of any prepetition agreement existing between the Debtor and each bank (collectively, the "**Bank Account Claims**" and the banks in which the Debtor maintains the Bank Accounts, the "**Banks**"). In the course of maintaining any of the Bank Accounts for the Debtor, the Banks are authorized, without further order of this Court, to continue to deduct from the appropriate Bank Accounts, the Bank Account Claims incurred in connection with the Bank Accounts.

13.     This Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as **Exhibit C** to the Motion. After entry of this Order, should the Debtor identify any Bank Accounts not listed on **Exhibit C**, they shall promptly file an amended **Exhibit C** with the Court, indicating any added or deleted Bank Accounts. Any and all accounts opened by the Debtor on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on **Exhibit C**) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

14.     The Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to the Commencement Date should be honored pursuant to this or any other order of this Court, and such Banks shall not

have any liability to any party for relying on such representations by the Debtor as provided for herein.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     Under the circumstances of the Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

17.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Dated: New York, New York
　　　 May 21, 2024

　　　　　　　　　　　　　　　 *s/ David S. Jones*
　　　　　　　　　　　　　　 HONORABLE DAVID S. JONES
　　　　　　　　　　　　　　 UNITED STATES BANKRUPTCY JUDGE