Paul J. Keenan Jr. (admitted *pro hac vice*)
Reginald Sainvil (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
        reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

_____/

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER MCKENZIE AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION AS OF THE PETITION DATE

The above-captioned debtor and debtor in possession (the "**Debtor**") hereby submits this application (the "**Application**"), pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Order**"), authorizing the retention and employment of Baker & McKenzie LLP ("**Baker**

McKenzie"), as counsel to the Debtor, as of the Petition Date (as defined below). The facts and circumstances supporting this Application are set forth herein, in the *Declaration of Paul J. Keenan Jr. in Support of the Application for Entry of an Order Authorizing the Retention and Employment of Baker McKenzie as Counsel to the Debtor and Debtor in Possession as of the Petition Date* (the "**Keenan Declaration**") attached hereto as **Exhibit B**, all of which are incorporated herein by reference. In further support of this Application, the Debtor relies upon the *Declaration of Jaime Francisco Buriticá Leal in Support of (I) the Chapter 11 Petition and First Day Pleadings and (II) Pursuant to Local Rule 1007-2* [Doc. No. 4] (the "**Buriticá Leal Declaration**"), and respectfully states as follows:

## BACKGROUND

1.      On March 13, 2024 (the "**Petition Date**"), the Debtor commenced a voluntary case (the "**Chapter 11 Case**") under chapter 11 of the Bankruptcy Code.

2.      The Debtor is authorized to continue operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

3.      No request has been made for the appointment of a trustee or examiner in this Chapter 11 Case.

4.      A statutory committee of unsecured creditors has not been appointed in this Chapter 11 Case.

5.      Additional factual background related to the Debtor's businesses and the commencement of this Chapter 11 Case is set forth in detail in the Buriticá Leal Declaration.

## JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Chapter 11 Case, the Debtor, property of the Debtor's estate

and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

7.　　Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the Debtor confirms its consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.　　Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

9.　　The statutory predicates for the relief sought herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b), and 5002, and Local Rules 2014-1 and 2016-1.

### RELIEF REQUESTED

10.　　By this Application, the Debtor respectfully requests that this Court enter an order authorizing the employment and retention of Baker McKenzie as its lead counsel in this Chapter 11 Case as of the Petition Date.

### BAKER MCKENZIE'S QUALIFICATIONS

11.　　The Debtor seeks to retain Baker McKenzie because of the firm's extensive experience and knowledge in the fields of debtor and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters in this Court.

12.　　Baker McKenzie is familiar with the Debtor's business and financial affairs and has previously provided legal services to the Debtor. Before the commencement of this Chapter 11 Case, Baker McKenzie advised the Debtor concerning its strategic options to maximize value in

light of the Debtor's business and financial affairs. Baker McKenzie also assisted the Debtor in preparing for the filing of this Chapter 11 Case. Baker McKenzie's professionals have worked closely with the Debtor's management and other professionals and, as a result, have become well acquainted with the Debtor's history, business operations, capital and corporate structure and related matters, which knowledge will result in effective and efficient services in this Chapter 11 Case.

13.     Accordingly, the Debtor has determined that Baker McKenzie has the resources and experience necessary to represent it in this Chapter 11 Case. The Debtor believes that Baker McKenzie's employment is in the best interest of the Debtor, the Debtor's estate and Debtor's creditors. Thus, the Debtor desires that Baker McKenzie represent it in connection with this Chapter 11 Case.

## SCOPE OF EMPLOYMENT

14.     The legal services (the "**Legal Services**") that Baker McKenzie expects to render to the Debtor includes, but shall not be limited to, the following:

    (a)    advise the Debtor with respect to its rights, powers, and duties as debtor in possession in this Chapter 11 Case;

    (b)    participate in in-person and telephonic meetings of the Debtor and any additional professionals or advisors retained by it;

    (c)    attend all meetings and negotiating with representatives, creditors, the United States Trustee, and other parties-in-interest;

    (d)    assist the Debtor in preparing pleadings in connection with the Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate,

    (e)    take any necessary action on behalf of the Debtor to obtain confirmation of the prepackaged chapter 11 plan and all documents related thereto, and any subsequent amended plan, if and when necessary;

(f)     assist the Debtor in analyzing claims asserted against, and interests in, the Debtor, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

(g)     providing legal advice regarding bankruptcy law, corporate law, corporate governance, transactional, litigation and other issues; and

(h)     perform all other necessary legal services for the Debtor in connection with the prosecution of this Chapter 11 Case.

15.     Subject to the Court's approval of this Application, Baker McKenzie has indicated that it is willing to serve as counsel to the Debtor in this Chapter 11 Case and to perform the services described above. Baker McKenzie has informed the Debtor that it will take appropriate steps to coordinate with the Debtor's other professionals to avoid unnecessary duplication of efforts.

## PROFESSIONAL COMPENSATION

16.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Baker McKenzie intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Baker McKenzie. Baker McKenzie has advised the Debtor that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtor are as follows:

| PROFESSIONAL | RATE PER HOUR |
|---|---|
| Paul J. Keenan Jr. | $1,645.00 |
| Blaire Cahn | $1,345.00 |

| | |
|---|---|
| Reginald Sainvil | $1,195.00 |
| Maribel R. Fontanez | $465.00 |
| Lori Seavey | $465.00 |

17.     Prior to the Petition Date, Baker McKenzie received a retainer from the Debtor and payments from the Debtor in connection with professional services performed on behalf of the Debtor, including relating to the commencement of these Chapter 11 Case, and for reimbursement of reasonable and necessary expenses. As of the Petition Date, Baker McKenzie holds as security for payment of its fees and expenses a retainer in the amount of $100,000. During the 90-day period prior to the Petition Date, the Debtor paid Baker McKenzie $2,521,045.94 for prepetition services and expenses. As of the Petition Date, the Debtor did not owe Baker McKenzie any amounts for legal services rendered before the Petition Date.

18.     As of the Petition Date, the Debtor did not owe Baker McKenzie any amounts for legal services rendered before the Petition Date.

