**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

**FINAL ORDER (A) AUTHORIZING (i) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (ii) MAINTENANCE OF EXISTING BANK ACCOUNTS, AND (iii) CONTINUED USE OF EXISTING BUSINESS FORMS, (B) AUTHORIZING CONTINUED PERFORMANCE UNDER RELATED PARTY TRANSACTIONS AND HISTORICAL PRACTICES, AND (C) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE**

Upon the motion, dated May 16, 2024 [Doc. No. 6] (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to sections 105(a), 363, 364, 553, 1107 and 1108 of the Bankruptcy Code (the "**Bankruptcy Code**"), Bankruptcy Rules 6003 and 6004(h), Local Bankruptcy Rule 9013-1(a), and the *Amended Procedural Guidelines for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York*, effective February 1, 2024, to (A) authorize, but not direct, (i) the continued use of existing cash management system(s), (ii) maintenance of bank accounts, and (iii) continued use of existing business forms and checks; (B) authorize, but not direct, continued performance under related party transactions and historical practices; and (C) waive the requirements of section 345(B) of the Bankruptcy Code; and upon consideration of the *Declaration of Jaime Francisco Buritica Leal (I) in Support of the Chapter 11 Petition and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2* dated May 16, 2024 [Doc. No. 4]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and a hearing having been held on May 20, 2024 (the "**Interim Hearing**") to consider the relief requested in the Motion on an interim basis, and the Court having entered an order granting the relief on an interim basis on May 21, 2024 [Doc. No. 38] (the "**Interim Order**"), and **no timely objections having been fined and** a **Certificate of No Objection having been filed** ~~final hearing on the Motion having been held on June 13, 2024 (the "Final Hearing")~~; and the Court having reviewed the Motion; and it appearing that (a) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (b) the Debtor have provided due and proper notice of the Motion, and no further notice is necessary, and (c) nothing in the Motion requests, and nothing in the Order grants, a waiver, termination, or modification of the automatic stay; and upon all of the proceedings had before the Court, including the record of the Interim Hearing ~~and the Final Hearing~~; and after due deliberation and sufficient cause appearing therefore,  **[DSJ 6/12/2024]**

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to maintain and use its Cash Management System, solely on the terms set forth in this Order.

3. The Debtor is authorized, but not directed, to maintain and use the existing Bank Accounts listed on **Exhibit C** to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

4. To the extent that the Debtor is not in compliance with the requirements of section 345(b) of the Bankruptcy Code and of the UST Guidelines, the Debtor is granted a sixty day extension of time to come into compliance with such requirements pending the final disposition of

the Motion. This Final Order is entered without prejudice to the Debtor's right to seek further extensions of the time to come into compliance with the requirements of section 345(b) of the Bankruptcy Code and the UST Guidelines as necessary.

5. The Debtor is authorized, but not directed, to deposit funds in and withdraw funds from its Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

6. The Debtor is authorized, but not directed, to continue to use its checks, correspondence and Business Forms including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's debtor-in-possession status.

7. The banks listed on **Exhibit C** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtor are hereby authorized and directed to continue to service and administer the Bank Accounts of the Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof. In no event shall any of the banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

8. For banks at which the Debtor holds Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the Southern District of New York, within ten (10) days of the date of entry of this Order, the Debtor shall (a) contact each

bank; (b) provide the bank with the Debtor's employer identification number; and (c) identify each of its Bank Accounts held at such banks as being held by a debtor-in-possession in a bankruptcy case.

9. Subject to section 553 of the Bankruptcy Code, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing or otherwise impeding the Debtor's use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in section 101(5) of the Bankruptcy Code) of any such bank against the Debtor that arose before the Petition Date, absent further order of this Court.

10. The Debtor is authorized, but not directed, to pay or reimburse any bank fees, claims, costs, expenses or charges associated with the Bank Accounts and arising prior to and after the Petition Date, including, without limitation, (i) service charges or fees; (ii) checks deposited with the banks which have been dishonored or returned for insufficient funds; and (iii) any reimbursement or other payment obligations, such as overdrafts, arising under the terms of any prepetition agreement existing between the Debtor and each bank (collectively, the "**Bank Account Claims**" and the banks in which the Debtor maintains the Bank Accounts, the "**Banks**"). In the course of maintaining any of the Bank Accounts for the Debtor, the Banks are authorized, without further order of this Court, to continue to deduct from the appropriate Bank Accounts, the Bank Account Claims incurred in connection with the Bank Accounts.

11. This Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as **Exhibit C** to the Motion. After entry of this Order, should the Debtor identify any Bank Accounts not listed on **Exhibit C**, it shall promptly file an amended **Exhibit C** with the Court, indicating any added or deleted Bank Accounts. Any and all accounts opened by the Debtor on or after the

Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on **Exhibit C**) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

12. The Debtor is authorized to request the Banks, and the Banks are authorized to accept and honor all representations from the Debtor, as to which checks, drafts, wires or ACH transfers should be honored or dishonored whether the Banks believe the payment is or is not consistent with the order(s) of this Court and governing law, and whether such checks, drafts, wires or ACH transfers are dated or made prior to, on or subsequent to the Petition Date.

13. Notwithstanding any provision of this Order to the contrary, the Banks will not be liable to any party on account of (a) following the Debtor's instructions or representations as to any check or other item that may be honored or as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

14. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

18. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: New York, New York
      June 12, 2024

                                              *s/ David S. Jones*
                                       HONORABLE DAVID S. JONES
                                       UNITED STATES BANKRUPTCY JUDGE