Paul J. Keenan Jr. (admitted *pro hac vice*)
Reginald Sainvil (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
  reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A. | Case No. 24-10837 (DSJ) |
| Debtor. | |

**DECLARATION OF JAIME FRANCISCO BURITICÁ LEAL IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S PREPACKAGED CHAPTER 11 PLAN**

I, Jaime Francisco Buriticá Leal, hereby declare under penalty of perjury as follows:

1. I am the *Gerente General*, or Chief Executive Officer, at Credivalores – Crediservicios S.A., a company organized under the laws of Colombia ("**Credivalores**"), the above-captioned debtor and debtor in possession (the "**Debtor**," or the "**Company**"). I am over the age of 18 and am authorized to submit this Declaration on behalf of the Debtor. Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge of the Debtor's operations, finances and restructuring activities, information gathered

from my review of relevant documents, and information supplied to me by members of my team that report to me, other members of the Debtor's management or the Debtor's advisors. If called upon to testify, I could and would testify competently to the facts set forth herein.

2.  I have reviewed and am generally familiar with the terms and provisions of the *Disclosure Statement with Respect to the Prepackaged Chapter 11 Plan of Credivalores – Crediservicios S.A.* [Doc. No. 18] (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**"), *the Prepackaged Chapter 11 Plan of Credivalores – Crediservicios S.A.* [Doc. No. 18] (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Plan**"), the other solicitation materials sent in respect of the Exchange Offer and the solicitation of the Plan, as well as with the documents comprising the Plan Supplement [Doc. No. 78]. I submit this declaration in support of confirmation of the Plan, and to provide background facts and opinions relevant to certain confirmation requirements set forth in section 1129 of the Bankruptcy Code.

3.  I previously submitted the *Declaration of Jaime Francisco Buriticá Leal in Support of (I) the Chapter 11 Petition and First Day Pleadings and (II) Pursuant to Local Rule 1007-2* [Doc. No. 4] (the "**First Day Declaration**"). The First Day Declaration included detailed information regarding the Debtor's business and the origins of this Chapter 11 Case and is incorporated herein by reference.

### A. The Plan Complies with the Applicable Provisions of Section 1129 of the Bankruptcy Code)

4.  I understand that Section 1129(a)(1) of the Bankruptcy Code requires a Chapter 11 plan to comply with all applicable provisions of the Bankruptcy Code. I further understand that the primary focus of this requirement is to ensure that a plan complies with Sections 1122

and 1123 of the Bankruptcy Code, which governs the manner in which a debtor may classify claims and interests. As further noted below, it is my understanding that the Plan complies with each of these requirements.

        **1.**    **The Plan Satisfies the Classification Requirements of Section 1122 of the Bankruptcy Code.**

5.    I understand that section 1122(a) of the Bankruptcy Code provides, in relevant part, as follows: "[A] plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class."

6.    The Plan provides for the separate classification of Claims and Interests as follows:

| Class | Description | Impairment | Entitled to Vote |
|---|---|---|---|
| A | Old Notes Claims | Impaired | Yes |
| B | Other Secured Claims | Unimpaired | No (Deemed to Accept) |
| C | General Unsecured Claims | Unimpaired | No (Deemed to Accept) |
| D | Interests | Unimpaired | No (Deemed to Accept) |

7.    I believe each Class identified above is composed of substantially similar Claims or Interests, and each instance of separate classifications of similar claims and Interests were based on valid business, factual, and legal reasons. No classification has been made for the purpose of gerrymandering votes. Each Claim or Interest is substantially similar to the other Claims or Interests in such respective Class. Indeed, the classification scheme follows the Debtor's capital structure and reasonably recognizes the different legal or factual nature of Claims or Interests. For example, Old Notes Claims are classified separately from Other Secured Claims due to their unique legal character, and Interests are classified separately from Claims. *See* Plan, Article III.

8.    Based on the above, I believe the Plan satisfies the classification requirements under Section 1122 of the Bankruptcy Code.

