**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |

### ORDER AUTHORIZING DEBTOR TO RETAIN AND EMPLOY FTI CONSULTING CANADA ULC, AS FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the Application[1] of Credivalores – Crediservicios S.A., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"),[2] for entry of an order (this "**Order**") authorizing Debtor's retention and employment of FTI Consulting Canada ULC ("**FTI**") as the Debtor's financial advisor, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Agreement, all as more fully set forth in the Application; and upon the *Declaration of Jaime Francisco Buriticá Leal in Support of (I) the Chapter 11 Petition and First Pleadings and (II) Pursuant to Local Rule 1007-2* [Doc. No. 4] and the *Declaration of Devi Rajani Villegas, Senior Managing Director of FTI* attached to the Application as **Exhibit B**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408; and the Court having found that the relief requested in the Application is in the best interests of the

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

Debtor, its estate, its creditors and other parties in interest; and the Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and a Certificate of No Objection having been filed after no timely objections were filed; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and all objections to the Application (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. The Debtor is authorized, pursuant to sections 105(a), 327(a), 328(a), 329 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, to retain and employ FTI as its financial advisors in accordance with the terms and conditions of the Engagement Agreement, as modified herein or by the Bankruptcy Rules or Court orders, effective as of the Petition Date, and to pay fees and reimburse expenses to FTI on the terms set forth in the Engagement Agreement.

3. The terms of the Engagement Agreement, as modified by this Order, are approved in all respects except as limited or modified herein.

4. Notwithstanding anything to the contrary in the Engagement Agreement or the Application, to the extent that the Debtor requests FTI to perform any services other than those detailed in the Engagement Agreement, the Debtor shall seek further approval by the Court by an application that shall set forth the additional services to be performed and the additional fees sought to be paid.

5. Notwithstanding anything to the contrary in the Engagement Agreement or the Application, to the extent that FTI seeks any termination of services, FTI shall seek further approval by the Court by an application that shall set forth the termination of services sought.

6. Notwithstanding anything to the contrary contained herein or in the Application or Engagement Agreement, FTI shall file interim and final fee applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other Orders of the Court.

7. Prior to any increase in FTI's rates, FTI shall file a notice with the Court and provide ten (10) days' notice to the Debtor and any official committee, which notice shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rate increases are subject to review by the Court.

8. Notwithstanding anything to the contrary in the Application or Engagement Agreement, to the extent that FTI uses the services of independent contractors or employees of foreign affiliates (collectively, the "**Contractors**") in the Chapter 11 Case, FTI (i) shall pass-through the cost of such Contractors to the Debtor at the same rate that FTI pays the Contractors; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the Contractors are subject to the same conflict checks and disclosures as required of professionals by Bankruptcy Rule 2014.

9. FTI shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

10. The limitation of liability section in paragraph 6.2 of the Standard Terms and Conditions attached to the Engagement Agreement shall be of no force or effect with respect to the engagement authorized by this Order.

11. The Indemnification Provisions are subject to the following during the pendency of the Debtor's Chapter 11 Case until the earlier of (i) the effective date of a chapter 11 plan approved by the Court and (ii) the entry of an order closing the Chapter 11 Case:

> (a) FTI shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;
>
> (b) Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify FTI, or provide contribution or reimbursement to FTI, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from FTI's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of FTI's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified; and
>
> (c) If, before the earlier of (i) the effective date of a chapter 11 plan in the Chapter 11 Case or (ii) the entry of an order closing the Chapter 11 Case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, FTI must file an application therefor in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify FTI. All parties in interest shall retain the right to object to any demand by FTI for indemnification, contribution, or reimbursement.

12. To the extent there may be any inconsistency between the terms of the Application, the Engagement Agreement, and this Order, this Order shall govern.

13. Notice of the Application is adequate under Bankruptcy Rule 6004(a).

14. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation, interpretation or enforcement of this Order.

Dated: New York, New York
      June 25, 2024

                                  *s/ David S. Jones*
                              HONORABLE DAVID S. JONES
                              UNITED STATES BANKRUPTCY JUDGE