1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 24-10837-dsj

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    CREDIVALORES - CREDISERVICIOS S.A.,

8

9            Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11                   United States Bankruptcy Court

12                   One Bowling Green

13                   New York, NY  10004

14

15                   December 17, 2024

16                   10:24 a.m.

17

18

19

20

21   B E F O R E :

22   HON DAVID S. JONES

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  UNKNOWN

1    HEARING re Status Conference.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1    A P P E A R A N C E S :

2

3    BAKER & MCKENZIE LLP

4        Attorney for the Debtor

5        425 Fifth Avenue

6        New York, NY 10018

7

8    BY:  PAUL J. KEENAN, JR.

9

10   DAVIS POLK & WARDWELL LLP

11       Attorneys for the Ad Hoc Group

12       450 Lexington Avenue

13       New York, NY 10017

14

15   BY:  TIMOTHY E. GRAULICK

16

17   UNITED STATES DEPARTMENT OF JUSTICE

18       Attorneys for the U.S. Trustee

19       Alexander Hamilton Custom House

20       One Bowling Green, Room 534

21       New York, NY 10004

22

23   BY:  GREG M. ZIPES

24

25

1      P R O C E E D I N G S

2              THE COURT:  Next case up is Credivalores, Number

3      24-10837.  We're here for a further status conference.  Let

4      me get appearances in this one.  I'll just call names as I

5      see them on my screen.  Mr. Graulich?

6              MR. GRAULICH:  Yes.  Good morning, Your Honor.

7      Timothy Graulich on behalf of Davis Polk & Wardwell on

8      behalf of the Ad Hoc Group of Bondholders.

9              THE COURT:  Great, and Mr. (indiscernible)?  Or

10     should I lead with Mr. Keenan?

11             MR. KEENAN:  Sure.

12             THE COURT:  I'll go to Mr. Keenan.

13             MR. KENNAN:  Good morning, Your Honor.  It's Paul

14     Keenan from Baker McKenzie on behalf of the Debtor.

15             THE COURT:  Great, and Mr. Zipes?

16             MR. ZIPES:  Good morning, Your Honor.  Greg Zipes

17     with the U.S. Trustee's Office.

18             THE COURT:  Okay, great.  Anybody else planning to

19     actively participate?  All right.  No-one's speaking up.

20     That's fine.  Okay, so Mr. Keenan, do you want to lead us

21     off and give me an update?

22             MR. KENNAN:  Yes, Your Honor.  Good morning.

23     First of all, I just wanted to report to the Court that

24     there was an apparent hiccup in payment of the U.S. Trustee

25     fees in this past quarter.  The funds were remitted timely

1    to the Claims Agent, but there was an issue on there and the

2    U.S. Trustee only received last quarterly fees this morning.

3    We have confirmed that they received it this morning.  Once

4    we learned of the issue, we spoke with the Claims Agent

5    immediately and they overnighted the check to the U.S.

6    Trustee's Office.  The second item that I'd like to report

7    is that the 1116 proceeding in Colombia was formally

8    admitted by the Bankruptcy Court there.  As you may recall,

9    Your Honor --

10            THE COURT:  Does that -- sorry, does that mean

11   they -- the prior dismissal has now been undone?

12            MR. KEENAN:  Correct, correct.

13            THE COURT:  Okay.

14            MR. KEENAN:  And so, as you may recall, Your

15   Honor, the company voluntarily filed what we refer to as a

16   Law 1116 proceeding in Colombia, which is their rough

17   equivalent of a Chapter 11 in August.  There were -- the

18   Department of Corporations filed some objections to the

19   filing.  They were more in the nature of technicalities.  It

20   appears that those objections were overcome with, by making

21   corrections to the record and the Court has now formally

22   admitted the petition.  Which means now that we actually

23   have the Chapter 11, so to speak, in process in Colombia,

24   concurrent, obviously, with the Chapter 11 here.

25            Your Honor, on to the more substantive update and

1    this will just take one minute.  I'm pleased to report to

2    the Court that the company has been working very hard on the

3    terms of a new plan of reorganization.  Just on Friday, the

4    company presented a detailed proposal that proposed the

5    treatment for each class of creditors of the company, which

6    would include the New York Law Governed Bonds, the local

7    bonds, secured banks and all of the creditors.  It was a

8    PowerPoint presentation, several pages, very detailed in

9    terms of sources and uses for the plan.  It was presented to

10   Houlihan Lokey, who is the investment banker for the New

11   York Law Governed Bonds.

12            THE COURT:  Is that the same thing as -- I guess

13   that's the bond issuance or bond series of which Mr.

14   Graulich's clients are a subset, a large --H

15            MR. KEENAN:  Correct.

16            THE COURT:  Okay.

17            MR. KEENAN:  And in this conference, and going

18   forward, I should probably come up with a more catchy name

19   for them.  There's a lot of bonds in this case, Your Honor.

20   I believe there's three sets of bonds, at least, in this

21   case.  And so, we'll come up with defined terms so the Court

22   can get accustomed to hearing them.  But essentially,

23   there's local unsecured bonds, there's ECPs and there's also

24   the New York Law Governed Bonds that Mr. Graulich

25   represents.

1          MR. GRAULICH:  And if I may, Your Honor

2    (indiscernible)

3          THE COURT:  Yeah, go ahead Mr. -- that's Mr.

4    Graulich.  Go ahead.

5          MR. GRAULICH:  Just a point of clarification,

6    which should not be -- I just want to make sure that there's

7    no misunderstanding by the Court.  The exact same clients

8    that I represent, is who Houlihan represents.  Houlihan

9    doesn't have some role --

10          THE COURT:  Got it.

11          MR. GRAULICH:  -- (indiscernible) large, it's the

12    same group.

