WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2  
U.S. Department of Justice  
Office of the United States Trustee  
Alexander Hamilton Custom House  
One Bowling Green, Room 534  
New York, New York 10004  
(212) 510-0500  
By: Greg M. Zipes, Esq.  
     Trial Attorney  

Hearing Date: July 2, 2025  
Hearing Time: 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

---------------------------------------------------------X  
                                        :  
In re                                     :       Chapter 11  
                                         :  
Credivalores-Crediservicios, S.A.,    :  
                                       :       Case No. 24-10837 (DSJ)  
                    Debtor.       :  
---------------------------------------------------------X  

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable David S. Jones, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, on **July 2, 2025 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order converting, or, alternatively, dismissing the Chapter 11 case, and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that the Motion will be heard through Zoom for Government. Participants in the hearing are required to register their appearance by 4:00 p.m. the

day before the hearing utilizing the e-Court Appearances tool at

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that any responsive papers should be filed with the Court and personally served on the United States Trustee, to the attention of Greg M. Zipes no later than seven (7) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
May 30, 2025

                        WILLIAM K. HARRINGTON,
                        UNITED STATES TRUSTEE

*By:*   */s/ Greg M. Zipes*
      Greg M. Zipes
      Trial Attorney
      Office of the United States Trustee
      Alexander Hamilton Custom House
      One Bowling Green, Room 534
      New York, New York 10004
      Tel. (212) 510-0500

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York 10004
(212) 510-0500
By:     Greg M. Zipes, Esq.
        Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                        :
In re                                                   :    Chapter 11
                                                        :
Credivalores-Crediservicios, S.A.,                      :
                                                        :    Case No. 24-10837 (DSJ)
                                                        :
                        Debtor.                         :
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7, OR IN THE ALTERNATIVE, TO DISMISS THIS CASE**

**TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") files this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order converting the case of Credivalores-Crediservicios, S.A. (the "Debtor") to a case under chapter 7, or in the alternative, dismissing this chapter 11 case. In support thereof, the United States Trustee represents and alleges as follows:

## Introduction

The Court entered an order confirming the plan in this bankruptcy case nearly one year ago. Nevertheless, the plan has not gone effective. The Debtor's counsel has outlined the difficulties in consummating the plan in various court hearings. Most recently, the Debtor has been unable to give the United States Trustee's office assurances that all administrative fees will be paid, let alone that the Debtor's obligations under the plan can be met. The Debtor also owes significant United States Trustee quarterly fees which it has not been paying and continues to be unable to pay. Accordingly, cause exists to convert or dismiss this case for failure to consummate the Plan and, also because the Debtor has not paid United States Trustee quarterly fees in full.

## Facts

### General Background

1. On May 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. See Voluntary Petition, ECF No. 1.

2. As outlined in its first day papers, the Debtor filed this case to obtain approval of a Prepackaged Chapter 11 Plan (the "Plan") to permit the restructuring of the Debtor's notes issued under that certain Indenture, dated February 7, 2020, between the Debtor and the Bank of New York Mellon (the "Old Notes"), on the terms set forth in the Plan. See Zipes Decl. Ex. A (Local Rule Declaration of Jaime Francisco Buritica Leal) at ¶ 22.

3. On July 3, 2024, the Plan was approved and confirmed by the Court. See Zipes Decl. at ¶ 3.

4. The Debtor has not filed a Notice of Effective Date and the Plan has not gone effective. Id. at ¶ 4.

5. At a hearing on September 5, 2024, the Debtor's counsel identified certain challenges the Debtor was having in connection with going effective. Specifically, the Debtor's counsel noted that a concurrent bankruptcy proceeding against the Debtor had been commenced in Colombia and "we thought that since the company is now the subject of another bankruptcy proceeding in another country that it was incumbent upon us to inform the Court and, of course, to inform all the other parties." See Zipes Decl. Ex. B (Sept. 5, 2024 Tr.) at ¶ 22.

