WILLIAM K. HARRINGTON　　　　　　　　　Hearing Date: July 2, 2025
UNITED STATES TRUSTEE, REGION 2　　　　Hearing Time: 10:00 a.m.
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, New York  10004
(212) 510-0500
By:　Greg M. Zipes, Esq.
　　　Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　:
In re　　　　　　　　　　　　　　　　　　:　Chapter 11
　　　　　　　　　　　　　　　　　　　　　:
Credivalores-Crediservicios, S.A.,　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　Case No. 24-10837 (DSJ)
　　　　　　　　　　　Debtor.　　　　　　 :
---------------------------------------------------------X

# DECLARATION IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS THIS CHAPTER 11 CASE

Pursuant to 28 U.S.C. § 1746, Greg M. Zipes, declares as follows:

I am an attorney for movant, William K. Harrington, the United States Trustee for Region 2 ("United States Trustee").  On his behalf, I am responsible for monitoring the Chapter 11 case of Credivalores-Crediservicios, S.A. ("Debtor"), captioned above.  I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and on my personal review earlier today of the docket of this case on the ECF/CM information system.  I submit this Declaration in support of the United States Trustee's Motion to Convert or Dismiss this case (the "Motion"):

1.      On May 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      A true copy of the Declaration of Jaime Francisco Buritica Leal in Support of (I) the Chapter 11 Petition and First Day Pleadings and (II) Pursuant to Local Rule 1007-2 (Dkt. No. 4) (the "Local Rule Declaration") is attached as Exhibit A.  Mr. Leal explained that the Debtor is seeking approval of its Prepackaged Chapter 11 Plan (the "Plan") to permit the restructuring of the Debtor's notes issued under that certain Indenture, dated February 7, 2020, between the Debtor and the Bank of New York Mellon (the "Old Notes"), on the terms set forth in the Plan. See Local Rule Declaration at ¶ 22.

3.      My review of the docket shows that on July 3, 2024, the Plan was approved and confirmed by the Court.

4.      My review of the docket also shows that the Plan has not gone effective, and the Debtor has not filed a Notice of Effective Date.

5.      A true copy of the transcript of the hearing on September 5, 2024 (ECF Dkt. 149), in which the Debtor's counsel described some of the difficulties associated with consummating the Plan, is attached as Exhibit B.

6.      A true copy of the April 2025 monthly operating report (ECF Dkt. 186), the latest monthly operating filed, is attached as Exhibit C.

7.      In an email to Debtor's counsel dated May 22, 2025, the undersigned requested information about the Debtor's ability to pay United States Trustee quarterly fees and other administrative fees and expenses, with a request to respond within one week, or by May 29,

2025. While the Debtor's counsel has been cooperative, as of this date, the Debtor has not provided a substantive response.

8. The Debtor is delinquent in the payment of United States Trustee quarterly fees pursuant to 28 U.S.C. §1930(a)(6), together with any applicable interest pursuant to 31 U.S.C. § 3717. My records reflect that the Debtor owes $140,109.84 in actual fees as of May 23, 2025. A copy of the latest United States Trustee internal records showing quarterly fees due and owing is attached as Exhibit D.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
      May 30, 2025

By:   */s/ Greg M. Zipes*
        Greg M. Zipes