DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Timothy Graulich
Stephen D. Piraino
Andrew T. Frisoli

*Counsel to the Ad Hoc Group of Noteholders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CREDIVALORES – CREDISERVICIOS S.A.,** | **Case No. 24-10837 (DSJ)** |
| **Debtor.** | |

**THE AD HOC GROUP'S REPLY TO THE U.S. TRUSTEE'S**
**MOTION TO CONVERT OR DISMISS THIS CHAPTER 11 CASES**

The Ad Hoc Group[1] hereby submits this reply to the United States Trustee's (the "**U.S. Trustee**") *Motion to Convert this Chapter 11 Case to a Case Under Chapter 7, or in the Alternative, to Dismiss this Case* [ECF No. 188] (the "**Motion**"), and respectfully states as follows:

**Preliminary Statement**

1. After months of post-confirmation efforts to find a different solution, the Ad Hoc Group is constrained to agree with the U.S. Trustee that "cause" exists under section 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**") to either convert or dismiss the above-captioned chapter 11 case (the "**Chapter 11 Case**"). In fact, at least three examples of cause exist (any one of which is sufficient to satisfy section 1112(b) of the Bankruptcy Code): (1) a substantial

---

[1] As used herein, "**Ad Hoc Group**" refers to the group of noteholders identified in the *Verified Statement of Davis Polk & Wardwell LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 55], as the membership thereof may change from time to time. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

or continuing loss to the estate and the absence of a likelihood of rehabilitation, which is in part evidenced by the Debtor's monthly operating reports that show considerable and continuing losses since the commencement of this Chapter 11 Case, (2) the inability to effectuate substantial consummation of the *Amended Prepackaged Chapter 11 Plan of Credivalores – Crediservicios S.A.* [ECF No. 120] (the "**Plan**") that was confirmed on July 3, 2024, and (3) the failure to pay U.S. Trustee quarterly fees.

2. The Motion, however, leaves open the crux of the issue: whether dismissal or conversion is in the best interest of creditors. The Ad Hoc Group respectfully submits that conversion to chapter 7 is in the best interests of creditors as conversion presents the greatest and only chance of recovery in this Chapter 11 Case. With the appointment of a chapter 7 trustee, creditors will benefit from an independent and objective investigation into the Debtor's affairs, which may ultimately result in value to be distributed to creditors.

3. While this reality is disappointing for the Ad Hoc Group and for all stakeholders, conversion to chapter 7 is the better outcome compared to dismissal, and chapter 7 will ultimately serve as the appropriate pathway to bringing finality to this Chapter 11 Case.

## Argument

**A. Cause Exists To Convert This Chapter 11 Case**

4. Cause exists to convert this Chapter 11 Case due to the substantial and continuing loss to the Debtor's estate and the absence of a likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).[2]

---

[2] The Ad Hoc Group agrees with the U.S. Trustee that cause also exists due to the Debtor's failure to consummate the Plan and failure to pay all U.S. Trustee quarterly fees. Motion at 5.

5. Courts have determined that a substantial or continuing loss to the estate exists when a "debtor continues to incur losses or maintains a negative cash-flow position . . . or . . . the debtor's assets have declined in value since the case was commenced." *In re Exigent Landscaping, LLC*, 656 B.R. 757, 765 (Bankr. E.D. Mich. 2024) (quoting *In re Creekside Senior Apts., L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013)). *See also In re Om Shivai Inc.*, 447 B.R. 459, 464 (Bankr. D.S.C.2011) (finding negative cash flow for four out of eight months and a net loss of only $3,856.03 sufficient to establish cause). Moreover, courts may find substantial and continuing loss when the debtor sustains monthly losses and there is no indication of the debtor receiving any additional funding. *See In re BH S & B Holdings, LLC*, 439 B.R. 342 (Bankr. S.D.N.Y. 2010).

6. The Debtor's monthly operating reports reflect a consistent pattern of negative cash flows, decreases in the ending cash balance month-over-month, a decrease in total assets and a significant loss in net profits. For example, the monthly operating report for May 2024 reflects total net assets of $452,508,090, [ECF No. 98], while the most recently filed monthly operating report for the month of May 2025 reports net assets of $328,246,322. [ECF No. 192]. This reflects a net loss in total assets of over $120 million. Moreover, the May 2025 monthly operating report lists a cumulative loss in profits since the commencement of this Chapter 11 Case of more than $132 million.

7. The Debtor also lacks the likelihood of rehabilitation. At the status conference on May 22, 2025, the Debtor reported to this Court that the Debtor has failed to reach a deal with stakeholders and the only option left is to either convert or dismiss the bankruptcy case.

8. For the foregoing reasons, and for the reasons stated in the Motion, "cause" exists to covert this Chapter 11 Case.

**B. Conversion to Chapter 7 Is in the Best Interests of Creditors**

9. Upon establishing cause, courts are given discretion in determining whether to convert or dismiss the case. *See In re Calrissian LP*, 2018 Bankr. LEXIS 2381, *4 (Bankr. D. Del. Aug. 10, 2018) ("The cases are uniform in holding that the decision to dismiss or convert is within the bankruptcy court's discretion and is based on the facts. It is a case-by-case decision."). With that said, courts also give "considerable weight to what creditors want – dismissal or conversion." *Id*.

10. Courts will look at several factors when deciding if conversion or dismissal is in the best interest of creditors, including whether a chapter 7 trustee could protect the interests of creditors. *See, e.g., Carlissian*, 2018 Bankr. LEXIS 2381, at * 6-7 (Bankr. D. Del. Aug. 10, 2018) (converting chapter 11 case and appointing chapter 7 trustee to perform independent and objective investigation that may discover valid and valuable claims). Practically there is limited downside to the appointment of a chapter 7 trustee that may discover valuable claims for the benefit of creditors. And there are safeguards that may be put in place to prevent further diminution of assets if an investigation proves to be futile. *See id*. (noting the chapter 7 trustee may retain contingency counsel and is encouraged to report to the court that dismissal of the chapter 7 case is warranted).

11. Throughout the pendency of this Chapter 11 Case, the Ad Hoc Group is one of—if not the only—creditor constituency that has appeared before this Court. The Ad Hoc Group respectfully submits that conversion is in the best interests of creditors and, while not dispositive, the Ad Hoc Group's desire to convert this Chapter 11 Case should be afforded considerable weight.

12. At this juncture, conversion to chapter 7 is the better alternative to dismissal. With the appointment of a chapter 7 trustee, creditors retain some hope of a recovery (e.g., upon a successful investigation and pursuit of causes of action) whereas a dismissal will simply end the case without the benefit of an independent and objective investigation into the Debtor's operations

since the commencement of this Chapter 11 Case.  Moreover, a chapter 7 trustee will have the benefit of various procedural mechanisms under the Bankruptcy Code and Bankruptcy Rules, including, for example, access to rule 2004 discovery which will streamline the investigation process. If a chapter 7 trustee eventually decides that no viable claims exist, then the case will be dismissed, but dismissal is premature before the completion of such an independent investigation.

## Conclusion

WHEREFORE, the Ad Hoc Group respectfully requests that the Court grant the Motion to convert this Chapter 11 Case to chapter 7 of the Bankruptcy Code.

Dated: June 25, 2025
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Timothy Graulich
Stephen D. Piraino
Andrew T. Frisoli

*Counsel to the Ad Hoc Group of Noteholders*