Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Prospective Special Litigation Counsel for
Salvatore LaMonica, Solely in his Capacity
as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CREDIVALORES - CREDISERVICIOS<br>S.A.<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-10837-dsj<br>Re: ECF #217 |

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION OF BAKER & McKENZIE LLP
TO WITHDRAW AS COUNSEL AND CROSS-MOTION FOR TURNOVER**

Salvatore LaMonica, solely in his capacity as Chapter 7 trustee ("Trustee"), by and through

his prospective special litigation counsel, hereby objects to the motion of Baker & McKenzie LLP

("Baker McKenzie") to withdraw as counsel for Credivalores - Crediservicios S.A. ("Debtor"),

and cross-moves for turnover of Baker McKenzie's entire client file concerning the Debtor and all

other Debtor property held by Baker McKenzie, pursuant to 11 U.S.C. § 542 and FRBP 1019(d),

and states:

**INTRODUCTION**[1]

1.      The Trustee was only recently appointed, and the Debtor has not fulfilled its

obligations under 11 U.S.C. § 521(a)(3)-(4), FRBP 1019(a)(1) or FRBP 1019(d).  Under these

circumstances, the motion should be denied as premature.  No ground exists for relieving Baker

McKenzie "from any further obligations in connection with the Chapter 7 case and any related

---

[1] Prior to making this cross-motion, Amini LLC made a written turnover demand on November 11, 2025.  Baker McKenzie stated it "will respond early next week"; however, as of the filing hereof no response has been received.

proceedings", let alone deeming it to have withdrawn. Instead, an order should be entered directing turnover of Baker McKenzie's entire client file concerning the Debtor and all other Debtor property held by it, so that the Trustee can proceed with his investigation as required by 11 U.S.C. § 704(a)(4).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

## BACKGROUND

4.      On March 7, 2024, the Debtor launched an exchange offer and at the same time solicited votes on its Chapter 11 plan to effectuate said restructuring.

5.      This case was commenced on May 16, 2024, following the completion of voting.

6.      The Debtor's principal business payday lending in Colombia.  (ECF #4 ¶11.)

7.      Prepetition the Debtor entered into "Related Party Transactions". (ECF #4 ¶50.)

8.      Baker McKenzie was paid $2,521,046 during the preference period presumably on account of antecedent debt.  (ECF #49 ¶17.)

9.      FTI was paid $450,000 on account of antecedent debt during the preference period. (ECF #51 ¶23 & Schedule C.)

10.     On July 3, 2024, an amended plan was confirmed. (ECF #139.)  It provided for all claims to "ride through."  (ECF #149 at 11:14-16.)

11.     However, the plan never became effective.  "[I]n late July … two …. creditors … commenced a form of civil litigation in Colombia for unpaid debts that led to embargoes[2] on the company's bank accounts in Colombia."  (ECF #149 at 10:10-14.)  This "caused it to miss the

---

[2] "Embargoes are a common litigation tool for plaintiffs in Latin America, and the best way to describe it is that you could think of it as a prejudgment attachment of bank accounts … at the commencement of civil litigation."  (ECF #149 at 10:15-19.)

interest payment on its local bonds and caused it to be unable to fund the administrative expenses that would need to be funded under the confirmed Chapter 11 plan to make it go effective, and also to make the bond payment under the new notes that" had become due.  (ECF #149 at 11:19-12:8.)

12.    In response, the Debtor commenced a Law 1116 reorganization proceeding and engaged Colombian counsel. (ECF #149 at 12:17-13:14.)

13.    On July 7, 2025, this case was converted for failure to pay $140,109.84 in fees due under 28 U.S.C. § 1930(a)(6).  (ECF #198, #188-1 ¶¶7-8.)

14.    On July 8, 2025, the Trustee was appointed.  (ECF #199.)

15.    On July 15, 2025, the Colombian Superintendent of Companies decreed that the Debtor be liquidated.  (Exhibit 1.)

16.    No "Court-to-Court protocol" (ECF #171 at 10:3-11:6) has been established.

17.    Baker McKenzie's first and final fee application (ECF #211) has been adjourned sine die.

## ARGUMENT

### I.    THE MOTION TO WITHDRAW SHOULD BE DENIED

18.    Local Bankruptcy Rule 2090-1(e) permits withdrawal "only by order of the Court for cause shown."

19.    "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'"  *Stair v. Calhoun*, 722 F. Supp. 2d 258 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

20.    The cause inquiry turns on whether grounds for withdrawal exist under Professional Conduct Rule 1.16(b)-(c).  *In re Wiener*, 2019 WL 2575012 (Bankr. S.D.N.Y. June 21, 2019) (New York Rules of Professional Conduct "provide guidance to courts in determining what constitutes 'good cause' for granting a motion to withdraw as counsel").

