[Coat of Arms: Superintendence of Companies]

[Barcode]

Sticker INTERNAL COMMUNICATIONS
Bogota D.C.
WHEN RESPONDING, PLEASE QUOTE:
2025-01-508266
TYPE: INTERNAL COMMUNICATION        DATE: JULY-15-2025 06:15:43
PROCEEDING: 6636 – TERMINATION, REORGANIZATION AND COMMENCEMENT OF THE LIQUIDATION PROCEEDING
COMPANY: 805025964 – CREDIVALORES CREDISERVICIOS S.A. UNDER REORGANIZATION
SENDER: 400 – OFFICE FOR INSOLVENCY PROCEEDINGS
DOCUMENT TYPE: Order
REFERENCE NUMBER: 400-012411
PAGES: 5        ANNEXES: 0

[Coat of Arms: Superintendence of Companies]

# ORDER
# SUPERINTENDENCE OF COMPANIES

**Party to the proceeding**

Credivalores – Crediservicios S.A.

**Proceeding**

Reorganization

**Matter**

Reorganization proceeding is terminated and judicial liquidation is decreed

**Case file**

J2024460060215000092 – 42564

## I.    BACKGROUND

1. By Order 2024-01-945497 dated December 12, 2024, the company Credivalores – Crediservicios S.A. was admitted to the corporate reorganization proceeding in accordance with Law 1116 of 2006.

2. Subsequently, through a petition filed under number 2025-01-480345 on July 1, 2025, the legal representative of the company under insolvency proceeding requested the commencement of the judicial liquidation proceeding, a request that was approved by 100% of the shareholders at the meeting held on May 20, 2025.

## II.    CONSIDERATIONS OF THE OFFICE

3. Article 49 of Law 1116 of 2006 establishes that the commencement of the judicial liquidation proceeding is appropriate, among other cases, when requested directly by the debtor. This provision reflects the voluntary nature of the petition; therefore, once the legal requirements are verified, the supervisory authority for insolvency proceedings may not refrain from granting it.

4. The commencement of judicial liquidation has immediate effects on the debtor's estate, by virtue of the principle of objective and subjective universality that characterizes the insolvency proceedings regime. This means that all assets, rights, funds, and legal relationships of the company are subject to the proceeding, as well as any judicial and administrative actions involving its estate.

5. Furthermore, this Office states that, with this ruling, the company's management and supervisory bodies cease to perform their functions, pursuant to the provisions set forth in Article 50.2 of Law 1116 of 2006. Henceforth, the management of the company shall be entrusted to the appointed liquidator, who will act as an officer of the court under the direction and supervision of the judge in the insolvency proceeding.

6. Consequently, it is necessary to issue the pertinent orders to ensure the protection and preservation of the debtor's assets, as well as to commence the orderly and efficient execution of the liquidation.

[On the left margin: Validate Document Resolution 325 Jan-19-2015]
88cc-UU48-ea8f-eSS8-ea8f-eUU8
[Barcode]

At the Superintendence of Companies, we work to promote innovative, productive, and sustainable companies.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Sole citizen service line: 01-8000-114310
Bogota telephone number: (601) 2201000
Colombia

[6 certificates logos]    Page: | 1

```
[Coat of Arms: Superintendence of Companies]
```

Order
2025-01-508266

CREDIVALORES CREDISERVICIOS S.A. UNDER REORGANIZATION

In view of the foregoing, the Deputy Superintendent for Insolvency Proceedings:

**Orders**

**First.** To decree the commencement of the judicial liquidation proceeding for the assets of Credivalores – Crediservicios S.A. with Tax Identification Number (NIT) 805,025,964, domiciled in the city of Bogota, in accordance with the grounds set forth in this ruling; and begins with reported assets of $1,563,290,000 (figure in thousands), an amount that will be adjusted to the net liquidation value once the inventory of assets has been approved by this Office.

**Second.** To note that, as a consequence of the foregoing, the company has entered into liquidation; its liquidation proceeding will be conducted in accordance with the provisions of Article 48 of Law 1116 of 2006, and henceforth it must always be identified with the expression "*UNDER JUDICIAL LIQUIDATION*."

**Third.** To order the attachment and seizure of all assets, funds, and property rights of the debtor that are subject to attachment.

