Paul J. Keenan Jr. (admitted *pro hac vice*)
Baker & McKenzie LLP
830 Brickell Plaza, Suite 3100
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| CREDIVALORES – CREDISERVICIOS S.A., | Case No. 24-10837 (DSJ) |
| Debtor. | |
| _____/ | |

**LIMITED OBJECTION OF BAKER & McKENZIE LLP TO**
**THE CHAPTER 7 TRUSTEE'S CROSS-MOTION FOR TURNOVER**

TO: THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

Baker & McKenzie LLP ("**Baker McKenzie**") submits this limited objection to the cross-motion for turnover of the "entire client file" and all other Debtor property held by Baker McKenzie filed by prospective[1] special litigation counsel to the Chapter 7 Trustee [Docket No. 222] (the "***Turnover Motion***"), and respectfully states as follows:

---

[1] Baker McKenzie notes that the Chapter 7 Trustee's counsel is described as "prospective" counsel. If counsel to the Chapter 7 Trustee has not yet been formally retained, then issues arise as to the possible waiver of attorney-client privilege by the Trustee as the result of any production of client files to a third party (i.e., prospective counsel.)

## PRELIMINARY STATEMENT

1. Baker McKenzie is committed to cooperating with the Chapter 7 Trustee's investigation and will produce all responsive materials in its possession, custody, or control, just as it has cooperated with other requests from the Trustee.

2. However, the trustee's request for "the entire client file" in the Turnover Motion is overbroad as it seeks the disclosure of materials protected by the work product doctrine. Communications that are entirely internal (*i.e.*, those solely between and among Baker McKenzie attorneys and staff) constitute attorney work product. Unlike the attorney-client privilege, the case law in this District is clear that the client, which in this case is the Trustee, cannot unilaterally waive the protection from disclosure of attorney work product, unlike the attorney-client privilege, which can be unilaterally waived by the client. Therefore, Baker McKenzie submits this limited objection to the extent that the Turnover Motion seeks disclosure of attorney work product.

3. Since receiving the Trustee's initial demand for turnover on November 11, 2025, Baker McKenzie has commenced a comprehensive e-discovery process to identify all responsive documents.[2] The universe of potentially responsive documents includes tens of thousands of emails and other records relating to the Debtor, its directors, officers, senior management, and third parties. Production should begin soon after the Court rules on this limited objection to the Turnover Motion.

## ARGUMENT

4. The Turnover Motion seeks the turnover of Baker McKenzie's "entire client file" and all other Debtor property held by the firm. *See* Docket No. 222 at ¶ 31. Baker McKenzie does not dispute the Trustee's general entitlement to records and property relating to the Debtor's

---

[2] The Trustee sent its demand for turnover on November 11, 2025, and then filed the Turnover Motion one week later on November 18, 2025.

financial affairs. However, the scope of the requested turnover is impermissibly broad to the extent it encompasses materials protected by the attorney work product doctrine. While the Trustee may control the Debtor's attorney client privilege, the work product protection is not subject to unilateral release by the client, or in this case, the Trustee, and remains the prerogative of the attorneys who created the work product.

### I. The Work Product Doctrine Applies to Baker McKenizie's Entirely Internal Documents.

5. The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3) and as made applicable in bankruptcy proceedings pursuant to Federal Rules of Bankruptcy Procedures 7026 and 9014, provides "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" and that the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." The purpose of the work product doctrine is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)).

6. Under this doctrine, Baker McKenzie objects only to the production of documents and communications that are entirely internal to the firm and constitute attorney work product. As noted, Baker McKenzie has undertaken a comprehensive review of its files and is actively identifying materials responsive to the Turnover Motion. The responsive materials fall into three categories: (i) materials shared with or created by third parties; (ii) materials shared with or created by the Debtors; and (iii) materials created and shared only internally within Baker McKenzie.

Baker McKenzie's objection is limited to the third category, as these internal communications reflect the firm's legal analysis, mental impressions, and strategic considerations prepared in anticipation of litigation of the very contentious Chapter 11 case and are therefore protected under the work product doctrine.

