Presentment Date and Time: February 5, 2026 at 12:00 p.m.
Objection Deadline: February 4, 2026

Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Prospective Special Litigation Counsel for
Salvatore LaMonica, Solely in his Capacity
as Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re:<br>CREDIVALORES - CREDISERVICIOS S.A.<br>                    Debtor | Chapter 7<br>Case 24-10837-dsj |
|---|---|

**APPLICATION FOR ORDER AUTHORIZING CHAPTER 7
TRUSTEE TO ISSUE FRBP 2004 DOCUMENT AND DEPOSITION SUBPOENAS
TO ACON INVESTMENTS, LLC, GRAMERCY FUNDS MANAGEMENT LLC
AND GDA LUMA CAPITAL MANAGEMENT, LP**

Salvatore LaMonica, solely in his capacity as Chapter 7 trustee ("Trustee") of the above-named debtor, Credivalores - Crediservicios S.A. ("Debtor"), by and through his prospective special litigation counsel, moves for leave to issue FRBP 2004 subpoenas to ACON Investments, LLC ("ACON"), Gramercy Funds Management LLC ("Gramercy"), and GDA Luma Capital Management, LP ("GDA Luma") requesting production of documents described in Exhibit 1 and to examine their corporate representatives at depositions on topics described in Exhibit 2 and states:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**BACKGROUND**

3. On March 7, 2024, the Debtor launched an exchange offer and solicited votes on its prepackaged Chapter 11 plan.

4. The proposed subpoena recipients are the Debtor's largest shareholders. (ECF #18, A-83, PDF p.233 (as of September 30, 2023, Gramercy held 41.9% of outstanding shares, GDA Luma held 20% and ACON held 14.5%); id. A-88-89, PDF pp.238-39 (breakdown of equity holdings by ownership vehicle and share class); ECF #1, PDF p.21 (corporate ownership statement); ECF #18 A-65, PDF p.215 (ACON invested beginning 2010, Gramercy invested beginning 2014, GDA Luma became a shareholder in 2023); id. A-73-74, PDF pp.223-24 (similar); ECF #4 ¶8 (similar).)

5. They are also lenders to the Debtor. (ECF #4 ¶24.)

6. Three of the Debtor's directors were affiliated with the respective proposed subpoena recipients. (ECF #18, A-85-86, PDF pp.235-36; see also ECF #78 Exhibit A.)

7. The offering memorandum indicates board compensation was paid in the ordinary course. (ECF #18, A-91, PDF p.241.)

8. The petition date was May 16, 2024.

9. The first day declaration highlights multiple "Related Party Transactions" the Debtor entered into with affiliates (ECF #4 ¶50) prepetition.[1]

10. The Debtor did not close its Colombian bank accounts and represented it had no United States bank accounts. (ECF #6 Exhibit C, #70.)

---

[1] The affiliates are Asesorias Financieras de Credito S.A.S ("Asficredito"), Finanza Inversiones S.A.S. ("Finanza Inversiones") and Bancien S.A. aka Ban100 S.A. ("Ban100"). Ban100's 94.5% owner is Finanza Inversiones, which is 100% owned by 77% of the Debtor's shareholders; and 23% of Asficredito is owned by 14.5% of the Debtor's shareholders. (ECF #4 ¶50 n.4-6.)

11. On July 3, 2024, an amended plan was confirmed. (ECF #139.)

12. The plan never became effective, on account of the commencement of civil litigation (ECF #149 at 10:10-14, 11:19-12:8) in Colombia.

13. The Debtor did not file its schedules of assets and liabilities or statement of financial affairs (ECF #71), nor were such documents filed post-conversion pursuant to FRBP 1019(a).

14. On or about December 12, 2024, the Debtor commenced a Colombian Law 1116 reorganization proceeding. (ECF #222-1.)

15. On July 7, 2025, this case was converted. (ECF #198.) The Trustee was appointed the following day. (ECF #199.)

16. On July 15, 2025, the Colombian Superintendent of Companies decreed that the Debtor be liquidated. (ECF #222-1.)

## RELIEF REQUESTED AND BASIS THEREFOR

17. By this application, the Trustee seeks authorization to issue subpoenas to ACON, Gramercy and GDA Luma requesting production of documents described in Exhibit 1 and to examine their corporate representatives at depositions on topics described in Exhibit 2.

18. FRBP 2004 is intended to permit the Trustee to determine the extent of the estate's assets and recover same. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991).

19. The scope of discovery under FRBP 2004(b) is broader than under FRCP 26(b) and may include document requests. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re FiberMark, Inc.*, 330 B.R. 480, 492 (Bankr. D. Vt. 2005). *See also In re Parikh*, 397 B.R.

3

518, 525-26 (Bankr. E.D.N.Y. 2008) ("Rule 2004 examination has been likened to a 'fishing expedition'").

20. Good cause exists for FRBP 2004 discovery if it is "necessary to establish the claim of the party seeking the examination, or if the denial of such request would cause the examiner undue hardship or justice." *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004).

21. This standard is satisfied. The proposed subpoenas seek documents concerning the Debtor from roughly the four-year period preceding the commencement of this case through the month of the Trustee's appointment and commencement of the Colombian liquidation proceeding, including communications with directors, officers, employees and professionals, and documents concerning affiliate transactions, the Debtor's financial condition and payments made by or on behalf of the Debtor including board/management compensation. The Trustee also seeks authorization to examine the proposed recipients' corporate representatives on similar topics.

22. Given the practical inability to enforce 11 U.S.C. § 521(a)(3)-(4),[2] the Trustee has little alternative but to seek to seek documents and information concerning the Debtor from other parties such as its investors. Denial of such relief would frustrate his ability to conduct a fulsome investigation of the Debtor's financial affairs pursuant to 11 U.S.C. § 704(a)(4).

23. The Trustee is also entitled to the requested document discovery under 11 U.S.C. § 542(e), which permits the Court to order any "person that holds recorded information … relating

---

[2] 11 U.S.C. § 521(a)(3) requires the Debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title" i.e. those specified in 11 U.S.C. § 704(a). 11 U.S.C. § 521(a)(4) requires the Debtor to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate."

4

to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."

## NOTICE

24. This application is being made on notice to the proposed subpoena recipients, and the Office of the United States Trustee and all persons that have entered an appearance.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this application has been made to this Court or to any other court.

WHEREFORE, the Trustee requests that the Court grant this application and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, NY<br>January 13, 2026 | Amini LLC<br><br>/s/ Jeffrey Chubak<br>Avery Samet<br>Jeffrey Chubak<br>131 West 35th Street<br>12th Floor<br>New York, NY 10001<br>(212) 490-4700<br>asamet@aminillc.com<br>jchubak@aminillc.com<br>Prospective Special Litigation Counsel for Salvatore LaMonica, Solely in his Capacity as Chapter 7 Trustee |

5