UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| Credivalores- Crediservicios, S.A. | Case No. 24-10837 (DSJ) |
| Debtor | |

## ORDER APPROVING THE EMPLOYMENT OF AMINI LLC AS SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 7 TRUSTEE

Upon the application ("Application") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Credivalores-Crediservicios, S.A., ("Debtor"), seeking the entry of an Order of this Court, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2014-1, approving the retention of Amini LLC ("Amini"), as the Trustee's special litigation counsel; and upon the Declaration of Avery Samet, Esq., a member of Amini ("Samet Declaration"); and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Samet Declaration; and the legal and factual bases set forth in the Application having established just cause therefor; and the Court being satisfied based on the representations made in the Application; and it appearing that Amini is a disinterested person and does not represent or hold any interest that is adverse to the Debtor's estate; and, after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and, it is further

**ORDERED**, that the Trustee is authorized to employ Amini as his special litigation counsel in accordance with 11 U.S.C. §§ 327(a) and 328(a), effective as of November 10, 2025, on the terms and compensation set forth in the Application and the Samet Declaration; and, it is further

**ORDERED**, that Amini shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law; and, it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further,

**ORDERED**, that pursuant to the Application, Amini intends to request, by proper application after notice and a hearing, compensation for services rendered in this matter equal to 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise, which the Trustee directs Amini to pursue on behalf of the estate (calculated after deducting any expense reimbursement owed to Amini and thereafter reduced by any hourly rate already paid to Amini); and it is further

**ORDERED**, that Amini shall avoid any unnecessary duplication with other professionals retained by the Trustee, including without limitation, the Trustee's general bankruptcy counsel LaMonica, Herbst & Maniscalco, LLP; and it is further

**ORDERED**, that prior to any increases in any rates for any individual employed by Amini and providing services in this case, Amini shall file a supplemental affidavit with the Bankruptcy Court and will provide ten (10) business days' notice to the Debtor, the Trustee, and the office of the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code § 330(a)(3)(F) and state whether the Trustee has

consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code § 330; and, it is further

ORDERED, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: New York, New York
February 10, 2026

_s/ David S. Jones_
Honorable David S. Jones
United States Bankruptcy Judge

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2

By: _/s/Andrea B. Schwartz_
Andrea B. Schwartz, Esq. Trial Attorney