Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Litigation Counsel for Salvatore
LaMonica, Solely in his Capacity as
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CREDIVALORES - CREDISERVICIOS S.A.<br><div style="text-align:right">Debtor</div> | Chapter 7<br>Case 24-10837-dsj |

### EX PARTE APPLICATION FOR ORDER PURSUANT TO FRBP 2004 AUTHORIZING EXAMINATION OF ACQUIOM AGENCY SERVICES LLC AND PRODUCTION OF DOCUMENTS

Salvatore LaMonica, solely in his capacity as Chapter 7 trustee ("Trustee") of the above-named debtor, Credivalores - Crediservicios S.A. ("Debtor"), by and through his special litigation counsel, submits this ex parte application for authorization to take FRBP 2004 discovery, including document discovery, of Acquiom Agency Services LLC ("Acquiom"), concerning the matters described in Exhibit 1, and states:

### **JURISDICTION**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

3. Acquiom is administrative agent under a Credit Agreement dated October 25, 2022 (as amended, "Credit Agreement") by and among it, Finanza Inversiones S.A.S. as borrower,[1] the Debtor as guarantor and the lenders party thereto (together, the "Lenders").

4. The parties to the Credit Agreement entered into an Amended & Restated Forbearance and Waiver Agreement dated as of March 7, 2024 ("Forbearance Agreement").

5. The Lenders identified in the signature page to the Forbearance Agreement are GCS Colombia Finance LLC, GDA Luma Special Opportunities Fund, L.P. and ACON Colombia Finance II, LLC.

6. Each such Lender is an affiliate of one of the Debtor's shareholders: the GCS entity is an affiliate of the Debtor's 42% owner; the GDA Luma entity is an affiliate of the Debtor's 20% owner and the ACON entity is an affiliate of the Debtor's 12% owner. (ECF #1 PDF pp.21-22; ECF #18 A-83, 88-89 PDF pp.233, 238-39.)

7. Each of those shareholders had board representation, and together they controlled the Debtor's board (ECF #18 A-85-86, PDF pp.235-36) being three of its five members.

8. Pursuant to the Forbearance Agreement, the borrower agreed to repay, and the Debtor as guarantor agreed to guaranty repayment of, the loans in amount of $8.4 million by April 15, 2024, plus $100,000 by April 30, 2024.

9. In addition, the "Loan Parties", which term includes the Debtor, agreed to pay the lenders a $2 million "consent fee" and a $2 million "exit fee", "which fees shall be earned on the

---

[1] Finanza Inversiones S.A.S. is an affiliate of the Debtor in that 77% of the Debtor's shareholders own 100% of Finanza Inversiones. (ECF #4 ¶50 n.5.)

date hereof, and payable on the date hereof in kind … in the form of additional principal, pro rata across all the Loans now outstanding."

10. The Loan Parties also agreed to pay reasonable and documented fees of the various United States and Colombian law firms employed by the Lenders. Schedule IV lists professional fees of around $1 million.

11. The Debtor's guaranty obligations are unsecured. (ECF [#78](#78), PDF p.15 Note 18, PDF p.17.)

12. This case was commenced May 16, 2024, roughly a month after the Forbearance Agreement.

13. On July 3, 2024, an amended plan was confirmed. (ECF [#139](#139).)

14. The requirement that the Debtor file a statement of financial affairs was waived effective upon plan confirmation. (ECF [#71](#71).)

15. The plan never became effective, on account of the commencement of civil litigation (ECF [#149](#149) at 10:10-14, 11:19-12:8) in Colombia.

16. On or about December 12, 2024, the Debtor commenced a Colombian Law 1116 reorganization proceeding. (ECF [#222-1](#222-1).)

17. On July 7, 2025, this case was converted. (ECF [#198](#198).) The Trustee was appointed the following day. (ECF [#199](#199).)

18. On July 15, 2025, the Colombian Superintendent of Companies decreed that the Debtor be liquidated. (ECF [#222-1](#222-1).)

# ARGUMENT

19. By this application, the Trustee seeks authorization to take FRBP 2004 discovery of Acquiom concerning potential avoidance claims based on transactions and payments made under the Credit Agreement and Forbearance Agreement.

20. FRBP 2004 is intended to permit the Trustee to determine the extent of the estate's assets and recover same. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991).

21. The scope of discovery under FRBP 2004(b) is broader than under FRCP 26(b) and may include document requests. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re FiberMark, Inc.*, 330 B.R. 480, 492 (Bankr. D. Vt. 2005). *See also In re Parikh*, 397 B.R. 518, 525-26 (Bankr. E.D.N.Y. 2008) ("Rule 2004 examination has been likened to a 'fishing expedition'").

22. Good cause exists for FRBP 2004 discovery if it is "necessary to establish the claim of the party seeking the examination, or if the denial of such request would cause the examiner undue hardship or justice." *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004).

23. This standard is satisfied. As noted above, the subject FRBP 2004 discovery is sought to investigate potential avoidance claims. Given the practical inability to enforce 11 U.S.C. § 521(a)(3)-(4), the Trustee has little alternative but to seek to seek documents and information from nondebtors. Discovery is sought from Acquiom because as administrative agent it is likely to have documents and information concerning payments received from the Debtor in relation to the subject loan, payments to the Lenders or their professionals thereunder and changes in Lender obligations over time.

24. Denial of such relief would frustrate his ability to conduct a fulsome investigation of the Debtor's financial affairs pursuant to 11 U.S.C. § 704(a)(4).

## NOTICE

25. This application is being made ex parte because the Trustee's deadline for commencing avoidance actions under 11 U.S.C. § 546(a)(1)(B) is July 8, 2026, the FRBP 2004 subpoena to Acquiom will be made returnable roughly a month after service and the Trustee needs additional time to investigate these matters in advance of the deadline. It is well established that FRBP 2004 discovery may be ordered ex parte. *E.g. In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (quoting *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985)); *In re Selim David Moche*, 2026 WL 657433, at *3 (Bankr. S.D.N.Y. Mar. 9, 2026).

## NO PRIOR REQUEST

26. No prior request for the relief sought in this application has been made to this Court or to any other court.

WHEREFORE, the Trustee requests that the Court grant this application and such other and further relief as the Court deems just and proper.

Dated: New York, NY
      March 12, 2026

Amini LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Litigation Counsel for Salvatore LaMonica, Solely in his Capacity as Chapter 7 Trustee