19.     Baker McKenzie's attorneys and paralegals will render services to the Debtor as needed. As of the date of the Keenan Declaration, Baker McKenzie's current hourly rates range from $1,195.00 to $2,000.00 per hour for partners, $670.00 to $1,195.00 per hour for associates, and $395.00 to $715.00 per hour for paralegals. The Debtor understands that the hourly rates set forth above are subject to periodic adjustments in the ordinary course of business.

20.     The hourly rates set forth above are Baker McKenzie's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Baker McKenzie for its work and to cover fixed and routine overhead expenses. It is Baker McKenzie's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel

expenses, certain non-ordinary secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Baker McKenzie will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to its other clients, subject to this Court's approval of such expenses pursuant to the Bankruptcy Code, such Bankruptcy Rules as may from time to time be applicable, such Local Rules as may from time to time be applicable, and such procedures as may be fixed by order of this Court. Baker McKenzie believes that failure to charge these expenses would require the firm to increase its current hourly rates.

21.     Baker McKenzie intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Keenan Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications.

22.     Other than as set forth herein, there is no proposed arrangement to compensate Baker McKenzie. Baker McKenzie has not shared, nor agreed to share: (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of Baker McKenzie; or (b) any compensation another person or party has received or may receive.

23.     Baker McKenzie will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the Legal Services described above. Baker McKenzie intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, and any additional procedures that have been or may be established by the Court in this Chapter 11 Case.

24. Baker McKenzie has agreed to accept as compensation such sums as may be allowed by the Court. Baker McKenzie understands that interim and final fee awards are subject to approval by the Court.

## DISINTERESTEDNESS

25. To the best of the Debtor's knowledge and as disclosed herein and in the Keenan Declaration: (a) Baker McKenzie is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) Baker McKenzie does not hold or represent an interest adverse to the Debtor; and (c) Baker McKenzie's partners and associates have no connection to the Debtor, its creditors, or its related parties, except as may be disclosed in the Keenan Declaration.

26. Moreover, none of Baker McKenzie's representations of any of the parties-in-interest in this Chapter 11 Case accounted for more than 1% of Baker McKenzie's aggregate revenues during fiscal year 2023. Thus, Baker McKenzie does not believe that any such engagement comprises a material component of Baker McKenzie's practice.

## BASIS FOR RELIEF

27. Section 327(a) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

28. Moreover, Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the

professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

29. The Debtor has selected Baker McKenzie as its lead counsel because of Baker McKenzie's extensive experience and knowledge in the field of debtor and creditor rights and business reorganizations under chapter 11 of the Bankruptcy Code. Thus, the Debtor believes that Baker McKenzie is the best qualified law firm to act as lead counsel for the Debtor in connection with this Chapter 11 Case. As set forth in the Keenan Declaration: (a) Baker McKenzie does not represent or hold any interest adverse to the Debtor; and, (b) Baker McKenzie constitutes a "disinterested person" for purposes of section 327(a) of the Bankruptcy Code. Accordingly, the Debtor submits that retention of Baker McKenzie as of the Petition Date is in the best interests of the Debtor, the Debtor's estate, the Debtor's creditors, and all other parties-in-interest.

## BANKRUPTCY RULE 5002

30. As set forth in the Keenan Declaration, no partner or associate of Baker McKenzie is a relative of, or has been so connected with, any United States Bankruptcy Judge for the Southern District of New York, any of the District Court Judges for the Southern District of New York who handle bankruptcy cases, the United States Trustee for Region 2, the Assistant United States Trustee for the Southern District of New York, the attorney for the U.S. Trustee assigned to this Chapter 11 Case or any other employee of the U.S. Trustee. Accordingly, the appointment of Baker McKenzie is not prohibited by Bankruptcy Rule 5002.

## REQUEST FOR APPROVAL OF RETENTION OF
## BAKER MCKENZIE AS OF THE PETITION DATE

31. The Debtor requests that Baker McKenzie's retention be made effective as of the Petition Date in order to allow Baker McKenzie to be compensated for the work it performed for

the period from the Petition Date through the Court's consideration of this Application and entry of the Order.

## NOTICE AND NO PRIOR REQUEST

32. Notice of this Application will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Office of the United States Attorney for the Southern District of New York; (c) counsel to the Trustee for the Old Notes; and (d) all parties that, as of the filing of this Application, have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

33. No prior request for the relief sought in this Application has been made to this or any other court.

Dated: June 5, 2024

Respectfully submitted,

_____
Jaime Francisco Buriticá Leal
Credivalores – Crediservicios S.A.

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

_____/

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER & MCKENZIE, LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, AS OF THE PETITION DATE

Upon the application filed June 5, 2024 [Doc. No. ___] (the "**Application**")[1] of the debtor and debtor in possession (the "**Debtor**") for entry of an order, pursuant to sections 327(a), 328(a) and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), authorizing the retention and employment of Baker & McKenzie LLP ("**Baker McKenzie**") as counsel to the Debtor as of the Petition Date; the Court, having reviewed the Application, the *Declaration of Paul J. Keenan Jr. in Support of the Application for Entry of an Order Authorizing the Retention and Employment of Baker McKenzie as Counsel to the Debtor and Debtor in Possession, as of the Petition Date,* annexed to the Application as Exhibit B, finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core matter pursuant to 28 U.S.C. § 157(b)(2), that notice of the Application was sufficient under the circumstances, and that no further notice need be given, and the legal and factual bases set forth in the Application established just cause for the relief granted herein;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**IT IS HEREBY ORDERED THAT:**

1.     For the reasons set forth herein, the Application is GRANTED to the extent forth herein.

2.     Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtor is hereby authorized to retain and employ Baker McKenzie as counsel effective as of the Petition Date.