## 2. The Plan Satisfies the Seven Mandatory Requirements of Section 1123(a) of the Bankruptcy Code.

9. It is my understanding that Section 1123(a) of the Bankruptcy Code sets forth seven (7) criteria that every Chapter 11 plan must satisfy. As detailed below, I believe that the Plan satisfies each of these requirements:

   i. I understand that Section 1123(a)(1) of the Bankruptcy Code requires that the Plan designate, with specified exceptions, classes of claims and interests subject to section 1122 of the Bankruptcy Code. Article III of the Plan properly designates Classes of Claims and Interests, and therefore, I believe the Plan satisfies the requirements under Section 1123(a)(1) of the Bankruptcy Code.

   ii. I understand that Section 1123(a)(2) of the Bankruptcy Code requires that the Plan delineate any class of claims or interests unaffected by the Plan's provisions and that Section 1123(a)(3) of the Bankruptcy Code requires that the Plan detail the treatment of any class of claims or interests affected by the Plan. Article III of the Plan specifies the Classes of Claims and Interests that are unimpaired (which are Classes B, C, and D), the Classes of Claims that are impaired (Class A), as well as the treatment of these Classes. Accordingly, I believe that the requirements of Sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code are satisfied.

   iii. It is my understanding that the Plan also satisfies Section 1123(a)(4) of the Bankruptcy Code. To that end, I understand the Plan meets this requirement because Holders of Allowed Claims or Interests will receive the same treatment as other Holders of Allowed Claims or Interests within the same Class.

iv. I have been advised that section 1123(a)(5) of the Bankruptcy Code requires that the Plan establish "adequate means" for its implementation. It is my understanding that this requirement has been satisfied because the provisions in Articles IV, V and elsewhere in the Plan, and in the exhibits and attachments to the Plan, including the Plan Supplement and the Disclosure Statement, provide, in detail, adequate and proper means for the Plan's implementation, including regarding: (i) the issuance of the New Notes; (iii) the vesting of assets in the reorganized Debtor; (iv) the discharge of the Old Notes; and (v) the reinstatement of any equity interests. Thus, I believe the Plan provides adequate means for the Plan's implementation in accordance with section 1123(a)(5).

v. It is also my understanding that the organizational documents of the Debtor do not permit the company to issue non-voting equity securities. No such securities are being issued in this Chapter 11 Case. Therefore, it is my understanding that the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

vi. I further understand that section 1123(a)(7) of the Bankruptcy Code requires that the Plan's provisions with respect to the manner of selection of any director, officer or trustee, or any other successor thereto, be "consistent with the interests of creditors and equity security holders and with public policy." I believe the Plan satisfies this requirement because it contains provisions regarding the identification of the Reorganized Debtor's directors that are consistent with the interests of all Holders of Claims and Interests and with public policy. Therefore, it is my understanding that the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

### B. The Plan Satisfies Section 1123(d)

10. I understand that Article V of the Debtor's Plan provides for the assumption, assignment, or rejection of the Debtors' Executory Contracts, and Unexpired Leases not previously assumed, assumed and assigned, or rejected during the Chapter 11 Case.

11. I have been advised that the assumption, assignment, or rejection of executory contracts and unexpired leases must meet the requirements of Section 1123(d).

12. I believe that the Debtor is in compliance with section 1123(d) of the Bankruptcy Code because the assumption of the Debtors' Executory Contracts and Unexpired Leases pursuant to the Plan is based on the Debtor's valid business judgment and the Debtor has provided adequate assurance of future performance under the Executory Contracts and Unexpired Leases to be assumed.

13. Thus, I believe the Plan meets the requirements under section 1123(d) of the Bankruptcy Code.

### C. The Debtor Complied With the Applicable Provisions of Bankruptcy Code Section 1129(a)(2)

14. It is my understanding that section 1129(a)(2) of the Bankruptcy Code requires a Chapter 11 Debtor to comply with the disclosure and solicitation requirements under sections 1125 and 1126 of the Bankruptcy Code. For the reasons explained below, I believe these requirements have been met.