13          THE COURT:  Okay.

14          MR. KEENAN:  Right.

15          THE COURT:  And we -- that's the ad hoc group that

16    -- right, back in the days when this seemed like a prepack

17    that either did or didn't meet the requirements, this was

18    the ad hoc opposition group, right?

19          MR. GRAULICH:  Correct, and that group -- I'll get

20    into this.  I don't want to disrupt the flow of Mr. Keenan's

21    presentation, but that group has been steadily growing,

22    which I think is actually, potentially helpful in trying to

23    find a path to exit here.  But yes, it's a subgroup which is

24    -- it has been steadily growing during the course of this

25    Chapter 11 case.

1          THE COURT:  Got it.  Okay.  All right.  Thank you.

2     Let me -- let's come back to Mr. Keenan as you suggest, and

3     Mr. Keenan, anything else you want to add?  If you can, I

4     would love to hear how exactly one pursues a new plan in a

5     post-confirmation case with another bankruptcy case pending

6     in another country.  If you can give me a little synopsis of

7     how that works, I would be delighted.  Or else, if you say,

8     "Judge, please be patient because we're working on it", I

9     can sit tight.

10          MR. KEENAN:  A little bit of both, Your Honor.

11     So, I'll just finish up with the status quo and then we'll

12     answer the Court's question.  So, that presentation, which

13     was -- again, it's not something that was oral or back of

14     the napkin, it was a very detailed PowerPoint.  It was

15     presented to Houlihan on Friday.  Houlihan is under cover of

16     an NDA, and we just sent an NDA to Davis Polk last night,

17     per their request.  And once we get that nailed down, then

18     we'll be able to share the same presentation with Davis

19     Polk.

20          The idea, Your Honor, would be that the company

21     would negotiate, hopefully, a consensual plan of

22     reorganization with all of the impaired classes of

23     creditors, which would principally include the folks that I

24     mentioned before, which are the New York Law Governed Bonds,

25     represented by Mr. Graulich, the local bonds and the secured

1    banks.  This proposal that was presented to Houlihan last

2    week has the support of the Board of Directors and the

3    shareholder, which obviously is important.  And I'm skipping

4    ahead.  And, Your Honor, we hope that in the coming weeks,

5    we'll be able to get down into brass tacks in terms of

6    negotiating this.  Obviously, this was an initial offer that

7    came from the company to all the creditors.  You know, we

8    expect that there'll be a pretty robust negotiation going

9    forward.

10            Your Honor, in terms of the question that you had

11    asked, how would we go about getting this approved?  In this

12    instance, we have current proceedings, meaning a full-blown

13    Chapter 11 and not a Chapter 15 in Colombia, but rather, a

14    Law 1116 proceeding, which again, is their rough equivalent

15    of a Chapter 11.  The simple and straightforward way to do

16    it would be to have the plan meet the requirements of both

17    Chapter 11 in the U.S. and Law 1116 in Colombia, and have

18    them approved by both courts, in the U.S. and Colombia.

19    There may be ways that we can short circuit that and we have

20    the great privilege of working with Susana Hidvegi on this

21    matter.  She represents the company in Colombia, and she is

22    a former Chief Justice of the Colombian Bankruptcy Courts.

23    And so, the proposal was just rolled out last week.  I think

24    once we agree on economics, then we're going to be able to

25    start talking about, sort of, brass tax on procedure and how

1      we can -- especially if it's a consensual plan, how we could

2      fast-track it in both jurisdictions.

3               THE COURT:  Okay.  This -- I'm thinking as you

4      described this, that I have never taken advantage of my

5      authority to actively communicate or coordinate with a judge

6      in another country, and if that becomes appropriate, I would

7      appreciate people's thoughts on how, when and whether I

8      ought best to be doing that here.

9               MR. KEENAN:  Yes.

10              THE COURT:  So, you have an open invitation to

11     enlighten me about --

12              MR. KEENAN:  Yes, Your Honor.

13              THE COURT:  -- just that.

14              MR. KEENAN:  So, we've --

15              THE COURT:  I guess -- yeah.

16              MR. KEENAN:  I've actually encountered that

17     several times in our practice, just as recently with Judge

18     Wiles last year in the Mercon Coffee case.

19              THE COURT:  Yeah.  I know well, it's a thing.  I

20     just have never personally done it.  And so --

21              MR. KEENAN:  Sure.

22              THE COURT:  -- this will be -- you know, I'll want

23     help with that.

24              MR. KEENAN:  What we would do, Your Honor, is we

25     would file a motion with this Court and the Court in

1  Colombia that would ask for the approval of what we call,

2  "Court-to-Court protocols."  And there is, actually, sort

3  of, a template or a form of Court-to-Court protocols out

4  there.  And that would provide for a procedure and a

5  mechanism for you to contact your counterpart in Colombia

6  and vice versa, should the need arise.

7          THE COURT:  Right.  Okay.  Great, and I assume

8  that would be, sort of, on full notice to everyone and Mr.

9  Graulich would have or anybody else would have ample

10  opportunity to either oppose the method or the fact of such

11  communication.

12          MR. KEENAN:  Correct.

13          THE COURT:  So, yeah.  I shouldn't exclude Mr.

14  Zipes or the U.S. Trustee Program, as well.  Okay.  That's

15  helpful.  Anything else you want to add, other than, when

16  should we get together next for a further update?

17          MR. KEENAN:  Your Honor, late January would be

18  fine.  We're going to be pressing the company and working

19  with Mr. Graulich to make as much progress as we can over

20  the holidays and the first few weeks of January.  So, I

21  would suggest late January.

22          THE COURT:  Okay.  That's fine.  Ms. Calderone,

23  who has a tremendous scheduling radar just texted me,

24  January 30 would be a target date if that meets everyone's

25  wishes.  Okay.  Let me hear from Mr. Graulich about whatever

1    else you want to add.