6. The Court has held numerous status conferences since that time. Each time, the Debtor has reported continuing difficulties in going effective with its Plan due to the concurrent plan in Colombia, among other reasons.

7. The Debtor last filed a monthly operating report for April 2025 (the "April MOR"). In that monthly operating report, the Debtor checked "Yes" that it is current with the payment of United States Trustee quarterly fees. See Zipes Decl. Ex. C (April MOR, Part 7, Question L).

8. Notwithstanding the April MOR, the Debtor is delinquent in the payment of United States Trustee quarterly fees pursuant to 28 U.S.C. §1930(a)(6), together with any applicable interest pursuant to 31 U.S.C. § 3717. The Debtor owes $140,109.84 in actual fees as of May 23, 2025. See Zipes Decl. Ex. D.

9. In an email to Debtor's counsel dated May 22, 2025, the undersigned requested information about the Debtor's ability to pay United States Trustee quarterly fees and other administrative fees and expenses, with a request to respond within one week, or by May 29,

2025. While the Debtor's counsel has been cooperative, as of this date, the Debtor has not provided a substantive response.  See Zipes Decl. at ¶ 7.

## Discussion

### A. GOVERNING LAW

Section 1112(b) of the Bankruptcy Code provides in pertinent part that on request of a party in interest, and after notice and a hearing,

> the court <u>shall</u> convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added).  Section 1112(b)(4) sets forth several bases for "cause" to convert or dismiss, including, among others:

> (K)  failure to pay any fees or charges required under chapter 123 of title 28;
>
> (M)  inability to effectuate substantial consummation of a confirmed plan.

11 U.S.C. § 1112(b)(4).

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. See <u>In re BHS&B Holdings, LLC</u>, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in § 1112(b)(4) are "not exhaustive' and courts are free to consider other factors"); <u>In re AdBrite Corp.</u>, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) ("A finding of cause is not limited ot the grounds stated in § 1112(b)").  The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. <u>In re The 1031 Tax Group, LLC</u>, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

B.   ARGUMENT

As stated, the Court entered an order confirming that Plan in this bankruptcy case almost one year ago. On July 3, 2024, the Plan was approved by the Court. See Zipes Decl. at ¶ 3. The Plan has not gone effective. Id. at ¶ 4. At a hearing on September 5, 2024, the Debtor's counsel described certain challenges the Debtor was having in connection with going effective. Specifically, a concurrent bankruptcy proceeding against the Debtor had been commenced in Colombia. The Colombia court needs to approve certain expenditures and operates on a timeline different from this bankruptcy Court. See Zipes Decl. Ex. B (Sept. 5, 2024 Tr.) at ¶ 22. In a recent email exchange with the United States Trustee's office, the Debtor has been unable to confirm it can pay administrative fees including United States Trustee quarterly fees, as approval has apparently not been granted by the Colombian court. The Debtor indisputably owes United States Trustee quarterly fees. See Zipes Decl. Ex. D. Further, there is no evidence that the Debtor can go effective by restructuring the Indenture as contemplated in the Plan.

Accordingly, for all the reasons set forth above, cause exists to convert or dismiss this case for failure to consummate the Plan (11 U.S.C. § 1112(b)(M)) and because the Debtor has not paid United States Trustee quarterly fees in full (11 U.S.C. § 1112(b)(K)). Further, there are no unusual circumstances establishing it is not in the best interest of the creditors to convert or dismiss.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a case under Chapter 7, or in the alternative, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief

as may be deemed just and proper.

Dated: New York, New York
May 30, 2025

                    Respectfully submitted,

                    WILLIAM K. HARRINGTON
                    UNITED STATES TRUSTEE

By:   /s/ *Greg M. Zipes*
        Greg M. Zipes
        Trial Attorney
        One Bowling Green, Room 534
        New York, New York 10004-1408
        212-510-0500