21.     None of the mandatory grounds for withdrawal under Professional Conduct Rule 1.16(b) or permissive grounds under Rule 1.16(c) apply.

22.     Conversion is not a recognized ground for withdrawal.

23.     The relief sought would prevent fulfillment of the duties of investigating the Debtor's financial affairs and maximizing estate value. *See* 11 U.S.C. § 704(a)(4); *Brandt v. HSBC (In re China Fishery Group Ltd.)*, 2018 WL 6824074, at *4 (Bankr. S.D.N.Y. Dec. 27, 2018) (quoting *CFTC v. Weintraub*, 471 U.S. 343, 355 (1985)) (trustee's duty is "to maximize the value of the estate").

24.     Ordinarily, a Chapter 7 trustee can rely on 11 U.S.C. § 521(a)(3)-(4) to obtain cooperation from the Debtor in investigating the Debtor's financial affairs and Debtor records. However, the Debtor has no United States business (ECF #4 ¶¶10-15), no senior management (ECF #4 Schedule 6) in the United States, to the Trustee's knowledge, no United States bank accounts (ECF #6 Exhibit C) and is in liquidation (Exhibit 1) in Colombia. As a result, the Trustee must rely on turnover from professionals to fulfill his duties.

25.     Under these circumstances, the withdrawal motion is premature, and remaining counsel should not be considered "an unreasonable burden". Professional Conduct Rule 1.16 [Cmt. 8A].

## II.     THE CROSS-MOTION FOR TURNOVER SHOULD BE GRANTED

26.     FRBP 1019(d) contemplates automatic turnover to a Chapter 7 trustee of estate property and records upon conversion.

27.     11 U.S.C. § 542(a) provides "en entity … in possession, custody or control … of property that the trustee may use … shall deliver to the trustee, and account for, such property." Under 11 U.S.C. § 542(e), "the court may order an attorney … that holds recorded information … relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."

28.     A law firm's "file regarding its representation of [a debtor] plainly falls within § 542's scope", as it is debtor "property" a trustee can "use" to investigate claims under § 542(a). *McKinstry v. Genser (In re Black Diamond Mining Co., LLC)*, 507 B.R. 209, 214 (E.D. Ky. 2014) (citing *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 34-38 (1997)).

29.     Such property is also subject to turnover under 11 U.S.C. § 542(e). *Id.* (the "client file … 'relate[s] to' the company's property within the meaning of § 542(e) because the records and intra-firm correspondence it contains are relevant to" potential claims). *See also CFTC*, 471 U.S. at 351 (statute was designed "to restrict … the ability of … attorneys to withhold information from the trustee"); *Schwartzer v. Pisanelli Bice, PLLC (In re Fresh Mix LLC)*, 2023 WL 6964726, at *13 (Bankr. D. Nev. Oct. 20, 2023) ("The holding in *Black Diamond Mining* is consistent not only with the literal wording of the statute, which does not reflect an ownership requirement, but also with the overarching Congressional purpose").

30.     In the turnover context, neither the work product doctrine nor privilege for internal law firm documents have any application. *Black Diamond Mining*, 507 B.R. at 215-19. The Trustee controls the attorney-client privilege. *Id.* at 214 ("privilege would be irrelevant" where turnover is sought by estate representative); *CFTC*, 471 U.S. at 358 ("the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege").

31.     The Court should therefore order turnover of Baker McKenzie's entire client file concerning the Debtor.

32.     To the extent Baker McKenzie holds any other Debtor property all such property should also be turned over to the Trustee.

WHEREFORE, the motion to withdraw should be denied and Baker McKenzie should be ordered to turnover its entire client file concerning the Debtor, and all other Debtor property held

by it; and the Court should grant and such other and further relief should be granted as it deems

just and proper.

Dated: New York, NY
      November 19, 2025

Amini LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Prospective Special Litigation Counsel for
Salvatore LaMonica, Solely in his Capacity
as Chapter 7 Trustee