**Fourth.** To decree, as an unclassified precautionary measure, that the company's administrators, creditors, and shareholders may not dispose of the debtor's assets without prior authorization from the judge in the insolvency proceeding. It is noted that these measures shall prevail over any measures previously ordered and executed in enforcement or other proceedings involving the debtor's assets, in accordance with Article 5.2 of Law 1116 of 2006.

**Fifth.** To note that, in accordance with Article 50.2 of Law 1116 of 2006, from the issuance of this ruling, the administrators, corporate and supervisory bodies, if any, shall cease to perform their functions.

**Sixth.** To note that, in accordance with Articles 48.2 and 50.11 of Law 1116 of 2006, the administrators, former administrators, partners, and controlling parties are prohibited from carrying out the debtor company's business activities, and that the company retains legal capacity only to perform the acts necessary for the immediate liquidation of its estate, without prejudice to those aimed for the proper preservation of its assets. Any acts performed in contravention of the foregoing provisions shall be null and void.

**Seventh.** To appoint as liquidator of the company under insolvency proceeding, from among those listed on the official roster of court officers,

| NAME | BIVIANA DEL PILAR TORRES CASTANEDA |
|---|---|
| **I.D. Card** | 52864379 |
| **CONTACT INFORMATION** | Address: Calle 113 No 7-45 Torre B o FC 917 Edf. Teleport Business Park Email: btorres@tcabogados.com.co Cell phone: 3164736840 – 3182530235 Landline: 601 9277343 |

**Eighth.** To order the liquidator, within five (5) days of taking office, to provide a judicial bond amounting to 0.3% of the total value of the assets to be liquidated, which in no event may be less than twenty (20) current legal monthly minimum wages, to cover her management and any damages that may result from it, which bond shall guarantee the fulfillment of her legal obligations, including those arising from her duties as custodian of the assets of the company under insolvency proceeding, and for a period of up to five (5) years from the date of termination of her duties.

```
[On the left margin: Validate Document Resolution 325 Jan-19-2015]
```
88cc-UU48-ea8f-eSS8-ea8f-eUU8
```
[Barcode]
```

At the Superintendence of Companies, we work to promote innovative, productive, and sustainable companies.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Sole citizen service line: 01-8000-114310
Bogota telephone number: (601) 2201000
Colombia

[6 certificates logos]    Page: | 2

```
[Coat of Arms: Superintendence of Companies]
```

Order
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. UNDER REORGANIZATION

---

The foregoing is in accordance with the provisions of Resolution 100-000867 of February 9, 2011, and Article 2.2.2.11.8.1 of Decree 1074 of 2015. In the event of an increase in the value of the assets, the liquidator must adjust the insured value of the policy submitted within three (3) days following the execution of the ruling approving it. The expenses incurred by the liquidator in establishing the aforementioned bond shall in no event be charged to the assets of the company under insolvency proceeding.

**Ninth.** To order the liquidator to do the following:

9.1. Within five (5) days of taking office, to complete and register the insolvency execution form provided for in Article 2.2.2.4.2.58 of DUR 1074 of 2015 with CONFECAMARAS.

9.2. Within fifteen (15) days of taking office:
  9.2.1. To register this ruling with the relevant registry offices for the implementation of the precautionary measures decreed herein. For the preparation of the corresponding official communications, she shall submit copies of the relevant certificates of title.
  9.2.2. To submit a list of the contracts necessary for the conservation of assets, for approval by this Office, in accordance with Article 50.4 of Law 1116 of 2006.
  9.2.3. To report the respective staff termination updates to the health and pension authorities, and to initiate actions to settle the outstanding obligations with such entities.
  9.2.4. To issue and send a copy of this ruling and the notice informing of this proceeding to all judges and judicial authorities, trustees, notaries, and chambers of commerce, through appropriate means (email, certified mail, or personal notice). Proof of the above must be added to the file within the same period.

9.3. Within thirty (30) days of taking office, to submit an inventory of appraised assets.

9.4. Within one (1) month of the deadline for submitting credits, to submit the draft for the credit classification and ranking, together with the supporting documents for its preparation.

9.5. To post the notice issued by the Superintendence of Companies throughout the liquidation process at the debtor's headquarters, branches, and agencies.