7. Materials in the third category, those created and maintained exclusively within Baker McKenzie, squarely fall within the protections afforded by the work product doctrine. These internal communications were prepared specifically to analyze legal issues, assess litigation risks, and develop strategies in response to the Debtors' bankruptcy proceedings and related disputes. The documents in this category do not contain factual information that could assist the opposing party in proving its claims; rather, they reflect the attorneys' mental impressions, evaluations of legal theories, and strategic recommendations. Requiring production of these internal communications would undermine the very purpose of the doctrine—preserving a zone of privacy for attorneys to prepare for litigation without fear that their adversaries and other third parties will gain insight into their strategy. Accordingly, these materials are protected and should not be subject to turnover.

**II.     The Chapter 7 Trustee Cannot Relinquish Protection of Baker McKenzie's Work Product.**

8. While the Chapter 7 Trustee controls the Debtor's attorney client privilege under *CFTC v. Weintraub*, 471 U.S. 343 (1985), the work product doctrine is held by both the attorney and Debtors, and by extension the Trustee, and therefore is not subject to unilateral relinquishment by the Debtors or Trustee. *See Krys v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP (In re China Med. Techs., Inc.)*, 539 B.R. 643, 654 (S.D.N.Y. 2015); *AP Links, LLC v. Russ*, 299 F.R.D. 7, 19–20 (E.D.N.Y. 2014); *In re Suprema Specialties, Inc.*, No. 02-10823, 2007 Bankr. LEXIS 2304 at

*5 (Bankr. S.D.N.Y. July 2, 2007); *see also Rhone-Poulenc Rorer Inc. et al. v. The Home Indent. Co.*, 32 F.3d 851, 866 (3d Cir. 1994).

9. In *China Medical Technologies, Inc.*, the Bankruptcy Court for the Southern District of New York held that the foreign liquidator could not compel Paul, Weiss, Rifkind, Wharton & Garrison LLP and AlixPartners, LLP, who had conducted an internal investigation for the debtor's audit committee prior to liquidation, to produce documents protected by the work product doctrine. 539 B.R. at 646. The Court held that while the liquidator succeeded to the debtor's attorney-client privilege, the same reasoning did not apply to work product because the work product doctrine protects the attorney's own interests in maintaining the confidentiality of mental impressions and litigation strategy. *Id.* at 658. The Court emphasized that, unlike attorney client privilege, which passes to the trustee or foreign liquidator and can be waived unilaterally by the trustee, the work product doctrine protects the attorney's own mental impressions and litigation strategy, creating a separate interest that does not transfer with control of the debtor. *Id.* The Court reasoned that compelling disclosure would undermine the adversarial process by exposing counsel's thought processes and strategic evaluations that the doctrine was designed to protect. *Id.* This reasoning applies with equal force here: Baker McKenzie's internal communications are protected by the work product doctrine, and those protections cannot be overridden by the Trustee.

10. The Trustee's reliance on decisions such as *Black Diamond Mining Co., LLC*, 507 B.R. 209 (E.D. Ky. 2014), is misplaced. Rather, *China Med. Techs., Inc.* controls here because it is binding precedent in this Court and was decided after *Black Diamond Mining Co*.

## **CONCLUSION**

For the foregoing reasons, Baker McKenzie respectfully requests that any order granting the Turnover Motion expressly exclude from its scope all documents and communications

5

protected by the attorney work product doctrine, including internal law firm emails and materials reflecting attorney mental impressions, conclusions, opinions, or legal theories prepared in anticipation of litigation.

Dated: December 10, 2025
Miami, Florida

**BAKER & MCKENZIE LLP**

By:    */s/ Paul J. Keenan*
       Paul J. Keenan Jr. (admitted *pro hac vice*)
       830 Brickell Plaza, Suite 3100
       Miami, FL 33131
       Telephone: 305-789-8900
       Facsimile: 305-789-8953
       Email: paul.keenan@bakermckenzie.com

       *– and –*

       Blaire Cahn
       452 Fifth Avenue
       New York, NY 10018
       Telephone: 212-626-4100
       Facsimile: 212-310-1600
       Email: blaire.cahn@bakermckenzie.com

       *Counsel for the Debtor*