3.     Baker McKenzie is authorized to provide the following services:

(a)     advise the Debtor with respect to its rights, powers, and duties as debtor in possession in this Chapter 11 Case;

(b)     participate in in-person and telephonic meetings of the Debtor and any additional professionals or advisors retained by it;

(c)     attend all meetings and negotiating with representatives, creditors, the United States Trustee, and other parties-in-interest;

(d)     assist the Debtor in preparing pleadings in connection with the Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate,

(e)     take any necessary action on behalf of the Debtor to obtain confirmation of the prepackaged chapter 11 plan and all documents related thereto, and any subsequent amended plan, if and when necessary; ;

(f)     assist the Debtor in analyzing claims asserted against, and interests in, the Debtor, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

(g)     providing legal advice regarding bankruptcy law, corporate law, corporate governance, transactional, litigation and other issues; and

(h)     perform all other necessary legal services for the Debtor in connection with the prosecution of this Chapter 11 Case.

4.     Baker McKenzie shall be compensated and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

5.     Prior to any increases in Baker McKenzie's rates for any individual retained by Baker McKenzie and providing services in this Chapter 11 Case, Baker McKenzie shall file a supplemental declaration with the Court and provide 10 business days' notice to the Debtor and the U.S. Trustee which supplemental declaration shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The Debtor, the U.S. Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6.     Baker McKenzie may, but shall not be required to, apply any remaining amounts of the prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of this Court awarding fees and expenses to Baker McKenzie.

7.     Baker McKenzie shall review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts, relationships, or connections are discovered or arise, Baker McKenzie shall promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.     Baker McKenzie shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with any interim or final fee applications it files in the Chapter 11 Case.

9. Baker McKenzie shall make reasonable efforts to avoid the duplication of services provided by any of the Debtors' other retained Professionals in this Chapter 11 Case.

10. Baker McKenzie will not charge the estate(s) for time spent preparing or reviewing the invoices or time records submitted in support of any monthly fee statements or fee applications.

11. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12. The terms of this Order shall be immediately effective and enforceable upon its entry.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2024
      New York, New York

                        _____
                        HONORABLE DAVID S. JONES
                        UNITED STATES BANKRUPTCY JUDGE

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

_____/

### DECLARATION OF PAUL J. KEENAN JR. IN SUPPORT
### OF THE APPLICATION OF THE DEBTOR FOR ENTRY OF AN
### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
### BAKER MCKENZIE AS COUNSEL TO DEBTOR AS OF THE PETITION DATE

I, *Paul J. Keenan Jr.,* hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1.        I am a partner in the law firm of Baker & McKenzie, LLP ("**Baker McKenzie**"), which maintains an office at 1111 Brickell Avenue, 10th Floor, Miami, FL 33131. I submit this declaration (the "**Declaration**") on behalf of Baker McKenzie in support of the application (the "**Application**"),[1] of the above-captioned debtor and debtor in possession (the "**Debtor**") for an order, pursuant to sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), authorizing the retention and employment of Baker McKenzie as counsel to the Debtor in the above-captioned Chapter 11 Case effective as of May 16, 2024 (the "**Petition Date**"). Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Baker McKenzie.

2.     The facts set forth below are based either upon my personal knowledge, discussions with other partners and associates of Baker McKenzie, or review of the client/matter records of Baker McKenzie by me or by associates of Baker McKenzie acting under my supervision and direction.

## DEBTOR'S RETENTION OF BAKER MCKENZIE

3.     The Debtor has filed the Application to retain Baker McKenzie, subject to this Court's approval, as counsel. The legal services that Baker McKenzie expects to render to the Debtor include, but are not limited to:

(a)     advise the Debtor with respect to its rights, powers, and duties as debtor in possession in this Chapter 11 Case;

(b)     participate in in-person and telephonic meetings of the Debtor and any additional professionals or advisors retained by it;

(c)     attend all meetings and negotiating with representatives, creditors, the United States Trustee, and other parties-in-interest;

(d)     assist the Debtor in preparing pleadings in connection with the Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate,

(e)     take any necessary action on behalf of the Debtor to obtain confirmation of the prepackaged chapter 11 plan and all documents related thereto, , and any subsequent amended plan, if and when necessary;

(f)     assist the Debtor in analyzing claims asserted against, and interests in, the Debtor, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

(g)     providing legal advice regarding bankruptcy law, corporate law, corporate governance, transactional, litigation and other issues; and

(h)     perform all other necessary legal services for the Debtor in connection with the prosecution of this Chapter 11 Case.

4.     Baker McKenzie has the resources and experience necessary to represent the Debtor in this Chapter 11 Case as counsel because of Baker McKenzie's extensive experience and

knowledge in the fields of debtor and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

5.        Baker McKenzie intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Baker McKenzie. Baker McKenzie has advised the Debtor that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Debtor are as follows:

| PROFESSIONAL | RATE PER HOUR |
|---|---|
| Paul J. Keenan Jr. | $1,645.00 |
| Blaire Cahn | $1,345.00 |
| Reginald Sainvil | $1,195.00 |
| Maribel R. Fontanez | $465.00 |
| Lori Seavey | $465.00 |

6.        Other attorneys and paralegals will render services to the Debtor as needed. As of the date of this Declaration, Baker McKenzie's current hourly rates range from $1,195.00 to $2,000.00 per hour for partners, $670.00 to $1,195.00 per hour for associates, and $395.00 to $715.00 per hour for paralegals. The Debtor understands that the hourly rates set forth above are subject to periodic adjustments in the ordinary course of business.

7.        The hourly rates set forth above are Baker McKenzie's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Baker McKenzie

for its work and to cover fixed and routine overhead expenses. It is Baker McKenzie's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain non-ordinary secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Baker McKenzie will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to its other clients, subject to this Court's approval of such expenses pursuant to the Bankruptcy Code, such Bankruptcy Rules as may from time to time be applicable, such Local Rules as may from time to time be applicable, and such procedures as may be fixed by order of this Court. Baker McKenzie believes that failure to charge these expenses would require the firm to increase its current hourly rates.

8.     Baker McKenzie intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, this Declaration and related documents, as well as any monthly fee statements or interim or final fee applications.