#### 1. The Debtor Complied with Section 1125 of the Bankruptcy Code.

15. I understand that section 1125 of the Bankruptcy Code requires the proponent of a proposed chapter 11 plan to provide holders of claims and equity interests entitled to vote on the plan with "adequate information" regarding that plan, which I have been advised means

information that is reasonably designed to permit an informed judgment by creditors and equity interest holders entitled to vote on a plan.

16. The Debtor's Disclosure Statement contains more than 500 pages, including information that is both accurate and relevant to its purpose of enabling stakeholders to make an informed judgment about whether to vote to accept or reject the Plan. Among other things, the Disclosure Statement includes the following key sections and information:

| Key Information Disclosed | Location in Disclosure Statement |
|---|---|
| An overview of the Plan. | pp. 2, 9, 24, 102 |
| A description of the corporate structure of the Debtor. | Annex A |
| Information regarding Claims. | pp. 10, 17, 24, 39, 102 |
| A description of key events leading to the commencement of the Chapter 11 Case. | Annex A |
| A discussion of risk factors affecting the implementation of the Plan. | p. 26 |
| An overview of the requirements for Confirmation of the Plan. | pp. 124 |
| A discussion of the tax consequences of the Plan. | p. 131 |
| A discussion regarding risks associated with the Debtor's business. | Annex A |
| A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | pp. 39, 102 |

17. Based on the above, it is my understanding that the Plan satisfies section 1125 of the Bankruptcy Code.

**2. The Debtor Complied with Section 1126 of the Bankruptcy Code.**

18. I have been advised that section 1126 of the Bankruptcy Code specifies the requirements for acceptance of a plan of reorganization, and that under section 1126 of the Bankruptcy Code, only holders of allowed claims and allowed interests that will receive or retain property under a plan on account of such claims or interest may vote to accept or reject the plan.

19. I understand that the Debtor solicited acceptances or rejections of the Plan from the Holders of Old Notes Claims in Class A, which I understand are the only Impaired Class of Claims that were entitled to vote under the Plan.

20. I further understand that the Debtor did not solicit votes from Holders of Claims and Interests in Classes B, C, and D, because I understand that Holders of Claims and Interests in these Classes are Unimpaired and pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan.

21. I was further advised that pursuant to section 1126(c) of the Bankruptcy Code, a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors. I understand that Class A voted to accept the Plan and the voting results are thus sufficient for Plan approval under section 1126(c) of the Bankruptcy Code.

22. Based on the above, I believe that the Debtor has satisfied the requirements of section 1126 of the Bankruptcy Code.

### D. The Debtor Proposed the Plan in Good Faith

23. I understand that, pursuant to section 1129(a)(3) of the Bankruptcy Code, the Debtor must demonstrate that it has proposed the Plan in good faith not by any means forbidden by law.

24. Having been extensively involved with the development of the Plan, I believe that the Plan was proposed in good faith, with honest and good intentions, and on the basis that a reorganization could be effected consistent with the objectives and purposes of the Bankruptcy Code. I believe the Debtor proposed the Plan with the legitimate and honest purpose of restructuring the Debtor's capital structure and ensuring the continued operation of the Debtor's business.

25. In addition, the Plan is the product of months of good faith, arm's length discussions with certain holders of the Old Notes over the terms of the New Notes, as well as the other consideration provided under the Plan to holders of Old Notes.

26. Based on the above, I believe the Plan satisfies the requirements under Section 1129(a)(3) of the Bankruptcy Code.

### E. Professional Fees and Expenses Subject to Court Approval Under Section 1129(a)(4).

27. I have been advised that Section 1129(a)(4) of the Bankruptcy Code requires that certain professional fees and expenses paid by the plan proponent, by the debtor or by a person issuing securities or acquiring property under the Plan, be subject to approval by the Bankruptcy Court as reasonable.