2              MR. GRAULICH:  Certainly, Your Honor.  Again, for

3    the record, Timothy Graulich, Davis Polk.  So, as Mr. Keenan

4    indicated, I think we're at the beginning of a negotiation

5    here.  In addition to negotiating around the four corners of

6    what a commercial resolution might look like, we're also

7    going to need diligence about the business itself, and I

8    spoke with Mr. Keenan about this yesterday.  Obviously, the

9    idea that there could be a situation where U.S. Trustee fees

10   are unpaid or again, we're in a post-confirmation of a plan

11   that can't go effective and it's, sort of, an unanticipated

12   bankruptcy, I think in order to understand fully what the

13   meets and bounds of an economic proposal would look like, we

14   also need to understand the viability of this business and

15   what's actually required here.  So, it's not just simply a

16   commercial discussion, it's also fundamentally understanding

17   the business better.

18             But that being said, we have now received an NDA.

19   I'm sure we'll get that signed up this week.  And none of

20   our clients are under an NDA, so this is going to take a

21   little bit of a process.  Now, just to also update the

22   Court, just when we were having the litigation regarding the

23   (indiscernible) of this matter as a prepack, I think, our

24   group was something like 27 percent of the bonds.  The last

25   2019 we submitted, I think, has us at like 47 percent of the

1     bonds.  We've spoken to two recent purchasers that if they

2     were to join the group, we'd be at 65 percent of the bonds.

3     These are just the New York bonds.  Part of growing the

4     group, first of all there's a management issue about having

5     the number of people that you can productively have

6     conversations with.  But more fundamentally, I think that

7     people need to understand, potentially, where we're going

8     and what a proposal might look like to sort of understand

9     whether or not people want to join a group or whether or not

10    the group wants other people to join.  But, at least, we've

11    identified approximately 65 percent.  So, we're talking

12    about the requisite -- essentially, the majorities for

13    Chapter 11.  And I think that the quantum of the New York

14    bonds are likely to -- my understanding of how an 1116

15    process works, we're likely to be the largest creditor group

16    in the Colombian proceeding, as well.

17          So, we'll continue to evaluate what's been given

18    to us by the Debtors.  We'll also -- frankly, I think, going

19    to speak to our own clients about, is that the right, sort

20    of, framework?  Should we be considering a different type of

21    proposal?  But it is both what's the right, sort of, plan

22    treatment or bankruptcy treatment.  But I think much more

23    fundamentally also is to understand this business.

24    Obviously, there was a perspective of what this business

25    looked like in the company's disclosure statement.  We need

1    to understand what it actually looks like now.  And so, that

2    might take a little time, but obviously, from the Ad Hoc

3    Group's perspective, we're interested in doing this as

4    quickly as possible and appropriate.

5            THE COURT:  Okay.  Got it.  Thank you.  I mean,

6    from that, I'm taking that -- a couple of things I'll just

7    say.  One is, "Judge, don't expect an overnight miracle

8    because there's a lot of work to be done."  So, I hear that

9    loud and clear and that's fine.  Coupled with, you

10   understand the need for diligence and moving as quickly as

11   you can because things rarely get better the longer you sit

12   around in bankruptcy.  And so, I think you're appropriately

13   balancing that.  I will tell you, I'm very comforted to have

14   such experienced, capable professionals on the case in both

15   camps.  I think that is -- well, I'll just say a great

16   comfort and a good thing the case has going for it.

17           MR. GRAULICH:  And Your Honor, on that point, I

18   will note, if you're coming to INSOL in March, I teach an

19   INSOL course to the INSOL Fellowship on Court-to-Court

20   communications.

21           THE COURT:  Oh, okay.  Great.  Well, I may -- I'm

22   not currently planning to go.  If I end up showing up, I'll

23   attend with interest and if I don't, I'll just listen to

24   what you tell me in future hearings.  Where is the meeting

25   this time?

1          MR. GRAULICH:  In Hong Kong.

2          THE COURT:  Okay.  It just got less likely that

3     I'll go.  Anyway, okay.  I mean, I'd love to go to Hong

4     Kong.  But anyway, that's fine.  All right, so let me turn

5     to Mr. Zipes about whatever further thoughts you've got.

6          MR. ZIPES:  Your Honor, Greg Zipes with the U.S.

7     Trustee's Office.  Obviously, the professionals involved are

8     very highly qualified.  But I will note that this is a

9     confirmed case, as everybody is aware, that hasn't gone

10    effective.  And the last monthly offering for it, frankly,

11    doesn't make a lot of sense.  I just want to bring some

12    points to the Court's attention, and it'll be an issue for

13    further discussion, maybe a deposition or an examination.

14    Someone under oath may be required to answer these

15    questions.  I'll just note that the overall loss in the

16    case, so far, it's reported as $67 million and that's in the

17    monthly operating reports.  There are significant post-

18    petition taxes that are listed as not necessarily due and

19    owing, but they are due or they are owing or will be owing.

20    And we're still not sure what it means that a new plan is

21    being negotiated.  If that means the old plan is going to be

22    withdrawn or that the parties believe it'll be just better

23    terms and so no withdrawal will be necessary in that regard.

24          And my office does have an ability to file a

25    motion to convert or dismiss.  We're not there yet, but

1  there is basis, under 1112(b), to convert a confirmed case

2  that doesn't go effective.  So, I don't know if the Debtor

3  can address, very briefly, some of these points or if we

4  should take it off-line and my office would then reserve its

5  rights to file an appropriate motion, obviously, for the

6  January date.

7          So, one thing that I would like assurance on, is

8  that all expenses that are due and owing post-effective

9  date, I'm sorry, post-petition date, are being paid by this

10  debtor because it's not fair from the monthly operating

11  reports that they are.  So, that is one point that we would

12  like clarified.