9.6. To submit the reports established by law, especially those indicated in Articles 2.2.2.11.10.1 of DUR 1074 of 2015, and following articles.

9.7.  To initiate legal and administrative proceedings before the competent authorities in the event of irregularities or inconsistencies in the accounting information provided by the former legal representative and accountant.

9.8.  To initiate the relevant procedures for the normalization of pension liabilities, if any, and report that to the Office.

9.9.  To submit year-end financial statements for the period from January 1 to December 31 of each year, no later than March 31 of the following year.

9.10. To submit interim financial statements every four (4) months, with cut-off dates of April 30 and August 31 of each year, within the first five (5) business days of the month following the cut-off date. The technical regulatory framework for financial reporting that must be applied during the proceeding is that set forth in Decree 2101 of December 22, 2016.

[On the left margin: Validate Document Resolution 325 Jan-19-2015]
88cc-UU48-ea8f-eSS8-ea8f-eUU8
[Barcode]

At the Superintendence of Companies, we work to promote innovative, productive, and sustainable companies.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Sole citizen service line: 01-8000-114310
Bogota telephone number: (601) 2201000
Colombia

[6 certificates logos]

Page: | 3

```
[Coat of Arms: Superintendence of Companies]
```
                    Order 2025-01-508266

CREDIVALORES CREDISERVICIOS S.A. UNDER REORGANIZATION

---

9.11. To consult the case file in a timely manner, as the judge in the insolvency proceeding does not issue rulings relieving her of this procedural burden, and informing her of any new briefs filed in the case.

**Tenth.** To order the former legal representative of the company to do the following:

10.1. To safeguard the corporate documents and all assets of the company under insolvency proceeding until they are handed over to the liquidator.
10.2. Within three (3) days of the notification of this ruling, to send a scanned copy of the company's accounting books to the email address webmaster@supersociedades.gov.co.
10.3. To comply with the Official Leter on Financial Information Requirements 100-000009 of November 2, 2023, especially Chapter II.
10.4. To present a reconciliation between the balances of the initial statement of net assets in liquidation and the balances of the last financial statement (balance sheet) prepared under the going concern assumption, providing the respective justifications for the differences arising therefrom. The report referred to in the previous item must be submitted on a net liquidation value accounting basis, in accordance with the provisions of Decree 2101 of 2016.

**Eleventh.** To notify creditors who are enforcing their guarantee through the direct payment mechanism under the terms of Law 1676 of 2013 that they must submit their claims to this Office and request the exclusion of the asset in accordance with applicable regulations.

**Twelfth.** To order the authorities that are carrying out enforcement proceedings of liabilities or judgments to immediately forward to this Office the enforcement or active collection proceedings brought against the debtor, so that they may be taken into account for the classification and ranking of claims. The precautionary measures must be made available to the judge in the insolvency proceeding.

**Thirteenth.** To notify the parties interested in the proceeding that, in accordance with Article 50.5 of Law 1116 of 2006, the commencement of the liquidation proceeding results in the termination of employment contracts, along with the termination of union protections, with the corresponding payment of severance in favor of the employees. This effect operates without requiring prior administrative or judicial authorization.

**Fourteenth.** To notify the parties interested in the proceeding that, in accordance with Article 50.4 of Law 1116 of 2006, the commencement of the liquidation proceeding results in the termination of contracts of continuous performance, deferred performance, or instantaneous execution, which are not necessary for the preservation of the assets. At the same time, any commercial trust agreements or fiduciary arrangements entered into by the company as settlor, over its own assets, and to secure its own or third-party obligations, shall be terminated.

**Fifteenth.** The parties interested in the proceeding are notified that, in accordance with Article 50.7 of Law 1116 of 2006, the commencement of the liquidation proceeding results in the automatic termination of fiduciary arrangements and commercial trust contracts entered into by the debtor company, in order to guarantee its own or third-party obligations with its own assets. The foregoing, except in the cases provided for in Article 2.2.2.12.12 of Decree 1074 of 2015 and the paragraph of Article 50 of Law 1116 of 2006.

```
[On the left margin: Validate Document Resolution 325 Jan-19-2015]
```
88cc-UU48-ea8f-eSS8-ea8f-eUU8
```
[Barcode]
```

At the Superintendence of Companies, we work to promote innovative, productive, and sustainable companies.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Sole citizen service line: 01-8000-114310
Bogota telephone number: (601) 2201000
Colombia