9.     Other than as set forth herein, there is no proposed arrangement to compensate Baker McKenzie. Baker McKenzie has not shared, nor agreed to share: (a) any compensation it has received or may receive with any other party or person, other than with the partners and associates of Baker McKenzie; or (b) any compensation another person or party has received or may receive.

10. Consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, I submit the following information:

(a) Baker McKenzie did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

(b) None of Baker McKenzie's professionals included in this engagement have varied their rate based on the geographic location for this Chapter 11 Case; and

(c) Baker McKenzie first represented the Debtor in November 2023. The billing rates and material financial terms were the same or very similar to those set forth herein.

(d) The Debtor and Baker McKenzie discussed a budget and staffing plan developed by Baker McKenzie and which reflects the estimated number of hours and fees that Baker McKenzie expects to expend on the filing, prosecution and successful completion of the Chapter 11 Case and the estimated type and number of professionals and paraprofessionals needed to successfully represent the Debtor during the course of the Chapter 11 Case. The Debtor approved the budget and staffing plan. The Debtor recognizes, however, that it is possible that during the Chapter 11 Case there may be unforeseen fees and expenses that will need to be addressed by the Debtor and Baker McKenzie.

11. By reason of the foregoing, I believe Baker McKenzie is eligible for employment and retention by the Debtor pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and the applicable Bankruptcy Rules.

## BAKER MCKENZIE'S DISCLOSURE PROCEDURES

12. To the best of my knowledge and information after due inquiry, and except as disclosed herein: (a) Baker McKenzie has no interest adverse to the Debtor; and, (b) Baker McKenzie is a "disinterested person" for purposes of section 327(a) of the Bankruptcy Code. For so long as Baker McKenzie represents the Debtor as counsel, and absent further order of this Court,

Baker McKenzie will not represent any entity other than the Debtor in connection with this bankruptcy case.

13.     As more fully described hereinafter, Baker McKenzie maintains a computer client database (the "**Client Database**") containing the names of all of Baker McKenzie's current and former clients and, where practical, the known affiliates of those clients. In connection with preparing this Declaration, I caused to be submitted to, and caused to be checked against, the Client Database, those potentially interested parties in this Chapter 11 Case listed on **<u>Exhibit 1</u>** hereto (collectively, the "**Potentially Interested Parties**"). Baker McKenzie compared the names of the Potentially Interested Parties against the Client Database. Based upon my review of the Potentially Interested Parties and the report from Baker McKenzie's Client Database, I have determined that Baker McKenzie has or had a relationship with certain Potentially Interested Parties as identified in Baker McKenzie's conflict check and disclosed on **<u>Exhibit 2</u>** attached hereto.

14.     Through a firm wide email, Baker McKenzie solicited information from its attorneys to determine whether any attorneys employed by Baker McKenzie are related to the Bankruptcy Judge presiding over this Chapter 11 Case, the United States Trustee for Region 2, or any attorney known to Baker McKenzie to be employed in the New York Office of the United States Trustee. Based upon this review, no such connections have been discovered to date. No partner or associate of Baker McKenzie is a relative of, or has been so connected with, any United States Bankruptcy Judge for the Southern District of New York, any of the District Court Judges for the Southern District of New York who handle bankruptcy cases, the United States Trustee for Region 2, the Assistant United States Trustee for the Southern District of New York, the attorney for the U.S. Trustee assigned to this Chapter 11 Case, or any other employee of the U.S. Trustee,

except as set forth herein. In the event that any additional information is received, Baker McKenzie will supplement this Declaration to the extent necessary.

15. Baker McKenzie maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of Baker McKenzie to make and maintain these records. The Client Database maintained by Baker McKenzie is designed to include every matter on which Baker McKenzie is now or has been engaged, the entity by which Baker McKenzie is now or has been engaged, and, in each instance, the identity of related parties, adverse parties, and the name of an attorney at Baker McKenzie who is knowledgeable about the matter. It is the policy of Baker McKenzie that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Client Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, the Client Database is regularly updated for every new matter undertaken by Baker McKenzie.

16. Baker McKenzie may have connections to certain creditors and other parties-in-interest in this Chapter 11 Case. Those connections may include representation of the entity, an affiliate, or related party, as well as representation of parties adverse to such parties, affiliates, or related parties in matters unrelated to this Chapter 11 Case. In addition, it is possible that Baker McKenzie and certain of its partners and associates may have in the past represented, may currently represent, and may in the future represent parties-in-interest in connection with matters unrelated to the Debtor or this Chapter 11 Case. Moreover, Baker McKenzie appears in many cases, proceedings, and transactions involving different attorneys, financial consultants, and investment bankers, some of which may now or in the future represent the Debtor, Potentially Interested

Parties or other parties-in-interest in this Chapter 11 Case. From time to time, Baker McKenzie will supplement this Declaration to the extent necessary.

17. To the best of my knowledge, information and belief, Baker McKenzie does not represent or hold any interest adverse to the Debtor. Accordingly, I believe that Baker McKenzie satisfies the requirements for employment as counsel to the Debtor pursuant to section 327(a) of the Bankruptcy Code.

18. Baker McKenzie is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in that Baker McKenzie, its partners, and associates:

- are not creditors, equity security holders, or insiders of the Debtor;

- are not and were not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtor; and

- do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

19. Baker McKenzie and certain of its partners and associates may have in the past represented and may currently represent and likely in the future will represent creditors of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 Case. Any such representations are disclosed herein.

20. The facts set forth below are based either upon my personal knowledge, discussions with other partners and associates of Baker McKenzie, and client/matter records of Baker McKenzie reviewed by me or by associates of Baker McKenzie acting under my supervision and direction.

**REQUEST FOR APPROVAL OF RETENTION OF**
**BAKER MCKENZIE EFFECTIVE AS OF THE PETITION DATE**

21.     For the reasons stated in the Application, Baker McKenzie has requested, and the Debtor has agreed, that Baker McKenzie's retention be approved effective as of the Petition Date, in order to allow Baker McKenzie to be compensated for the work it has performed for the Debtor prior to the Court's consideration and approval of the Application.