28. I understand that several retention applications have been filed and have been noticed and set for hearing at the Confirmation Hearing and that those professionals will file fee applications later in the Chapter 11 Case, if their retention is approved. I also understand that all retained professionals' fees and expenses are subject to final review for reasonableness by the Bankruptcy Court under section 330 of the Bankruptcy Code. Section 2.2 of the Plan further provides that Professionals shall file all final requests for payments of Professional Claims no later than 45 days after the Effective Date.

29. Additionally, the Debtor intends to seek Court approval for the payment of professional fees incurred prepetition in connection with the retention of the Debtor's investment banker, BCP Securities, Inc. ("BCP Securities"), who provided prepetition services to the Debtor. Prior to the Petition Date, BCP Securities and the Debtor entered into an Engagement Letter, which was negotiated at arm's length and in good faith between the parties, for the purpose of facilitating the Exchange Offer and performing related functions.

30. Pursuant to the Engagement Letter, the Debtor has agreed to pay BCP Securities in connection with the prepetition services performed on behalf of the Debtor. The Debtor maintains that the fees and expenses, which were negotiated at arm's length, are reasonable and appropriate in light of market conditions and because the Debtor requires the services that BCP Securities agreed to provide under the Engagement Letter. Further, such fees and expenses are comparable to those generally charged by investment bankers of similar stature to BCP Securities for comparable engagements, both in and out of bankruptcy proceedings, and is tied to the consummation and closing of the transactions and services contemplated by the Debtor and BCP Securities in the Engagement Letter.

31. Therefore, it is my understanding that the Plan complies with Section 1129(a)(4) of the Bankruptcy Code.

### F. The Plan Complies With Section 1129(a)(5)

32. I understand that section 1129(a)(5) of the Bankruptcy Code requires (a) that a plan proponent disclose the identity and affiliation of any individual proposed to serve as a director or officer of the debtor, or a successor thereto, under a Chapter 11 plan, (b) that the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) that a plan proponent disclose the identities or affiliations of insiders to be employed or retained by the reorganized debtors as directors and officers and the nature of any compensation for such insider.

33. As described above and as set forth in Exhibit A of the Plan Supplement, the Debtor has disclosed the identity and affiliations of the individuals proposed to serve as the initial directors and officers of the Reorganized Debtor. The Debtor anticipates that compensation for the directors and officers of the Reorganized Debtor will be consistent with the

Debtor's past practice. For these reasons, I believe that the Plan complies with the requirements of Section 1129(a)(5) of the Bankruptcy Code.

34. I also understand that section 1129(a)(5)(A)(ii) of the Bankruptcy Code requires that the court find the appointment or continuance of such officers and directors to be "consistent with the interests of creditors and equity security holders and with public policy," to ensure the propriety of the post-confirmation governance of the Reorganized Debtor.

35. In this case I believe that the Reorganized Debtor's proposed officers and directors satisfy these standards because they have previous experience working with and for the Debtor, experience in the Debtor's business and industry, and a working knowledge of the Debtor's operations and a desire to see the Debtor emerge as a viable company.

36. Therefore, I believe the Plan meets the requirements under section 1129(a)(5) of the Bankruptcy Code.

## G. No Required Government Regulatory Approval

37. I understand that section 1129(a)(6) of the Bankruptcy Code permits confirmation only if any regulatory commission that has or will have jurisdiction over a debtor after confirmation has approved any rate change provided for in the plan.

38. I do not believe section 1129(a)(6) of the Bankruptcy Code applies to this Chapter 11 Case because the Plan does not provide for any rate change that requires governmental regulatory approval.

## H. Additional Factual Averments Pursuant to Section 1129(a)

39. In addition to the foregoing, it is my understanding that the Plan complies with other applicable requirements of Section 1129(a) of the Bankruptcy Code as set forth below.