13          THE COURT:  Okay.  Let's -- I don't want to have a

14  -- invite an on-the-record negotiation.  But if Mr. Keenan

15  wants to respond, at a general level, about viability.

16  Before I do that, let me just say, I should reiterate, I am

17  always here, and open for business, and any time anyone

18  believes they can and should be bringing a motion that they

19  want adjudicated, I'm -- that can be done.  So, there's no

20  constraint on anybody's ability to do that.  I will say, I

21  appreciate the U.S. Trustee Program's, sort of,

22  constructively patient approach because people are working

23  hard to try to bring order to a difficult situation.  And I

24  think it may well be beneficial for stakeholders if this

25  process can be wrangled into order and brought to fruition.

1    So, that's just my current sense.  But as I say, any motion

2    can be brought at any time, when any stakeholder thinks

3    appropriate.  Stakeholder or the -- including the U.S.

4    Trustee's program.  Okay.  Anything you want to add in

5    response to Mr. Zipes' observations, Mr. Keenan?

6          MR. KEENAN:  Your Honor, I could just mention that

7    the financial advisor in this case that's helping the

8    Debtor's prepare the MORs is FTI Consulting.  I've been in

9    fairly frequent contact with them about this matter.  And

10    what I suggest we do is that we have a call with Baker

11    McKenzie and the U.S. Trustee's Office with FTI Consulting

12    to go through the MORs and answer any questions that they

13    have.

14          THE COURT:  Okay.  Thanks.  So, yeah, let's just

15    leave it.  Please talk to each other.  That goes both ways.

16    The U.S. Trustee Program has understandable anxiety and

17    concern about this case, really as do I.  I'm trying to give

18    you plenty of rope until somebody asks me not to give you

19    rope.  But make sure you keep everybody as comfortable as

20    you can make them.  So, I think that's about what we can do.

21    All right, so I think -- yeah, sorry.  Who is that?  Mr.

22    Keenan?

23          MR. KEENAN:  Understood, Your Honor.  Thank you.

24          THE COURT:  Yup.  Okay.  I think that's all we can

25    or need to do today.  Yes?  Everyone's turned their mutes

1    on.  That's a good indicator.  All right.  Thank you very

2    much.  Good luck going forward.  I will see you via Zoom,

3    January 30th and if anybody needs anything in the meantime,

4    I'm here.  All right.  Take care.  We're adjourned.

5            MR. KEENAN:  Thank you, Your Honor.

6            (Whereupon these proceedings were concluded at

7    10:45 AM)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  February 6, 2025

| & | | |
|---|---|---|
| **&**   3:3,10 4:7 | | |

| **1** | | |
|---|---|---|
| **10004**   1:13 | | |
| 3:21 | | |
| **10017**   3:13 | | |
| **10018**   3:6 | | |
| **10:24**   1:16 | | |
| **10:45**   18:7 | | |
| **11**   5:17,23,24 | | |
| 7:25 9:13,15 | | |
| 9:17 13:13 | | |
| **1112**   16:1 | | |
| **1116**   5:7,16 | | |
| 9:14,17 13:14 | | |
| **11501**   19:23 | | |
| **12151**   19:6 | | |
| **15**   9:13 | | |
| **17**   1:15 | | |

| **2** | | |
|---|---|---|
| **2019**   12:25 | | |
| **2024**   1:15 | | |
| **2025**   19:25 | | |
| **24-10837**   1:3 | | |
| 4:3 | | |
| **27**   12:24 | | |

| **3** | | |
|---|---|---|
| **30**   11:24 | | |
| **300**   19:22 | | |
| **30th**   18:3 | | |
| **330**   19:21 | | |

| **4** | | |
|---|---|---|
| **425**   3:5 | | |
| **450**   3:12 | | |

**47**   12:25

| **5** | | |
|---|---|---|
| **534**   3:20 | | |

| **6** | | |
|---|---|---|
| **6**   19:25 | | |
| **65**   13:2,11 | | |
| **67**   15:16 | | |

| **a** | | |
|---|---|---|
| **a.m.**   1:16 | | |
| **ability**   15:24 | | |
| 16:20 | | |
| **able**   8:18 9:5 | | |
| 9:24 | | |
| **accurate**   19:4 | | |
| **accustomed** | | |
| 6:22 | | |
| **actively**   4:19 | | |
| 10:5 | | |
| **actually**   5:22 | | |
| 7:22 10:16 | | |
| 11:2 12:15 | | |
| 14:1 | | |
| **ad**   3:11 4:8 | | |
| 7:15,18 14:2 | | |
| **add**   8:3 11:15 | | |
| 12:1 17:4 | | |
| **addition**   12:5 | | |
| **address**   16:3 | | |
| **adjourned** | | |
| 18:4 | | |
| **adjudicated** | | |
| 16:19 | | |
| **admitted**   5:8 | | |
| 5:22 | | |
| **advantage** | | |
| 10:4 | | |

**advisor**   17:7
**agent**   5:1,4
**agree**   9:24
**ahead**   7:3,4 9:4
**alexander**   3:19
**ample**   11:9
**answer**   8:12
15:14 17:12
**anxiety**   17:16
**anybody**   4:18
11:9 18:3
**anybody's**
16:20
**anyway**   15:3,4
**apparent**   4:24
**appearances**
4:4
**appears**   5:20
**appreciate**
10:7 16:21
**approach**
16:22
**appropriate**
10:6 14:4 16:5
17:3
**appropriately**
14:12
**approval**   11:1
**approved**   9:11
9:18
**approximately**
13:11
**asked**   9:11
**asks**   17:18
**assume**   11:7
**assurance**   16:7