[6 certificates logos]   Page: | 4

[Coat of Arms: Superintendence of Companies]

Order
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. UNDER REORGANIZATION

---

**Sixteenth.** To notify the creditors that, from the date of removal of the notice informing them of the commencement of the liquidation proceeding, they have a period of twenty (20) days to submit their claim to the court officer, providing evidence of its existence and amount, in accordance with Article 48 of Law 1116 of 2006. <u>Claims submitted outside the aforementioned period shall be considered deferred in accordance with Article 69.5 of Law 1116 of 2006.</u>

**Seventeenth.** To order the entities responsible for social security contributions to include, when submitting their claims, a list of workers covered by the contributions, with identification and period without payment.

**Eighteenth.** To notify the debtors of the company under insolvency proceedings that, as of the date of issuance of this ruling, they may only pay their obligations to the liquidator or into the court deposit account indicated in the notice, and that any payment made to any other person will be invalid.

**Nineteenth.** To order the Judicial Support Group to do the following:

19.1. To notify the court officer of her appointment as liquidator in the present proceeding, and to proceed with her taking of office.
19.2. To post for a period of ten (10) days the notice informing of the commencement of the simplified judicial liquidation proceeding, which shall contain the name of the liquidator, contact details for creditors to file their claims, and the Banco Agrario file number. A copy of the notice will be posted on the website of the Superintendence of Companies.
19.3. To send a copy of this ruling and the aforementioned notice to the Chamber of Commerce of the debtor's domicile and its branches, so that they may register the commencement of the liquidation proceedings.
19.4. To send a copy of this ruling and of the aforementioned notice to the Ministry of Labor, to the U.A.E. National Directorate of Taxes and Customs, and to the Superintendence responsible for oversight and control, for matters within their competence.
19.5. To create the case file number that will identify the liquidation proceeding on the transactional web portal of Banco Agrario de Colombia for bank account number 110019196110, for purposes of establishing judicial deposit certificates. Such information shall be provided to the liquidator upon taking office and shall be included in the notice prepared for the public notice of the proceeding.
19.6. To issue the corresponding official letters.

**Twentieth.** To notify interested parties that the proceeding will be handled by the Settlement Process Coordination Office A.

**Let this be notified and enforced,**


**SANTIAGO LONDONO CORREA**
**Deputy Superintendent for Insolvency Proceedings**
**Document Retention Period:**

[On the left margin: Validate Document Resolution 325 Jan-19-2015]
88cc-UU48-ea8f-eSS8-ea8f-eUU8
[Barcode]

At the Superintendence of Companies, we work to promote innovative, productive, and sustainable companies.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Sole citizen service line: 01-8000-114310
Bogota telephone number: (601) 2201000
Colombia

[6 certificates logos]

Page: | 5

[Coat of Arms: Superintendence of Companies]

Order
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. UNDER REORGANIZATION

**Click or tap here to enter text.**
**NAME: M3138**
**POSITION: Contractor Reorganization Process Group A**
**AUDITOR(S):**
**NAME: N1669**
**POSITION: Advisor to the Insolvency Proceedings Office**
**APPROVER(S):**
**NAME: SANTIAGO LONDONO CORREA**
**POSITION: Deputy Superintendent for Insolvency Proceedings**

[On the left margin: Validate Document Resolution 325 Jan-19-2015]
88cc-UU48-ea8f-eSS8-ea8f-eUU8
[Barcode]

At the Superintendence of Companies, we work to promote innovative, productive, and sustainable companies.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Sole citizen service line: 01-8000-114310
Bogota telephone number: (601) 2201000
Colombia

[6 certificates logos]    Page: | 6




## AUTO
### SUPERINTENDENCIA DE SOCIEDADES

**Sujeto del proceso**
Credivalores – Crediservicios S.A.

**Proceso**
Reorganización

**Asunto**
Termina proceso de reorganización y decreta liquidación judicial

**Expediente**
J2024460060215000092 - 42564

### I. ANTECEDENTES

1. Mediante Auto 2024-01-945497 del 12 de diciembre de 2024, la sociedad Credivalores – Crediservicios S.A. fue admitida al proceso de reorganización empresarial conforme a la Ley 1116 de 2006.