22.     By reason of the foregoing, I believe Baker McKenzie is eligible for employment and retention by the Debtor pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code and the applicable Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge, and belief.

Executed on June 5, 2024

                                              */s/ Paul J. Keenan Jr.*
                                              Paul J. Keenan Jr

<u>**EXHIBIT 1**</u>

**Potentially Interested Parties**

**<u>Debtor</u>**
- Credivalores – Crediservicios S.A.

**<u>Current and Former Officers & Directors of
  the Debtor and its Non-Debtor Affiliates
  (3-year lookback)</u>**
- Carlos Eduardo Meza Guarnizo
- Gustavo Adrián Ferraro
- Jaime Francisco Buriticá Leal
- José Miguel Knoell Ferrada
- Juan Manuel Trujillo Sánchez
- Luis María Blaquier

**<u>Top Unsecured Creditors</u>**
- Alcaldia del Municipio
- American Smart System & Networks Ltda
- Americas Business Process Services SA
- Axesnet SAS BIC
- BAN100 S.A
- Banco de Bogota
- Banco de Occidente
- Bancolombia
- Bank of New York Mellon as trustee of the unsecured notes due in 2025
- BRC Ratings - S Global S.A. Sociedad Calificadora de Valores
- Cardif Colombia Seguros Generales S.A.
- Central de Cobranzas SAS
- Cirion Technologies Colombia S.A.S
- Cobranza Nacional de Creditos S.A.S
- Contact Finanzas S.A.S
- Credibanco SA
- Cuatrecasas, Goncalves Pereira S.A.S
- Cybertech de Colombia LTDA
- Delima Marsh
- Dirección de Impuestos Nacionales DIAN
- Econtact Col SAS
- Experian Colombia SA
- Fiducolombia Sociedad Fiduciaria S.A.
- Finanza Inversiones S.A.S

- Finleco B P O SAS
- Fondo Nacional de Garantias
- Gomez Higuera Asociados SAS
- Grupo Consultor RA SAS
- Heinsohn Business Technology SA
- Inter Notes Euro Commercial Paper Program
- Interlan SAS
- IT Business & Finances Colombia SAS
- JJ Cobranzas y Abogados SAS
- Liberty Networks de Colombia S.A.S
- Mapfre Colombia Vida Seguros SA
- Metlife Colombia Seguros de Vida S.A
- Milenio PC SA
- Oracle Colombia LTDA
- Paul Hastings
- Pro Capital Sociedad de Bolsa SA
- Procesos & Canje SA
- Puntualmente SAS
- PWC Contadores y Auditores SAS
- Secretaria de Hacienda
- Sistema G & G SA
- Softwareone Colombia S.A.S
- Sonda de Colombia S A
- Systemgroup S.A.S
- Vision Software S.A.

**<u>Lessors</u>**
- A. Parra y CIA S EN C
- Caja de Sueldos de Retiro de La Policía Nacional
- Colventas S.A
- Empresa Inmobiliaria Cundinamarquesa
- Felipe Andres Martinez Moreno
- Imobiliaria e Ingenieria Arana & CIA S EN C
- Inmobiliaria Tonchala S.A.S
- Jorge Giraldo & CIA
- Miguel Angel Borrero Castiblanco
- Patrimonio Autónomo Estrategias Inmobiliarias
- Ricardo Leon Gomez

- Roger Augusto Paternina Villareal
- Vive de Lujo Valledupar S.A.S

**Material Contract Counterparties**
- A. Parra y CIA S EN C
- Caja de Sueldos de Retiro de La Policía Nacional
- Colventas S.A
- Empresa Inmobiliaria Cundinamarquesa
- Felipe Andres Martinez Moreno
- Fitch Ratings Inc
- Imobiliaria e Ingenieria Arana & CIA S EN C
- Inmobiliaria Tonchala S.A.S
- Jorge Giraldo & CIA
- Miguel Angel Borrero Castiblanco
- Patrimonio Autónomo Estrategias Inmobiliarias
- Ricardo Leon Gomez
- Roger Augusto Paternina Villareal
- Vive de Lujo Valledupar S.A.S

**Insurance Companies and Brokers/Agents**
- BBVA Seguros
- Cardif Colombia Seguros Generales S.A.
- Chubb Seguros Colombia S.A.
- La Equidad Seguros O.C.
- Panamerican Life de Colombia Compañía de Seguros, S.A.
- SBS Seguros Colombia S.A.
- Seguros Generales Suramericana S.A.
- Seguros SURA Colombia

**Secured Creditors**
- Ban100
- Banco de Bogotá S.A.
- Banco de Occidente S.A.
- Banco Santander de Negocios Colombia S.A.
- Banco Santander S.A., Sucursal Uruguay
- BTG Pactual
- Citibank Colombia S.A.
- Fiduciaria Bancolombia S.A. Sociedad
- Fiduciaria Coomeva S.A.

- Systemgroup S.A.S.
- Ubs O'Connor LLC

**Banks**
- Fiduciaria Bancolombia S.A. Sociedad Fiduciaria
- Finanza Inversiones S.A.S.
- Patrimonio Autónomo PA Credivalores UBS Gramercy

**Benefits/Payroll Providers**
- Caja Compensación Familiar y EPS Compensar
- Caja de Compensacion Familiar de Fenalco del Tolima Comfenalco
- Caja de Compensación Familiar del Caquetá COMFACA
- Crear Network S.A.S. (Batches)
- Instituto Colombiano de Bienestar Familiar (ICBF)
- Seguros de Vida Suramericana S.A.
- Servicio Nacional de Aprendizaje (SENA)
- Softland Colombia S.A.S.(Payroll Software)

**Health Providers**
- Aliansalud Entidad Promotora de Salud S.A
- Caja Compensación Familiar y EPS Compensar
- Capital Salud Entidad Promotora de Salud del Régimen Subsidiado S.A.S.
- Coosalud Entidad Promotora de Salud S.A.
- Entidad Promotora de Salud Famisanar S.A.S
- Entidad Promotora de Salud Sanitas S.A.
- EPS Suramericana S.A.
- Nueva Empresa Promotora de Salud S.A.
- Salud Total Entidad Promotora de Salud del Regimen Contributivo y del Regimen Subsidiado S.A.