### i. Sections 1129(a)(7)

40. I understand that section 1129(a)(7) of the Bankruptcy Code requires that any Chapter 11 plan must satisfy the "best interests of creditors" test, which I have been advised provides that with respect to each impaired class of claims or interests, each individual holder of a claim or interest has either accepted the plan or will receive or retain property having a present value, as of the effective date of the plan, of not less than what such holder would receive if the debtor were liquidated under Chapter 7 of the Bankruptcy Code at that time.

41. I understand that Class A is the only Impaired Class under the Plan, and as set forth in the liquidation analysis attached as Exhibit D to the Plan Supplement (the **"Liquidation Analysis"**), I further understand that Holders of Old Notes Claims would receive less in a Chapter 7 liquidation than that which they would receive under the Plan, if confirmed.

42. Accordingly, I believe the Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.

### ii. Sections 1129(a)(8)

43. I understand that Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either (1) accept the plan or (2) must not be impaired under the plan.

44. Again, I understand that the only Impaired Class under the Plan, Class A (Old Notes Claims) supports the Plan, and that Classes B, C, and D are unimpaired under the Plan, and are therefore, as I have been advised, deemed to accept the Plan. For these reasons, I believe that the Plan satisfies the requirements under Section 1129(a)(8) of the Bankruptcy Code.

### iii. Sections 1129(a)(9)

45. I have been advised that all administrative and priority claims against the Debtors must be satisfied in the manner required by Section 1129(a)(9) of the Bankruptcy Code unless such holder of a particular claim has agreed to different treatment of such claim.

46. I believe that the Plan complies with these requirements because Section 2.1 of the Plan provides that Holders of Allowed Administrative Claims will receive Cash equal to the amount of such Allowed Administrative Claims: (a) on the Effective Date, or as soon as reasonably practicable thereafter; (b) if the Administrative Claim is not Allowed as of the Effective Date, no later than 30 days after the date on which an order allowing such Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter; or (c) if the Allowed Administrative Claim is based on liabilities incurred by the Debtor in the ordinary course of its business after the Petition Date in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claim without any further action by the Holders of such Allowed Administrative Claims.

47. I believe the Plan further satisfies the requirements under Section 1129(a)(9) because no Holders of the types of Claims specified by 1129(a)(9)(B) were impaired under the Plan and they have been or will be paid in the ordinary course of business.

48. I have also been advised on the treatment of Priority Tax Claims under section 507(a)(8) of the Bankruptcy Code as required by section 1129(a)(9)(C) of the Bankruptcy Code. I believe the Plan satisfies these requirements because Section 2.3 of the Plan provides that Holders of Allowed Priority Tax Claims shall receive: (a) the treatment provided by section 1129(a)(9)(C) of the Bankruptcy Code; (b) a Cash payment on, or as soon as reasonably practicable after, the later of the Effective Date or the date on which such Priority Tax Claim

becomes an Allowed Priority Tax Claim, equal to the amount of such Allowed Priority Tax Claim; or (c) such other less favorable treatment as may be agreed upon between the Holder of such Allowed Priority Tax Claim and the Debtor.

49. Based on the above, I believe the Plan satisfies the requirements under section 1129(a)(9) of the Bankruptcy Code.

### iv. Sections 1129(a)(10) and 1129(a)(11)

50. I understand that Section 1129(a)(10) of the Bankruptcy Code requires that, if a class of claims is impaired under a plan, at least one impaired class of claims must accept the plan, excluding acceptance by any insider. I believe that the Plan satisfies this requirement because, as previously discussed, Class A (comprised of the Holders of Old Notes Claim) is the only Impaired Class under the Plan, and this class has voted to accept the Plan.

51. I also understand that Section 1129(a)(11) of the Bankruptcy Code requires a court to determine that a Chapter 11 plan is feasible and that confirmation of such plan is not likely to be followed by the liquidation or further financial reorganization of the Debtors.