**attend**   14:23
**attention**   15:12
**attorney**   3:4
**attorneys**   3:11
3:18
**august**   5:17
**authority**   10:5
**avenue**   3:5,12
**aware**   15:9

| **b** | | |
|---|---|---|
| **b**   1:21 16:1 | | |
| **back**   7:16 8:2 | | |
| 8:13 | | |
| **baker**   3:3 4:14 | | |
| 17:10 | | |
| **balancing** | | |
| 14:13 | | |
| **banker**   6:10 | | |
| **bankruptcy** | | |
| 1:1,11,23 5:8 | | |
| 8:5 9:22 12:12 | | |
| 13:22 14:12 | | |
| **banks**   6:7 9:1 | | |
| **basis**   16:1 | | |
| **beginning**   12:4 | | |
| **behalf**   4:7,8,14 | | |
| **believe**   6:20 | | |
| 15:22 | | |
| **believes**   16:18 | | |
| **beneficial** | | |
| 16:24 | | |
| **best**   10:8 | | |
| **better**   12:17 | | |
| 14:11 15:22 | | |
| **bit**   8:10 12:21 | | |
| **blown**   9:12 | | |

board 9:2
bond 6:13,13
bondholders 4:8
bonds 6:6,7,11 6:19,20,23,24 8:24,25 12:24 13:1,2,3,14
bounds 12:13
bowling 1:12 3:20
brass 9:5,25
briefly 16:3
bring 15:11 16:23
bringing 16:18
brought 16:25 17:2
business 12:7 12:14,17 13:23 13:24 16:17

**c**

c 3:1 4:1 19:1,1
calderone 11:22
call 4:4 11:1 17:10
camps 14:15
can't 12:11
capable 14:14
care 18:4
case 1:3 4:2 6:19,21 7:25 8:5,5 10:18 14:14,16 15:9 15:16 16:1 17:7,17

catchy 6:18
certainly 12:2
certified 19:3
chapter 5:17 5:23,24 7:25 9:13,13,15,17 13:13
check 5:5
chief 9:22
circuit 9:19
claims 5:1,4
clarification 7:5
clarified 16:12
class 6:5
classes 8:22
clear 14:9
clients 6:14 7:7 12:20 13:19
coffee 10:18
colombia 5:7 5:16,23 9:13 9:17,18,21 11:1,5
colombian 9:22 13:16
come 6:18,21 8:2
comfort 14:16
comfortable 17:19
comforted 14:13
coming 9:4 14:18
commercial 12:6,16

communicate 10:5
communicati... 11:11
communicati... 14:20
company 5:15 6:2,4,5 8:20 9:7,21 11:18
company's 13:25
concern 17:17
concluded 18:6
concurrent 5:24
conference 2:1 4:3 6:17
confirmation 8:5 12:10
confirmed 5:3 15:9 16:1
consensual 8:21 10:1
considering 13:20
constraint 16:20
constructively 16:22
consulting 17:8,11
contact 11:5 17:9
continue 13:17
conversations 13:6

convert 15:25 16:1
coordinate 10:5
corners 12:5
corporations 5:18
correct 5:12,12 6:15 7:19 11:12
corrections 5:21
counterpart 11:5
country 8:6 10:6 19:21
couple 14:6
coupled 14:9
course 7:24 14:19
court 1:1,11 4:2,9,12,15,18 4:23 5:8,10,13 5:21 6:2,12,16 6:21 7:3,7,10 7:13,15 8:1 10:3,10,13,15 10:19,22,25,25 11:2,3,3,3,7,13 11:22 12:22 14:5,19,19,21 15:2 16:13 17:14,24
courts 9:18,22
court's 8:12 15:12

cover 8:15
crediservicios 1:7
creditor 13:15
creditors 6:5,7 8:23 9:7
credivalores 1:7 4:2
current 9:12 17:1
currently 14:22
custom 3:19

**d**

d 4:1
date 11:24 16:6 16:9,9 19:25
david 1:22
davis 3:10 4:7 8:16,18 12:3
days 7:16
debtor 1:9 3:4 4:14 16:2,10
debtors 13:18
debtor's 17:8
december 1:15
defined 6:21
delighted 8:7
department 3:17 5:18
deposition 15:13
described 10:4
detailed 6:4,8 8:14
didn't 7:17

different 13:20
difficult 16:23
diligence 12:7 14:10
directors 9:2
disclosure 13:25
discussion 12:16 15:13
dismiss 15:25
dismissal 5:11
disrupt 7:20
district 1:2
doesn't 7:9 15:11 16:2
doing 10:8 14:3
don't 7:20 14:7 14:23 16:2,13
dsj 1:3
due 15:18,19 16:8

**e**

e 1:21,21 3:1,1 3:15 4:1,1 19:1
economic 12:13
economics 9:24
ecps 6:23
ecro 1:25
effective 12:11 15:10 16:2,8
either 7:17 11:10
encountered 10:16

enlighten 10:11
equivalent 5:17 9:14
especially 10:1
essentially 6:22 13:12
evaluate 13:17
everybody 15:9 17:19
everyone's 11:24 17:25
exact 7:7
exactly 8:4
examination 15:13
exclude 11:13
exit 7:23
expect 9:8 14:7
expenses 16:8
experienced 14:14