2. Posteriormente, a través de memorial radicado bajo el número 2025-01-480345 del 1° de julio de 2025, el representante legal de la concursada solicitó la apertura del proceso de liquidación judicial, petición que fue aprobada por el 100% de los accionistas en asamblea celebrada el 20 de mayo de 2025.

### II. CONSIDERACIONES DEL DESPACHO

3. El artículo 49 de la Ley 1116 de 2006 establece que la apertura del proceso de liquidación judicial procede, entre otros casos, cuando el deudor lo solicita directamente. Esta disposición responde a la naturaleza voluntaria de la solicitud, por lo que, verificados los requisitos legales, la autoridad concursal no puede abstenerse de acceder a ella.

4. La apertura de la liquidación judicial tiene efectos inmediatos sobre el patrimonio del deudor, en virtud del principio de universalidad objetiva y subjetiva que caracteriza el régimen concursal. Esto implica que todos los bienes, derechos, haberes y relaciones jurídicas de la sociedad quedan sometidos al proceso, así como las acciones judiciales y administrativas que involucren su patrimonio.

5. Por otra parte, este Despacho señala que, con la presente providencia, cesan en sus funciones los órganos de administración y fiscalización de la sociedad, en virtud de lo dispuesto en el artículo 50.2 de la Ley 1116 de 2006. En adelante, la gestión de la sociedad quedará a cargo del liquidador designado, quien actuará como auxiliar de la justicia bajo la dirección y control del juez del concurso.

6. En consecuencia, se hace necesario impartir las órdenes pertinentes para garantizar la protección y conservación de los bienes de la deudora, así como para iniciar la ejecución ordenada y eficiente de la liquidación.



Página: | 1



Auto
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. EN REORGANIZACION

En mérito de lo expuesto, el Superintendente Delegado para Procedimientos de Insolvencia:

**RESUELVE**

**Primero.** Decretar la apertura del proceso de liquidación judicial de los bienes de Credivalores – Crediservicios S.A. con NIT. 805.025.964, con domicilio en la ciudad de Bogotá, de conformidad con lo expuesto en la parte motiva de esta providencia; e inicia con activos reportados por $ 1.563.290.000 (cifra en miles), suma que será ajustada al valor neto en liquidación una vez aprobado el inventario de bienes por este Despacho.

**Segundo.** Advertir que como consecuencia de lo anterior, la sociedad ha quedado en estado de liquidación, su proceso liquidatorio se adelantará según lo previsto en el artículo 48 de la Ley 1116 de 2006, y en adelante deberá anunciarse siempre con la expresión *"EN LIQUIDACIÓN JUDICIAL"*.

**Tercero.** Decretar el embargo y secuestro de todos los bienes, haberes y derechos de propiedad de la deudora susceptibles de ser embargados.

**Cuarto.** Decretar como medida cautelar innominada, la imposibilidad de los administradores de la sociedad, a los acreedores y a los accionistas, de disponer de los bienes de la deudora sin previa autorización del juez del concurso. Se advierte que estas medidas prevalecerán sobre las que se hayan decretado y practicado en los procesos ejecutivos y de otra naturaleza en que se persigan bienes de la deudora, de conformidad con el artículo 5.2 de la Ley 1116 de 2006.

**Quinto.** Advertir que de conformidad con el artículo 50.2 de la Ley 1116 de 2006, a partir de la expedición de esta providencia, cesan en sus funciones los administradores, los órganos sociales, y de fiscalización, si los hubiere.

**Sexto.** Advertir que de conformidad con los artículos 48.2 y 50.11 de la Ley 1116 de 2006, los administradores, exadministradores, asociados y controlantes están imposibilitados para realizar operaciones de la actividad empresarial de la deudora, y que solamente conserva capacidad jurídica para desarrollar los actos necesarios tendientes a la inmediata liquidación del patrimonio, sin perjuicio de aquellos que busquen la adecuada conservación de los activos. Los actos celebrados en contravención a lo anteriormente dispuesto serán ineficaces de pleno derecho.