**Severance Fund Administrator
and related service providers**

- Administradora de Fondos de Pensiones y Cesantías Protección S.A.
- Colfondos S.A. Pensiones y Cesantías
- Fondo Nacional del Ahorro
- Fondo Nacional del Ahorro - Cesantias
- La Administradora Colombiana de Pensiones - Colpensiones
- Skandia Pensiones y Cesantías S.A.
- Sociedad Administradora de Fondos de Pensiones y Cesantías Porvenir S.A.

**Government and Regulatory Authorities**

- Superintendencia de Sociedades
- Superintendencia Financiera

**Taxing Authorities**

- Alcaldia del Municipio Armenia
- Alcaldia del Municipio Barranquilla
- Alcaldia del Municipio Cali
- Alcaldia del Municipio Cartagena
- Alcaldia del Municipio Cucuta
- Alcaldia del Municipio Ibague
- Alcaldia del Municipio Manizales
- Alcaldia del Municipio Medellin
- Alcaldia del Municipio Neiva
- Alcaldia del Municipio Pereira
- Alcaldia del Municipio Santa Marta
- Alcaldia del Municipio Sincelejo
- Alcaldia del Municipio Valledupar
- Dirección de Impuestos y Aduanas Nacionales de Colombia (DIAN)
- Secretaria de Hacienda Bogota

**Top 5 Equity Holders**

- Acon Colombia Consumer Finance Holdings, S.L.
- Acon Consumer Finance Holdings II, S.L.
- Crediholding S.A.S.
- Davalia Gestión de Activos S.L.
- Lacrot Inversiones 2014, S.L.U.

**Utilities**

- Acueducto Metropolitano de Bucaramanga S.A. E.S.P.
- Aguas de La Sabana
- Aguas de Manizales
- Aguas de Monteria
- Aguas de Tunja
- Aguas Kpital de Cucuta
- Air-E
- Almacenes Éxito
- Aqua Occidente
- Aqualia Latinoamérica S.A. E.S.P
- Caribemar de La Costa
- Celsia Colombia S.A. E.S.P.
- Central Hidroelectrica de Caldas S.A. E.S.P.
- Centrales Eléctricas de Norte de Santander S.A.
- Centrales Electricas del Huila S.A.
- Centurylink
- Colombia Telecomunicaciones
- Colombiana de Comercio S.A. Corbeta S.A. Y /O Alkosto S.A.
- Compañía de Jesus
- Compañía Energetica de Occidente
- Comunicacion Celular S.A.
- Edificio QBE Central
- Electrificadora de Santander S.A. E.S.P.
- Electrificadora del Caqueta
- Electrificadora del Meta
- Empresa de Acueducto y Alcantarillado de Villavicencio E.S.P.
- Empresa de Aguas de Girardot, Ricaurte y La Region S.A. E.S.P.
- Empresa de Energía de Boyacá S.A E.S.P.
- Empresa de Energia del Quindio
- Empresa de Obras Sanitarias de Caldas
- Empresa de Recursos Tecnologicos S.A.
- Empresa de Servicios de Florencia SERVAF S.A E.S.P.
- Empresa de Servicios Públicos de Valledupar S.A.
- Empresa de Servicios Públicos del Distrito de Santa Marta E.S.P.

- Empresa de Telecomunicaciones de Bogotá S.A.
- Empresas Municipales de Cali EICEESP
- Empresas Publicas de Armenia
- Empresas Públicas de Medellín -
- ENEL Colombia S.A. E.S.P
- Energia de Pereira
- Enertotal S A E S P
- EPM Telecomunicaciones
- Hernando Diaz Lopez
- Las Ceibas
- Sociedad Productora de Energía de San Andrés y Providencia S.A. E.S.P.
- Triple A SA ESP

**Litigation Counterparties and Pending Lawsuits**
- Eddy Alessandro Álvarez Sánchez
- Pedro Pablo Castillo Tamayo
- Superintendencia de Industria y Comercio

**US Trustee and Staff [SD NY]**
- Alaba Ogunleye
- Amanda D. Cassara
- Andrea B. Schwartz
- Andy Velez-Rivera
- Annie Wells
- Brian S. Masumoto
- Daniel Rudewicz
- Ercilia A. Mendoza
- Greg M. Zipes
- Ilusion Rodriguez
- Linda A. Riffkin
- Madeleine Vescovacci
- Mark Bruh
- Mary V. Moroney
- Joseph Nadkarni
- Paul K. Schwartzberg
- Rachael E Siegel
- Shannon Scott
- Shara Cornell
- Sylvester Sharp
- Tara Tiantian

- Valentina Vlasova
- Victor Abriano

**Judges and Staff**
**[SD NY Bankruptcy Court]**
- Chief Judge Martin Glenn
- Judge Cecelia G. Morris
- Judge David S. Jones
- Judge James L. Garrity, Jr.
- Judge John P. Mastando
- Judge Lisa G. Beckerman
- Judge Michael E. Wiles
- Judge Philip Bentley
- Judge Sean H. Lane
- Aileen Ramia
- Arielle Ambra
- Caroline Ellis
- Carolyn Indelicato
- Cathy Shu
- Chantel Barrett
- Christine Azzaro
- Courtney N. Blinn
- Daniel McCarthy
- deanna Anderson
- Dorie Arthur
- Dwij Patel
- Emilie Simone
- Francis O'Rourke
- Greg White
- Griselda Cabrera
- Ilayna Guevrekian
- Jacqueline dePierola
- Jiawei Lin
- Jillian Ingrisano
- John Kuebler
- Leslie Wybiral
- Liza Ebanks
- Lorraine Echevarria
- Lynda Calderon
- Maria Rodriguez-Castillo
- Matthew Smith
- Paul Veazey
- Philip Lockwood-Bean

- Sarah Rosenthal
- Vanessa Ashmeade
- Vincent Puzak
- Willie Rodriguez

**Clerk of the Court**
- Vito Genna

**Professionals**
- Baker & McKenzie LLP
- BCP Securities, Inc.
- Bensons Clark Abogados
- Borrero & Illidge Advisors SAS
- Epiq Corporate Restructuring LLC
- FTI Consulting Canada ULC
- Gomez Higuera Asociados S.A.S.
- MA Legal S.A.S.
- My Brand Legal

**Shareholders**
- ACON Consumer Finance Holdings II, S.L.
- ACON Consumer Finance Holdings, S. de R.L.
- Crediholding S.A.S. – Seinjet Family
- Davalia Gestión de Activos S.L
- GDA Luma
- Gramercy Funds Managements LLC
- Lacrot Inversiones 2014 S.L.U.