52. The Debtor and its advisors have thoroughly analyzed the Debtor's ability to meet their obligations under the Plan following the Effective Date and to continue as a going concern. The Debtor and its advisors sought to ensure that the Plan would allow the Debtor to deliver its balance sheets, and ensure access to new capital to permit the Debtor to fulfill its business plan. Confirmation of the Plan will ensure that the Debtor has sufficient cash to fund ongoing operations and rework the Debtor's balance sheet in order to ensure that it can continue as a going concern. Therefore, based on my knowledge of the Debtor and the terms of the Plan, I believe that the Plan is feasible and satisfies Section 1129(a)(11) of the Bankruptcy Code.

53. Based on the above, I believe that Plan satisfies the requirements under sections 1129(a)(10) and (a)(11) of the Bankruptcy Code.

   v. **Section 1129(a)(12)**

54. I have been advised that Section 1129(a)(12) of the Bankruptcy Code requires the payment of, "all fees payable under 28 U.S.C. § 1930, as determined by the court at the hearing on confirmation of the plan." I have also been advised that Section 507 of the Bankruptcy Code provides that, any fees and charges assessed against the estate under section 1930 of chapter 123 of title 28 are afforded priority as administrative expenses. Section 2.6 of the Plan provides that all such fees and charges, to the extent not previously paid, will be paid for each quarter (including any fraction thereof) until the Chapter 11 Case is converted, dismissed, or a Final Decree is issued, whichever occurs first.

55. Based on the above, I believe the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

   vi. **Sections 1129(a)(13)**

56. I understand that Section 1129(a)(13) of the Bankruptcy Code requires that all retiree benefits continue post-confirmation at levels established in accordance with section 1114 of the Bankruptcy Code. The Debtor has no retiree benefit obligations, so I do not believe that Section 1129(a)(13) of the Bankruptcy Code is applicable to this Chapter 11 Case.

   vii. **Sections 1129(a)(14)- (a)(16) Are Inapplicable**

57. I understand that Section 1129(a)(14) of the Bankruptcy Code relates to the payment of domestic support obligations. Since the Debtor is not subject to any domestic support obligations, I do not believe that the requirements of Section 1129(a)(14) of the Bankruptcy Code apply to this Chapter 11 case.

58. I have been further advised that section 1129(a)(15) of the Bankruptcy Code only applies in cases in which the debtor is an "individual" as defined in the Bankruptcy Code. As the Debtor is not an individual, the requirements of section 1129(a)(15) of the Bankruptcy Code do not apply.

59. I have also been advised that section 1129(a)(16) of the Bankruptcy Code provides that property transfers by a corporation or trust that is not a moneyed, business, or commercial corporation must be made in accordance with any applicable provisions of nonbankruptcy law. However, the Debtor is a moneyed, business, or commercial corporation, and therefore, I do not believe that requirements under Section 1129(a)(16) of the Bankruptcy Code are applicable in this Chapter 11 Case.

### I. The Plan Satisfies Section 1129(c) of the Bankruptcy Code

60. I understand that section 1129(c) of the Bankruptcy Code provides that, "the court may confirm only one plan, unless the order of confirmation in the case has been revoked under section 1144" of the Bankruptcy Code. No other Debtor plan has been confirmed in this Chapter 11 Case and, therefore, I believe that requirements for Plan confirmation under section 1129(c) are satisfied.

### J. The Plan Satisfies Section 1129(d) of the Bankruptcy Code

61. I have been advised that Section 1129(d) of the Bankruptcy Code prohibits confirmation of a Chapter 11 plan if it was designed and proposed to evade taxes or the requirements of Section 5 of the Securities Act. The purpose of the Plan is not to avoid taxes or the application of section 5 of the Securities Act of 1933. Moreover, no governmental unit has requested that the Bankruptcy Court decline to confirm the Plan on such grounds.

62. Based on the above, I believe that the Plan satisfies the requirements of Section 1129(d).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 25, 2024 _____

Bogotá, Colombia