**f**

f 1:21 19:1
fact 11:10
fair 16:10
fairly 17:9
far 15:16
fast 10:2
february 19:25
fees 4:25 5:2 12:9
fellowship 14:19
fifth 3:5
file 10:25 15:24 16:5

filed 5:15,18
filing 5:19
financial 17:7
find 7:23
fine 4:20 11:18 11:22 14:9 15:4
finish 8:11
first 4:23 11:20 13:4
flow 7:20
folks 8:23
foregoing 19:3
form 11:3
formally 5:7 5:21
former 9:22
forward 6:18 9:9 18:2
four 12:5
framework 13:20
frankly 13:18 15:10
frequent 17:9
friday 6:3 8:15
fruition 16:25
fti 17:8,11
full 9:12 11:8
fully 12:12
fundamentally 12:16 13:6,23
funds 4:25
further 4:3 11:16 15:5,13
future 14:24

| g | group 3:11 4:8 | 15:6 17:6,23 | invite 16:14 |
|---|---|---|---|
| g 4:1 | 7:12,15,18,19 | 18:5 | involved 15:7 |
| general 16:15 | 7:21 12:24 | hope 9:4 | issuance 6:13 |
| getting 9:11 | 13:2,4,9,10,15 | hopefully 8:21 | issue 5:1,4 13:4 |
| give 4:21 8:6 | group's 14:3 | houlihan 6:10 | 15:12 |
| 17:17,18 | growing 7:21 | 7:8,8 8:15,15 | item 5:6 |
| given 13:17 | 7:24 13:3 | 9:1 | it'll 15:12,22 |
| go 4:12 7:3,4 | guess 6:12 | house 3:19 | it's 4:13 7:11 |
| 9:11 12:11 | 10:15 | hyde 2:25 19:3 | 7:23 8:13 10:1 |
| 14:22 15:3,3 | **h** | 19:8 | 10:19 12:11,15 |
| 16:2 17:12 | h 6:14 | **i** | 12:16 15:16 |
| goes 17:15 | hamilton 3:19 | idea 8:20 12:9 | 16:10 |
| going 6:17 9:8 | hard 6:2 16:23 | identified | i'd 5:6 15:3 |
| 9:24 11:18 | hasn't 15:9 | 13:11 | i'll 4:4,12 7:19 |
| 12:7,20 13:7 | hear 8:4 11:25 | immediately | 8:11 10:22 |
| 13:18 14:16 | 14:8 | 5:5 | 14:6,15,22,23 |
| 15:21 18:2 | hearing 2:1 | impaired 8:22 | 15:3,15 |
| good 4:6,13,16 | 6:22 | important 9:3 | i'm 6:1 9:3 |
| 4:22 14:16 | hearings 14:24 | include 6:6 | 10:3 12:19 |
| 18:1,2 | help 10:23 | 8:23 | 14:6,13,21 |
| governed 6:6 | helpful 7:22 | including 17:3 | 16:9,19 17:17 |
| 6:11,24 8:24 | 11:15 | indicated 12:4 | 18:4 |
| graulich 4:5,6 | helping 17:7 | indicator 18:1 | i've 10:16 17:8 |
| 4:7 6:24 7:1,4 | hiccup 4:24 | indiscernible | **j** |
| 7:5,11,19 8:25 | hidvegi 9:20 | 4:9 7:2,11 | j 3:8 |
| 11:9,19,25 | highly 15:8 | 12:23 | january 11:17 |
| 12:2,3 14:17 | hoc 3:11 4:8 | initial 9:6 | 11:20,21,24 |
| 15:1 | 7:15,18 14:2 | insol 14:18,19 | 16:6 18:3 |
| graulich's 6:14 | holidays 11:20 | 14:19 | join 13:2,9,10 |
| graulick 3:15 | hon 1:22 | instance 9:12 | jones 1:22 |
| great 4:9,15,18 | hong 15:1,3 | interest 14:23 | jr 3:8 |
| 9:20 11:7 | honor 4:6,13 | interested 14:3 | judge 1:23 8:8 |
| 14:15,21 | 4:16,22 5:9,15 | investment | 10:5,17 14:7 |
| green 1:12 | 5:25 6:19 7:1 | 6:10 | jurisdictions |
| 3:20 | 8:10,20 9:4,10 | invitation | 10:2 |
| greg 3:23 4:16 | 10:12,24 11:17 | 10:10 | justice 3:17 |
| 15:6 | 12:2 14:17 | | 9:22 |

| k | | |
|---|---|---|

**k**

**keenan** 3:8
4:10,11,12,14
4:20 5:12,14
6:15,17 7:14
8:2,3,10 10:9
10:12,14,16,21
10:24 11:12,17
12:3,8 16:14
17:5,6,22,23
18:5
**keenan's** 7:20
**keep** 17:19
**kennan** 4:13
4:22
**know** 9:7 10:19
10:22 16:2
**kong** 15:1,4

**l**

**large** 6:14 7:11
**largest** 13:15
**late** 11:17,21
**law** 5:16 6:6,11
6:24 8:24 9:14
9:17
**lead** 4:10,20
**learned** 5:4
**leave** 17:15
**ledanski** 2:25
19:3,8
**legal** 19:20
**let's** 8:2 16:13
17:14
**level** 16:15
**lexington** 3:12

**likely** 13:14,15
15:2
**line** 16:4
**listed** 15:18
**listen** 14:23
**litigation** 12:22
**little** 8:6,10
12:21 14:2
**llp** 3:3,10
**local** 6:6,23
8:25
**lokey** 6:10
**longer** 14:11
**look** 12:6,13
13:8
**looked** 13:25
**looks** 14:1
**loss** 15:15
**lot** 6:19 14:8
15:11
**loud** 14:9
**love** 8:4 15:3
**luck** 18:2

**m**

**m** 3:23
**majorities**
13:12
**make** 7:6 11:19
15:11 17:19,20
**making** 5:20
**management**
13:4
**march** 14:18
**matter** 1:5
9:21 12:23
17:9