**Séptimo.** Designar como liquidadora de la sociedad concursada, de entre los inscritos en la lista oficial de auxiliares de la justicia, a

| NOMBRE | BIVIANA DEL PILAR TORRES CASTAÑEDA |
|---|---|
| C.C. | 52864379 |
| CONTACTO | Dirección: Calle 113 No 7-45 Torre B oFC 917 Edf. Teleport Business Park<br>Correo: btorres@tcabogados.com.co<br>Teléfono móvil: 3164736840 - 3182530235<br>Teléfono fijo: 601 9277343 |

**Octavo.** Ordenar a la liquidadora dentro de los cinco (5) días siguientes a su posesión, constituir caución judicial por el 0.3% del valor total de los activos a liquidar, que en ningún caso puede ser inferior a 20 salarios mínimos legales mensuales vigentes, para responder por su gestión y por los perjuicios que con ella llegare a causar, la cual deberá amparar el cumplimiento de sus obligaciones

Página: | 2

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

  



**Superintendencia de Sociedades**

Auto
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. EN REORGANIZACION

legales, incluyendo las generadas del ejercicio de su labor como secuestre de los bienes de la concursada, y hasta por cinco (5) años contados a partir de la cesación de sus funciones. Lo anterior de conformidad con lo dispuesto en la Resolución 100-000867 de 9 de febrero de 2011 y el artículo 2.2.2.11.8.1 del Decreto 1074 de 2015. En caso de incrementarse el valor de los activos, deberá ajustar el valor asegurado de la póliza presentada dentro de los tres (3) días siguientes a la ejecutoria de la providencia que lo apruebe. Los gastos en que incurra la liquidadora para la constitución de la citada caución, en ningún caso serán imputados al patrimonio de la sociedad concursada.

**Noveno.** Ordenar a la liquidadora lo siguiente:

9.1. Dentro de los cinco (5) días siguientes a su posesión, diligenciar y registrar el formulario de ejecución concursal dispuesto en el artículo 2.2.2.4.2.58 del DUR 1074 de 2015 ante Confecámaras.
9.2. Dentro de los quince (15) días siguientes a su posesión:
  9.2.1. Inscribir la presente providencia en las oficinas de registro correspondientes, para la práctica de las medidas cautelares aquí decretadas. Para la elaboración de los oficios respectivos, deberá allegar copia de los correspondientes certificados de tradición
  9.2.2. Presentar una relación de los contratos necesarios para la conservación de los activos, para su aprobación por este Despacho, conforme lo establece el artículo 50.4 de la Ley 1116 de 2006.
  9.2.3. Reportar las respectivas novedades de retiro de personal ante las entidades de salud y pensión, e iniciar la gestión para depurar la deuda con dichas entidades.
  9.2.4. Oficiar y remitir copia de esta providencia y del aviso que informe sobre este proceso, a todos los jueces y autoridades jurisdiccionales, a las fiduciarias, a los notarios y cámaras de comercio, a través de medios idóneos (correo electrónico, correo certificado o notificación personal). Prueba de lo anterior deberá allegar al expediente en el mismo término.
9.3. Dentro de los treinta (30) siguientes a su posesión, presentar el inventario de bienes avaluados.
9.4. Dentro del (1) mes siguiente a la fecha de vencimiento de presentación de créditos, presentar el proyecto de calificación y graduación de créditos, junto los documentos soporte para su elaboración.
9.5. Fijar el aviso que profiera la Superintendencia de Sociedades, durante todo el trámite del proceso liquidatorio, en la sede de la deudora, sucursales y agencias.
9.6. Remitir los informes establecidos en la Ley, especialmente lo señalado en los artículos 2.2.2.11.10.1 del DUR 1074 de 2015, y siguientes.
9.7. Iniciar las acciones legales y administrativas ante las autoridades competentes, en caso que existan irregularidades o inconsistencias en la información contable suministrada por la exrepresentante legal y el contador.
9.8. Iniciar la gestión pertinente para la normalización del pasivo pensional en caso de existir, y deberá informar de ello al Despacho.
9.9. Presentar estados financieros de fin de ejercicio por el período comprendido entre el 1 de enero a 31 de diciembre de cada año, a más tardar el 31 de marzo del año siguiente.
9.10. Presentar estados financieros de períodos intermedios cada cuatro (4) meses, con cortes a 30 de abril y 31 de agosto de cada año, dentro de los cinco (5) primeros días hábiles del mes siguiente a la fecha de corte. El marco técnico normativo de información financiera que debe aplicar

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

  



**Superintendencia de Sociedades**

Auto
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. EN REORGANIZACION

durante el proceso, es el previsto en el Decreto 2101 de 22 de diciembre de 2016.