**Permitted Holders**
- ACON Investments, L.L.C.
- David Seinjet
- GDA Luma Capital Management, L.P.
- Gramercy Funds Managements LLC

**Related Parties**
- Asesorias Financieras de Credito S.A.S
- Ban100 S.A.
- Finanza Inversiones S.A.S.

**EXHIBIT 2**

**Client Match List – Potentially Interested Parties (or Affiliated Entities)**

| | |
|---|---|
| Aguas de Manizales | Baker McKenzie has represented in the past, and will likely represent in the future Aguas de Manizales, in matters unrelated to the Debtor and this case. |
| Aguas de Monteria | Baker McKenzie currently represents and will likely represent in the future an affiliate of Aguas de Monteria, in matters unrelated to the Debtor and this case. |
| Aguas de Tunja | Baker McKenzie currently represents and will likely represent in the future an affiliate of Aguas de Tunja, in matters unrelated to the Debtor and this case. |
| Aqualia Latinoamérica S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Aqualia Latinoamerica S.A., in matters unrelated to the Debtor and this case. |
| Axesnet SAS BIC | Baker McKenzie represented in the past, and will likely represent in the future an ffiliate of Axesnet SAS BIC, in matters unrelated to the Debtor and this case. |
| Banco de Bogota<br><br>Banco de Bogotá S.A. | Baker McKenzie has represented in the past, and will likely represent in the future Banco de Bogota, in matters unrelated to the Debtor and this case |
| Banco de Occidente<br><br>Banco de Occidente S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Banco de Occidente S.A., in matters unrelated to the Debtor and this case. |
| Banco Santander | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future affiliates of Banco Santander, in matters unrelated to the Debtor and this case. |
| Bancolombia | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future affiliates of Bancolombia, in matters unrelated to the Debtor and this case. |

| | |
|---|---|
| BBVA Seguros | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future affiliates of BBVA Seguros, in matters unrelated to the Debtor and this case. |
| BCP Securities, Inc. | Baker Mckenzie currently represents, has represented in the past, and will likely represent in the future BCP Securities, Inc. and affiliates, in matters unrelated to the Debtor and this case. |
| BRC Ratings - S Global S.A. Sociedad Calificadora de Valores | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of BRC Ratings - S Global S.A. Sociedad Calificadora de Valores, in matters unrelated to the Debtor and this case. |
| BTG Pactual | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future BTG Pactual and affiliates, in matters unrelated to the Debtor and this case. |
| Caja Compensación Familiar y EPS Compensar | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Caja Compensación Familiar y EPS Compensar, in matters unrelated to the Debtor and this case. |
| Caja de Compensacion Familiar de Fenalco del Tolima Comfenalco | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Caja de Compensacion Familiar de Fenalco del Tolima Comfenalco, in matters unrelated to the Debtor and this case. |
| Caja de Compensación Familiar del Caquetá COMFACA | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Caja de Compensación Familiar del Caquetá COMFACA, in matters unrelated to the Debtor and this case. |
| Cardif Colombia Seguros Generales S.A. | Baker McKenzie currently represents, has represented in the past and will likely represent in the future, Cardif Colombia Seguros Generales S.A. and an affiliate (BNP Paribas), in matters unrelated to the Debtor and this case. |

| | |
|---|---|
| Celsia Colombia S.A. E.S.P. | Baker McKenzie has currently represents, has represented in the past, and will likely represent in the future and affiliate of Celsia Colombia S.A. E.S.P., in matters unrelated to the Debtor and this case. |
| Centurylink | Baker McKenzie has currently represents, has represented in the past, and will likely represent in the future Centurylink and an affiliate, in matters unrelated to the Debtor and this case. |
| ENEL Colombia S.A. E.S.P | Baker McKenzie has currently represents, has represented in the past, and will likely represent in the future ENEL Colombia S.A. E.S.P and an affiliate, in matters unrelated to the Debtor and this case. |
| Colombia Telecomunicaciones | Baker McKenzie has currently represents, has represented in the past, and will likely represent in the future Colombia Telecomunicaciones and an affiliate, in matters unrelated to the Debtor and this case. |
| Chubb Seguros Colombia S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Chubb Seguros Colombia S.A.and an affiliate, in matters unrelated to the Debtor and this case. |
| Cirion Technologies Colombia S.A.S | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Cirion Technologies Colombia S.A.S, in matters unrelated to the Debtor and this case. |
| Citibank Colombia S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Citibank Colombia S.A., in matters unrelated to the Debtor and this case. |
| Colfondos S.A. Pensiones y Cesantías | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Colfondos S.A. Pensiones y Cesantías, in matters unrelated to the Debtor and this case. |
| Colombiana de Comercio S.A. Corbeta S.A. y /o ALKOSTO S.A. | Baker McKenzie has represented in the past, and will likely represent in the future Colombiana de Comercio S.A. Corbeta S.A. y/o Alkosto S.A. Almacenes Éxito, in matters unrelated to the Debtor and this case. |