**mckenzie** 3:3
4:14 17:11
**mean** 5:10 14:5
15:3
**meaning** 9:12
**means** 5:22
15:20,21
**mechanism**
11:5
**meet** 7:17 9:16
**meeting** 14:24
**meets** 11:24
12:13
**mention** 17:6
**mentioned**
8:24
**mercon** 10:18
**method** 11:10
**million** 15:16
**mineola** 19:23
**minute** 6:1
**miracle** 14:7
**misundersta...**
7:7
**monthly** 15:10
15:17 16:10
**morning** 4:6
4:13,16,22 5:2
5:3
**mors** 17:8,12
**motion** 10:25
15:25 16:5,18
17:1
**moving** 14:10
**mutes** 17:25

**n**

**n** 3:1 4:1 19:1
**nailed** 8:17
**name** 6:18
**names** 4:4
**napkin** 8:14
**nature** 5:19
**nda** 8:16,16
12:18,20
**necessarily**
15:18
**necessary**
15:23
**need** 11:6 12:7
12:14 13:7,25
14:10 17:25
**needs** 18:3
**negotiate** 8:21
**negotiated**
15:21
**negotiating** 9:6
12:5
**negotiation** 9:8
12:4 16:14
**never** 10:4,20
**new** 1:2,13 3:6
3:13,21 6:3,6
6:10,24 8:4,24
13:3,13 15:20
**night** 8:16
**note** 14:18 15:8
15:15
**notice** 11:8
**number** 4:2
13:5
**ny** 1:13 3:6,13
3:21 19:23

| **o** | **oral** 8:13 | **petition** 5:22 | **principally** |
|---|---|---|---|

**o**

**o** 1:21 4:1 19:1
**oath** 15:14
**objections** 5:18
  5:20
**observations**
  17:5
**obviously** 5:24
  9:3,6 12:8
  13:24 14:2
  15:7 16:5
**offer** 9:6
**offering** 15:10
**office** 4:17 5:6
  15:7,24 16:4
  17:11
**oh** 14:21
**okay** 4:18,20
  5:13 6:16 7:13
  8:1 10:3 11:7
  11:14,22,25
  14:5,21 15:2,3
  16:13 17:4,14
  17:24
**old** 15:21 19:21
**once** 5:3 8:17
  9:24
**one's** 4:19
**open** 10:10
  16:17
**operating**
  15:17 16:10
**opportunity**
  11:10
**oppose** 11:10
**opposition**
  7:18

**oral** 8:13
**order** 12:12
  16:23,25
**ought** 10:8
**overall** 15:15
**overcome** 5:20
**overnight** 14:7
**overnighted**
  5:5
**owing** 15:19,19
  15:19 16:8
**own** 13:19

**p**

**p** 3:1,1 4:1
**pages** 6:8
**paid** 16:9
**part** 13:3
**participate**
  4:19
**parties** 15:22
**past** 4:25
**path** 7:23
**patient** 8:8
  16:22
**paul** 3:8 4:13
**payment** 4:24
**pending** 8:5
**people** 13:5,7,9
  13:10 16:22
**people's** 10:7
**percent** 12:24
  12:25 13:2,11
**personally**
  10:20
**perspective**
  13:24 14:3

**petition** 5:22
  15:18 16:9
**plan** 6:3,9 8:4
  8:21 9:16 10:1
  12:10 13:21
  15:20,21
**planning** 4:18
  14:22
**please** 8:8
  17:15
**pleased** 6:1
**plenty** 17:18
**point** 7:5 14:17
  16:11
**points** 15:12
  16:3
**polk** 3:10 4:7
  8:16,19 12:3
**possible** 14:4
**post** 8:5 12:10
  15:17 16:8,9
**potentially**
  7:22 13:7
**powerpoint**
  6:8 8:14
**practice** 10:17
**prepack** 7:16
  12:23
**prepare** 17:8
**presentation**
  6:8 7:21 8:12
  8:18
**presented** 6:4
  6:9 8:15 9:1
**pressing** 11:18
**pretty** 9:8

**principally**
  8:23
**prior** 5:11
**privilege** 9:20
**probably** 6:18
**procedure** 9:25
  11:4
**proceeding** 5:7
  5:16 9:14
  13:16
**proceedings**
  9:12 18:6 19:4
**process** 5:23
  12:21 13:15
  16:25
**productively**
  13:5
**professionals**
  14:14 15:7
**program** 11:14
  17:4,16
**program's**
  16:21
**progress** 11:19
**proposal** 6:4
  9:1,23 12:13
  13:8,21
**proposed** 6:4
**protocols** 11:2
  11:3
**provide** 11:4
**purchasers**
  13:1
**pursues** 8:4