9.11. Consultar el expediente del proceso de manera oportuna pues el Juez del Concurso no profiere providencias que le releve de esta carga procesal, y que le informe sobre nuevos memoriales radicados al expediente.

**Décimo.** Ordenar al exrepresentante legal de la sociedad lo siguiente:

10.1. Custodiar los documentos sociales, y todos los bienes de la concursada, hasta que haga su entrega a la liquidadora.
10.2. Dentro de los tres (3) días siguientes a la notificación de esta providencia, remitir al correo electrónico webmaster@supersociedades.gov.co, copia escaneada de los libros de contabilidad de la sociedad.
10.3. Dar cumplimiento a la Circular Única de Requerimiento de Información Financiera 100-000009 del 2 de noviembre de 2023, especialmente al Capítulo II.
10.4. Presentar una conciliación entre los saldos del estado inicial de los activos netos en liquidación, y los saldos del último estado de situación financiera (balance general) preparado bajo la hipótesis de negocio en marcha, aportando las respectivas justificaciones de las diferencias originadas en esta. El informe de que trata el ordinal anterior debe presentarse con la base contable del valor neto de liquidación, de conformidad con lo establecido en el Decreto 2101 de 2016.

**Undécimo.** Advertir a los acreedores que se encuentren ejecutando su garantía por medio del mecanismo de pago directo en los términos de la Ley 1676 de 2013, que deberán presentar sus créditos ante este Despacho y solicitar la exclusión del activo conforme a las normas aplicables.

**Duodécimo.** Ordenar a las autoridades que estén adelantando procedimientos de ejecución de obligaciones o de sentencias, que deberán remitir a este Despacho los procedimientos ejecutivos o de cobro coactivo adelantados en contra la deudora, de manera inmediata, con el fin que sean tenidos en cuenta para la calificación y graduación de créditos. Las medidas cautelares deberán ser puestos a disposición del Juez del Concurso.

**Decimotercero.** Advertir a los interesados en el proceso que de conformidad con el artículo 50.5 de la Ley 1116 de 2006, la apertura del proceso liquidatorio produce la terminación de los contratos de trabajo, junto con el fuero sindical, con el correspondiente pago de las indemnizaciones a favor de los trabajadores. Este efecto opera sin que se requiera autorización administrativa o judicial previa.

**Decimocuarto.** Advertir a los interesados en el proceso que de conformidad con el artículo 50.4 de la Ley 1116 de 2006, la apertura del proceso liquidatorio produce la terminación de los contratos de tracto sucesivo, de cumplimiento diferido o de ejecución instantánea, que no sean necesarios para la preservación de los activos. A su vez, se terminan los contratos de fiducia mercantil o encargos fiduciarios celebrados por la sociedad en calidad de constituyente, sobre bienes propios, y para amparar obligaciones propias o ajenas.

**Decimoquinto.** Se advierte a los interesados en el proceso que de conformidad con el artículo 50.7 de la Ley 1116 de 2006, la apertura del proceso liquidatorio produce la finalización de pleno derecho de encargos fiduciarios y los contratos de fiducia mercantil celebrados por la deudora, con el fin de garantizar obligaciones propias o ajenas con sus propios bienes. Lo anterior, salvo en los

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

  

Página: | 4



**Superintendencia de Sociedades**

Auto
2025-01-508266
CREDIVALORES CREDISERVICIOS S.A. EN REORGANIZACION

casos previstos en el artículo 2.2.2.12.12 del Decreto 1074 de 2015 y el parágrafo del artículo 50 de la Ley 1116 de 2006.

**Decimosexto.** Advertir a los acreedores que a partir de la fecha de desfijación del aviso que informa sobre la apertura del proceso de liquidatorio, disponen de un término de veinte (20) días para presentar su crédito al auxiliar de justicia, allegando prueba de su existencia y cuantía, de conformidad con el artículo 48 de la Ley 1116 de 2006. <u>Las acreencias presentadas por fuera del término anteriormente descrito serán tenidas como postergadas conforme lo indica el artículo 69.5 de la Ley 1116 de 2006.</u>

**Decimoséptimo.** Ordenar a las entidades titulares de aportes de seguridad social que en la presentación de sus acreencias alleguen la lista de trabajadores objeto de los aportes, con identificación y período sin pago.