| | |
|---|---|
| Compañía Energetica de Occidente | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Compañía Energetica de Occidente, in matters unrelated to the Debtor and this case. |
| Credibanco SA | Baker McKenzie has represented in the past, and will likely represent in the future an affiliate of Credibanco SA, in matters unrelated to the Debtor and this case. |
| Cuatrecasas, Goncalves Pereira S.A.S | Baker McKenzie has represented in the past, and will likely represent in the future an affiliate of Cuatrecasas, Goncalves Pereira S.A.S, in matters unrelated to the Debtor and this case. |
| Delima Marsh | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Delima Marsh and an affiliate of , in matters unrelated to the Debtor and this case. |
| Econtact Col SAS | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Econtact Col SAS, in matters unrelated to the Debtor and this case. |
| Empresa de Energía de Boyacá S.A E.S.P. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Empresa de Energía de Boyacá S.A E.S.P., in matters unrelated to the Debtor and this case. |
| Empresas Públicas de Medellín<br><br>EPM Telecomunicaciones | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Empresas Públicas de Medellín, in matters unrelated to the Debtor and this case. |
| Epiq Corporate Restructuring LLC | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Epiq Corporate Restructuring LLC, in matters unrelated to the Debtor and this case. |
| EPS Suramericana S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future EPS Suramericana S.A. and an affiliate, in matters unrelated to the Debtor and this case. |
| Experian Colombia SA | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Experian Colombia SA and an affiliate, in matters unrelated to the Debtor and this case. |

| | |
|---|---|
| Fiduciaria Bancolombia S.A. Sociedad | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Fiduciaria Bancolombia S.A. Sociedad, in matters unrelated to the Debtor and this case. |
| Fiduciaria Bancolombia S.A. Sociedad Fiduciaria | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Fiduciaria Bancolombia S.A. Sociedad Fiduciaria, in matters unrelated to the Debtor and this case. |
| Fiduciaria Coomeva S.A. | Baker McKenzie has represented in the past, and will likely represent in the future an affiliate of Fiduciaria Coomeva S.A., in matters unrelated to the Debtor and this case. |
| Fitch Ratings Inc | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Fitch Ratings Inc and an affiliate, in matters unrelated to the Debtor and this case. |
| FTI Consulting Canada ULC | Baker McKenzie has represented in the past, and will likely represent in the future FTI Consulting Canada ULC in matters unrelated to the Debtor and this case. Baker McKenzie currently represents, has represented in the past and will likely represent in the future an affiliate of FTI Consulting Canada ULC, in matters unrelated to the Debtor and this case. |
| Instituto Colombiano de Bienestar Familiar (ICBF) | Baker McKenzie has represented in the past, and will likely represent in the future an affiliate of Instituto Colombiano de Bienestar Familiar (ICBF), in matters unrelated to the Debtor and this case. |
| Judge David S. Jones | Baker McKenzie has represented in the past and will likely represent in the future Judge David S. Jones, in matters unrelated to the Debtor and this case. |
| La Equidad Seguros O.C. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an entity related to La Equidad Seguros O.C., in matters unrelated to the Debtor and this case. |
| Mapfre Colombia Vida Seguros SA | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Mapfre Colombia Vida Seguros SA and an affiliate, in matters unrelated to the Debtor and this case. |

| | |
|---|---|
| Metlife Colombia Seguros de Vida S.A | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Metlife Colombia Seguros de Vida S.A, in matters unrelated to the Debtor and this case. |
| Oracle Colombia LTDA | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Oracle Colombia LTDA and an affiliate, in matters unrelated to the Debtor and this case. |
| Panamerican Life de Colombia Compañía de Seguros, S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Panamerican Life de Colombia Compañía de Seguros, S.A., in matters unrelated to the Debtor and this case. |
| Patrimonio Autónomo Estrategias Inmobiliarias | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Patrimonio Autónomo Estrategias Inmobiliarias, S.A., in matters unrelated to the Debtor and this case. |
| Paul Hastings | Baker McKenzie has represented in the past, and will likely represent in the future Paul Hastings, in matters unrelated to the Debtor and this case. Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of Paul Hastings, in matters unrelated to the Debtor and this case. |
| PWC Contadores y Auditores SAS | Baker McKenzie currenlty represents, has represented in the past, and will likely represent in the future an affiliate of PWC Contadores y Auditores SAS, in matters unrelated to the Debtor and this case. |
| Seguros de Vida Suramericana S.A. | Baker McKenzie currently represents, has represented in the past and will likely represent in the future, an affiliate of Seguros de Vida Suramericana S.A, in matters unrelated to the Debtor and this case. |
| Seguros Generales Suramericana S.A. | Baker McKenzie currently represents, has represented in the past and will likely represent in the future, an affiliate of Seguros Generales Suramericana S.A., in matters unrelated to the Debtor and this case. |

| | |
|---|---|
| Seguros SURA Colombia | Baker McKenzie currently represents, has represented in the past and will likely represent in the future, an affiliate of Seguros SURA Colombia, in matters unrelated to the Debtor and this case. |
| Softwareone Colombia S.A.S | Baker McKenzie currently represents, has represented in the past and will likely represent in the future, an affiliate of Softwareone Colombia Softwareone Colombia S.A.S, in matters unrelated to the Debtor and this case. |
| Superintendencia de Industria y Comercio | Baker McKenzie has represented in the past and will likely represent in the future, Superintendencia de Industria y ComercioSuperintendencia de Industria y Comercio, in matters unrelated to the Debtor and this case. |
| Systemgroup S.A.S. | Baker McKenzie has represented in the past and will likely represent in the future an affiliate of Systemgroup S.A.S., in matters unrelated to the Debtor and this case. |
| Ubs O'Connor LLC | Baker McKenzie has represented in the past and will likely represent in the future Ubs O'Connor LLC, in matters unrelated to the Debtor and this case. Baker McKenzie currently represents, has represented in the past, and will likely represent in the future an affiliate of UBS O'Connor LLC, in matters unrelated to the Debtor and this case. |
| Vision Software S.A. | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future Vision Software S.A., in matters unrelated to the Debtor and this case. |
| The Bank of New York Mellon | Baker McKenzie currently represents, has represented in the past, and will likely represent in the future The Bank of New York Mellon and an affiliate, in matters unrelated to the Debtor and this case. |