| q | report 4:23 5:6 6:1 | s | somebody 17:18 |
|---|---|---|---|
| qualified 15:8 | reported 15:16 | s 1:22 3:1 4:1 | sonya 2:25 |
| quantum 13:13 | reports 15:17 16:11 | s.a. 1:7 | 19:3,8 |
| quarter 4:25 | represent 7:8 | scheduling 11:23 | sorry 5:10 16:9 17:21 |
| quarterly 5:2 | represented 8:25 | screen 4:5 | sort 9:25 11:2 |
| question 8:12 9:10 | represents 6:25 7:8 9:21 | second 5:6 | 11:8 12:11 13:8,19,21 |
| questions 15:15 17:12 | request 8:17 | secured 6:7 8:25 | 16:21 |
| quickly 14:4 14:10 | required 12:15 15:14 | see 4:5 18:2 | sources 6:9 |
| quo 8:11 | requirements 7:17 9:16 | seemed 7:16 | southern 1:2 |
| | requisite 13:12 | sense 15:11 17:1 | speak 5:23 13:19 |
| **r** | reserve 16:4 | sent 8:16 | speaking 4:19 |
| r 1:21 3:1 4:1 19:1 | resolution 12:6 | series 6:13 | spoke 5:4 12:8 |
| radar 11:23 | respond 16:15 | sets 6:20 | spoken 13:1 |
| rarely 14:11 | response 17:5 | several 6:8 10:17 | stakeholder 17:2,3 |
| rather 9:13 | right 4:19 7:14 7:16,18 8:1 | share 8:18 | stakeholders 16:24 |
| really 17:17 | 11:7 13:19,21 15:4 17:21 | shareholder 9:3 | start 9:25 |
| recall 5:8,14 | 18:1,4 | short 9:19 | statement 13:25 |
| received 5:2,3 12:18 | rights 16:5 | shouldn't 11:13 | states 1:1,11 3:17 |
| recent 13:1 | road 19:21 | showing 14:22 | status 2:1 4:3 8:11 |
| recently 10:17 | robust 9:8 | signature 19:6 | steadily 7:21 7:24 |
| record 5:21 12:3 16:14 19:4 | role 7:9 | signed 12:19 | straightforw... 9:15 |
| refer 5:15 | rolled 9:23 | significant 15:17 | subgroup 7:23 |
| regard 15:23 | room 3:20 | simple 9:15 | submitted 12:25 |
| regarding 12:22 | rope 17:18,19 | simply 12:15 | subset 6:14 |
| reiterate 16:16 | rough 5:16 9:14 | sit 8:9 14:11 | |
| remitted 4:25 | | situation 12:9 16:23 | |
| reorganization 6:3 8:22 | | skipping 9:3 | |
| | | solutions 19:20 | |

**substantive**
  5:25
**suggest**  8:2
  11:21 17:10
**suite**  19:22
**support**  9:2
**sure**  4:11 7:6
  10:21 12:19
  15:20 17:19
**susana**  9:20
**synopsis**  8:6

**t**

**t**  19:1,1
**tacks**  9:5
**take**  6:1 12:20
  14:2 16:4 18:4
**taken**  10:4
**talk**  17:15
**talking**  9:25
  13:11
**target**  11:24
**tax**  9:25
**taxes**  15:18
**teach**  14:18
**technicalities**
  5:19
**tell**  14:13,24
**template**  11:3
**terms**  6:3,9,21
  9:5,10 15:23
**texted**  11:23
**thank**  8:1 14:5
  17:23 18:1,5
**thanks**  17:14
**that's**  4:20
  6:13 7:3,15
  11:14,22 14:9

15:4,16 17:1,7
  17:20,24 18:1
**there'll**  9:8
**there's**  6:19,20
  6:23,23,23 7:6
  13:4 14:8
  16:19
**thing**  6:12
  10:19 14:16
  16:7
**things**  14:6,11
**think**  7:22 9:23
  12:4,12,23,25
  13:6,13,18,22
  14:12,15 16:24
  17:20,21,24
**thinking**  10:3
**thinks**  17:2
**thoughts**  10:7
  15:5
**three**  6:20
**tight**  8:9
**time**  14:2,25
  16:17 17:2
**timely**  4:25
**times**  10:17
**timothy**  3:15
  4:7 12:3
**today**  17:25
**together**  11:16
**track**  10:2
**transcribed**
  2:25
**transcript**  19:4
**treatment**  6:5
  13:22,22

**tremendous**
  11:23
**true**  19:4
**trustee**  3:18
  4:24 5:2 11:14
  12:9 16:21
  17:16
**trustee's**  4:17
  5:6 15:7 17:4
  17:11
**try**  16:23
**trying**  7:22
  17:17
**turn**  15:4
**turned**  17:25
**two**  13:1
**type**  13:20

**u**

**u.s.**  1:23 3:18
  4:17,24 5:2,5
  9:17,18 11:14
  12:9 15:6
  16:21 17:3,11
  17:16
**unanticipated**
  12:11
**under**  8:15
  12:20 15:14
  16:1
**understand**
  12:12,14 13:7
  13:8,23 14:1
  14:10
**understandable**
  17:16
**understanding**
  12:16 13:14

**understood**
  17:23
**undone**  5:11
**united**  1:1,11
  3:17
**unknown**  1:25
**unpaid**  12:10
**unsecured**  6:23
**update**  4:21
  5:25 11:16
  12:21
**uses**  6:9

**v**

**veritext**  19:20
**versa**  11:6
**viability**  12:14
  16:15
**vice**  11:6
**voluntarily**
  5:15

**w**

**want**  4:20 7:6
  7:20 8:3 10:22
  11:15 12:1
  13:9 15:11
  16:13,19 17:4
**wanted**  4:23
**wants**  13:10
  16:15
**wardwell**  3:10
  4:7
**way**  9:15
**ways**  9:19
  17:15
**week**  9:2,23
  12:19

weeks  9:4
  11:20
we'd  13:2
we'll  6:21 8:11
  8:18 9:5 12:19
  13:17,18
we're  4:3 8:8
  9:24 11:18
  12:4,6,10 13:7
  13:11,15 14:3
  15:20,25 18:4
we've  10:14
  13:1,10
what's  12:15
  13:17,21
wiles  10:18
wishes  11:25
withdrawal
  15:23
withdrawn
  15:22
work  14:8
working  6:2
  8:8 9:20 11:18
  16:22
works  8:7
  13:15
wrangled
  16:25

**x**

x  1:4,10

**y**

yeah  7:3 10:15
  10:19 11:13
  17:14,21

year  10:18
yesterday  12:8
york  1:2,13 3:6
  3:13,21 6:6,11
  6:24 8:24 13:3
  13:13
you're  14:12
  14:18
you've  15:5
yup  17:24

**z**

zipes  3:23 4:15
  4:16,16 11:14
  15:5,6,6
zipes'  17:5
zoom  18:2