**Decimoctavo.** Advertir a los deudores de la concursada que a partir de la fecha de expedición de esta providencia, sólo pueden pagar sus obligaciones a l liquidadora, o en la cuenta de depósitos judiciales indicada en el aviso, y que será ineficaz todo pago hecho a persona distinta

**Decimonoveno.** Ordenar al Grupo de Apoyo Judicial lo siguiente:

19.1. Comunicar al auxiliar de la justicia su designación como liquidadora dentro del presente proceso, y proceder con su posesión.
19.2. Fijar por un término de diez (10) días el aviso que informa acerca del inicio del proceso de liquidación judicial simplificado, que contenga el nombre del liquidador, los datos de contacto para que los acreedores presenten sus créditos, y el número de expediente del Banco Agrario. Copia del aviso será fijado en la página web de la Superintendencia de Sociedades.
19.3. Remitir copia de esta providencia y del aviso anteriormente referido, a la Cámara de Comercio del domicilio del deudor y de sus sucursales, para que inscriban la apertura del proceso liquidatorio.
19.4. Remitir copia de esta providencia y del aviso anteriormente referido, al Ministerio del Trabajo, a la U.A.E. Dirección de Impuestos y Aduanas Nacionales y a la Superintendencia que ejerza vigilancia y control, para lo de su competencia.
19.5. Crear el número de expediente con el que se identifique el proceso de liquidación en el portal web transaccional del Banco Agrario de Colombia de la cuenta bancaria número 110019196110, para efectos de la constitución de los títulos de depósito judicial. Tal información deberá suministrársele a la liquidadora al momento de su posesión y deberá ser incluida en el aviso que se elabore para publicidad del proceso.
19.6. Librar los oficios correspondientes.

**Vigésimo.** Advertir a los interesados que el proceso se tramitará ante la Coordinación de Procesos de Liquidaciones A.

Notifíquese y cúmplase,


**SANTIAGO LONDOÑO CORREA**
**Superintendente Delegado para Procedimientos de Insolvencia**
TRD:



_____

Página: | 5

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia





**Superintendencia de Sociedades**

Auto
2025-01-508268
CREDIVALORES CREDISERVICIOS S.A. EN REORGANIZACION

Haga clic o pulse aquí para escribir texto.
NOMBRE: M3138
CARGO: Contratista Grupo de Procesos de Reorganización A
REVISOR(ES) :
NOMBRE: N1669
CARGO: Asesora Delegatura de Procedimientos de Insolvencia
APROBADOR(ES) :
NOMBRE: SANTIAGO LONDOÑO CORREA
CARGO: Superintendente Delegado para Procedimientos de Insolvencia


 

En la Superintendencia de Sociedades trabajamos para promover empresas innovadoras, productivas y sostenibles.
www.supersociedades.gov.co
webmaster@supersociedades.gov.co
Línea única de atención al ciudadano: 01-8000 - 11 43 10
Tel Bogotá: (601) 2201000
Colombia

Página: | 6

**CERTIFICATE OF TRANSLATION**

I, Claudia Marquez, am over the age of 18, competent to translate from Spanish into English, and certify that the translation of the above document is true and accurate (including any stamps or seals) to the best of my abilities. I understand that if any part of the translation is intentionally false, I will be subject to punishment.

*The original document and the translation are attached to this certificate.*

Document:    ORDER FROM THE SUPERINTENDENCE OF COMPANIES 2025-01-508266

Translator:  Claudia Marquez
             Big Way Offices LLC (dba Big Way Translations)
             Dunedin, Fl 34698
E-mail:      bigwaytranslations@gmail.com
Phone:       +1-727-2834625
Date:        November 19, 2025

Signature:



Claudia Marquez
Spanish-English Translator
bigwaytranslations.com

The undersigned is a Spanish-English Public Interpreter, Resolution No. 061, Ministry of People's Power for Interior Relations, Justice and Peace, Official Gazette 42,108 dated April 16, 2021, of the Bolivarian Republic of Venezuela.

The undersigned is a Certified Translator English into Spanish by the American Translators Association (ATA), Certificate Number 554420.